**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARNIE O'BRIEN | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), AND | : | |
| GREGG ROMAN (*individually*), | : | |
| | : | |
| Defendants. | : | CIVIL ACTION NO. 2:19-cv-06078 -JMG |
| | : | 2:20-cv-00457-JMY |
| GREGG ROMAN, | : | |
| | : | |
| Counterclaim and Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARNIE O'BRIEN, | : | DEFENDANT GREGG ROMAN'S |
| | : | ANSWER TO COMPLAINT WITH |
| Counterclaim Defendant, | : | AFFIRMATIVE DEFENSES AND WITH |
| | : | COUNTERCLAIMS AND THIRD- |
| and | : | PARTY COMPLAINT |
| | : | |
| MATTHEW EBERT, | : | |
| | : | |
| Third-Party Defendant. | : | |

**DEFENDANT ROMAN'S ANSWER TO COMPLAINT WITH AFFIRMATIVE**
**DEFENSES AND COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

Defendant Gregg Roman ("Defendant Roman"), by counsel and through his counsel,

hereby files his Answer with Affirmative Defenses and Counterclaim to the Complaint of

Plaintiff Ms. Marnie O'Brien ("Ms. O'Brien" or "Plaintiff") and aver the following:

I.      **PRELIMINARY STATEMENT:**

1.      This is an action for an award of damages, declaratory and injunctive relief,

attorneys' fees and other relief on behalf of Plaintiff, Marnie O'Brien. Plaintiff is an employee of

Defendant, Middle East Forum, who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

**ANSWER: Denied. The allegations of this paragraph are not factual allegations requiring a response and are therefore denied.**

*2.* This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. § 794, *et. seq.* and the Pennsylvania Human Relations Act ("PHRA"), as amended, 43 P.S. § 951, *et. seq.*

**ANSWER: Denied. This allegation is a legal conclusion and is therefore denied.**

**II.   JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on Title VII and the PHRA.

**ANSWER: Denied. This allegation is a legal conclusion and is therefore denied.**

4. All conditions precedent to the institution of this suit have been fulfilled, such as exhausted Administrative remedies and obtaining "Notice of Suit Rights" letters from the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff O'Brien has satisfied all jurisdictional prerequisites to the maintenance of this action.

**ANSWER: Denied. This allegation is a legal conclusion and is therefore denied.**

5. Prior to the commencement of the present action, Plaintiff filed suit against Defendants alleging discrimination and harassment on the basis of sex. This Complaint is currently pending in the Eastern District of Pennsylvania. *See O 'Brien v. The Middle East Forum, et al,* Case # 2:19-cv-06078.

**ANSWER:  Admitted in part, denied in part.  It is admitted only that Plaintiff filed the referenced complaint.  Defendants deny all allegations of discrimination and harassment on the basis of sex alleged in Plaintiff's complaint filed as *O'Brien v. The Middle East Forum, et al.,* No. 2:19-cv-06078 (E.D. Pa.).  The complaint is a written document the contents of which speaks for itself and Plaintiff's characterization of the complaint is denied.**

6.      After receiving notice of the initial action, Defendant retaliated against Plaintiff

by deliberately interfering with Plaintiff's ability to find employment elsewhere.

**ANSWER:  Denied.**

III.    **PARTIES**

7.      The Plaintiff herein is:

        Marnie O'Brien
        81 Forest Court
        Mantua, NJ 08051

**ANSWER:  Admitted in part, denied in part.  Defendant Roman admits that the plaintiff in this action is Ms. Marnie O'Brien.  As to the remainder of the allegation, denied.**

8.      The Defendants herein are:

        Middle East Forum
        1650 Market Street #3600
        Philadelphia PA, 19103

        Daniel Pipes
        1650 Market Street #3600
        Philadelphia PA, 19103

        Gregg Roman
        1650 Market Street #3600
        Philadelphia PA, 19103

It is further averred that Plaintiff has worked for Defendants, which include an

independent non-profit organization that serves as apolitical think tank and her supervisors

within that organization.

3

**ANSWER:  Admitted in part, denied in part.  It is admitted only that the Defendant Roman has been properly named and that the addresses are accurate.  It is further admitted that Plaintiff has worked for Defendant MEF.  The remainder of this allegation is denied.**

**IV.    ADDITIONAL UNDERLYING FACTS**

9.      Plaintiff has been employed by the Middle East Forum for approximately three years.

**ANSWER:  Denied.  Plaintiff began her employment in 2016.  Plaintiff no longer is employed by Defendant MEF as she resigned following the initiation of this action.**

10.     Plaintiff is employed by Defendant as a Director of Finance and Administration.

**ANSWER:  Denied.**

11.     At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant.

**ANSWER:  Denied.  This allegation is a conclusion of law and is therefore denied.**

12.     At all times relevant hereto Defendants Daniel Pipes and Gregg Roman have remained employees of Defendant Middle East Forum with supervisory authority over Plaintiff.

**ANSWER:  Admitted in part, denied in part.  It is admitted only that at relevant times Defendant Roman was a Defendant MEF employee.  The remainder of this paragraph contains legal conclusions and is therefore denied.**

13.     At all times material herein, Defendant Middle East Forum is and has been a "person" and "employer" as defined under Title VII and is accordingly subject to the provisions of the Act.

**ANSWER: Denied.  This allegation is a conclusion of law and is therefore denied.**

## V.     STATEMENT OF THE CLAIMS

14.     Paragraphs 1 through 13 are incorporated by reference, as if set forth at length.

**ANSWER:  Denied.  Defendant Roman incorporate the answers and denials set forth above as if they were set forth at length.**

15.     The Plaintiff alleges that prior to and continuing on or around January 2020, Defendants, through its agents, servants, and employees, subjected her to discrimination and retaliation violative of Title VII and the PHRA. The facts in support of these allegations include, but are not limited to the following:

**ANSWER:  Denied.  This allegation is a conclusion of law and is therefore denied.**

## VI.    UNDERLYING FACTS

16.     Plaintiff alleges that Defendants punished her in retaliatory fashion for her objections to sexual harassment, gender-based discrimination, and engagement in protected activity. These actions constitute violations of Title VII.

**ANSWER:  Denied.  This allegation contains conclusions of law and is therefore denied.**

17.     On or around July 25, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. See EEOC Charge No. 530-2019-05075.

**ANSWER: Admitted in part, denied in part.  It is admitted only that Plaintiff filed the referenced charge.  A true and correct copy of Plaintiff's EEOC Charge No. 530-2019-05075 is attached as Exhibit A.  Defendant Roman denies all allegations of improper conduct alleged in Plaintiff's charge filed with the Equal Employment Opportunity Commission.  The charge is a written document the contents of which speak for themselves and Plaintiff's characterization of the complaint is denied.**

18.     On or around December 17, 2019, Plaintiff filed a Charge of Discrimination with

the Equal Employment Opportunity Commission. See EEOC Charge No. 530-2020-01552.

**ANSWER:  Admitted in part, denied in part.  It is admitted only that Plaintiff filed the referenced charge.  A true and correct copy of Plaintiff's EEOC Charge No. 530-2020-01552 is attached as Exhibit B.  Defendant Roman denies all allegations of improper conduct alleged in Plaintiff's charge filed with the Equal Employment Opportunity Commission.  The charge is a written document the contents of which speak for themselves and Plaintiff's characterization of the complaint is denied. The EEOC issued a corresponding Notice of Right to Sue (*Issued on Request*) on December 30, 2019—less than two weeks after Plaintiff filed the Charge.  A true and correct copy of the Right to Sue notice is attached as Exhibit C.**

19.     On or around December 23, 2019, Plaintiff filed a Complaint in this jurisdiction.

See *O'Brien v. The Middle East Forum, et al.,* Case No. 2:19-cv-06078.

**ANSWER:  Admitted in part, denied in part.  It is admitted only that Plaintiff filed the referenced complaint.  Defendant Roman denies all allegations of discrimination and harassment on the basis of sex alleged in Plaintiff's complaint filed as *O'Brien v. The Middle East Forum, et al.,* No. 2:19-cv-06078 (E.D. Pa.).  The complaint is a written document the contents of which speak for themselves and Plaintiff's characterization of the complaint is denied.**

20.     As a result, Defendant has engaged in unlawful retaliation against Plaintiff

because of her previous complaints of discrimination and engagement in a protected activity.

**ANSWER:  Denied.  This allegation contains conclusions of law and is therefore denied.**

21.     Since the commencement of this action, Defendant has continued to exhibit a pattern of retaliatory conduct toward Plaintiff. Rather than rectifying said behavior, Defendant has failed to investigate or take appropriate remedial measures in response to Plaintiff's complaints of discrimination, harassment and retaliation. In fact, the abovementioned conduct worsened.

**ANSWER:  Denied.**

22.     Due to the worsening conduct, in or around June 2019 Plaintiff began to look for new employment opportunities.

**ANSWER:  Denied.  Defendant Roman denies that there was worsening conduct. Defendant Roman lacks knowledge or information sufficient to form a belief about the truth of the remainder of this allegation and it is therefore denied.**

23.     On October 29, 2019, Plaintiff attended a job interview with a prospective employer.

**ANSWER:  Denied.  Defendant Roman lacks knowledge or information sufficient to form a belief about the truth of this allegation and it is therefore denied.**

24.     A few hours after her interview, Plaintiff received a call from her headhunter. Specifically, the headhunter told her that after Plaintiff's interview, the prospective employer received a call from a blocked number informing the prospective employer that Plaintiff was a drug addict and was currently suing her employer.

**ANSWER:  Denied.  Defendant Roman lacks knowledge or information sufficient to form a belief about the truth of this allegation and it is therefore denied.**

25.     Plaintiff was horrified and embarrassed by these statements, especially because of the "drug addict" statement's defamatory nature.

**ANSWER:  Denied.  Defendant Roman lacks knowledge or information sufficient to form a belief about the truth of this allegation and it is therefore denied.**

26.      Despite her qualifications, Plaintiff was not hired for the position in which she interviewed.

**ANSWER:  Denied.  Defendant Roman lacks knowledge or information sufficient to form a belief about the truth of this allegation and it is therefore denied.**

27.      Upon information and belief, Defendant has deliberately interfered with Plaintiff's ability to find employment elsewhere.

**ANSWER:  Denied.  As alleged in the Counterclaims, Plaintiff's domestic partner Matthew Ebert, called The Kimmel Center (the potential employer) from a blocked number shortly after Plaintiff's interview and, during that anonymous call, made statements about Plaintiff intentionally designed to interfere with Plaintiff's employment opportunities in order to pursue this lawsuit.**

28.      Upon information and belief, Defendant knew about Plaintiff's employment prospect and knowingly interfered with her ability to obtain new employment.

**ANSWER:  Denied.**

29.      Upon information and belief, Defendant slandered Plaintiff to prospective employers in retaliation for Plaintiff's engagement in the protected activity of filing suit against Defendant.

**ANSWER:  Denied.  Plaintiff's domestic partner, Matthew Ebert, made the statements Plaintiff herein describes as slanderous.**

## COUNT I
### RETALIATORY TREATMENT UNDER TITLE VII OF
### THE CIVIL RIGHTS ACT OF 1964

### MARNIE O'BRIEN v. THE MIDDLE EAST FORUM, DANIEL PIPES,
### AND GREGG ROMAN

30.     Paragraphs 1-29 are incorporated as if set forth at length.

**ANSWER:  Defendant Roman incorporates the answers and denials set forth above as if they were set forth at length.**

31.     Title VII of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, religion, sex, or national origin. The Act also makes it illegal to discriminate or retaliate against an individual who complains about discriminatory conduct. Plaintiff alleges violations based on retaliation as set forth below.

**ANSWER:  Denied. The allegation is a conclusion of law and is therefore denied.**

32.     The Act prohibits punishing employees for asserting their rights to be free from employment discrimination, including harassment. Participating in a complaint process is protected from retaliation. See 42 U.S.C. § 2000e-3(a).

**ANSWER:  Denied. The allegation is a conclusion of law and is therefore denied.**

33.     Plaintiff first participated in a protected activity when she filed a Charge of Discrimination with the Equal Employment Opportunity Commission on July 25, 2019. See EEOC Charge No. 530-2019-05075.

**ANSWER:  Denied. The allegation is a conclusion of law and is therefore denied.**

34.     Plaintiff participated in a protected activity for a second time when she filed a charge with the EEOC on December 17, 2019. See EEOC Charge No. 530-2020-01552.

**ANSWER:  Denied. The allegation is a conclusion of law and is therefore denied.**

35.     Plaintiff participated in a protected activity for a third time when she filed a

Complaint with this Court on December 23, 2019. See *O'Brien v. The Middle East Forum, et. al,*

Case No. 2:119-cv-06078.

   **ANSWER:  Denied. The allegation is a conclusion of law and is therefore denied.**

36.     As a result of these filings, Defendant has engaged in unlawful retaliation against

Plaintiff because of her previous complaints of discrimination and engagement in a protected

activity.

   **ANSWER:  Denied.   As alleged in the Counterclaim, any harm caused to Plaintiff
   was a result of the conspiracy between her and her domestic partner, Matthew
   Ebert, and their conduct in furtherance thereof.**

37.     On October 29, 2019, Plaintiff attended a job interview with a prospective

employer.

   **ANSWER:  Denied.  Defendant Roman lacks knowledge or information sufficient to
   form a belief about the truth of this allegation and it is therefore denied.**

38.     A few hours after her interview, Plaintiff received a call from her headhunter.

Specifically, the headhunter told her that after Plaintiff's interview, the prospective employer

received a call from a blocked number informing the prospective employer that Plaintiff was a

drug addict and was currently suing her employer.

   **ANSWER:  Denied.  Defendant Roman lacks knowledge or information sufficient to
   form a belief about the truth of this allegation and it is therefore denied.**

39.     Upon information and belief, Defendants have deliberately interfered with Plaintiff's ability to find employment elsewhere.

**ANSWER:  Denied.**

40.     Upon information and belief, Defendants knew about Plaintiff's employment prospect and knowingly interfered with her ability to obtain new employment.

**ANSWER:  Denied.**

41.     Upon information and belief, Defendants slandered Plaintiff to prospective employers in retaliation for Plaintiff's engagement in the protected activity of filing suit against Defendant.

**ANSWER:  Denied. The allegation is a conclusion of law and is therefore denied.**

## COUNT II
## RETALIATORY TREATMENT UNDER THE
## PENNSYLVANIA HUMAN RELATIONS ACT

### MARNIE O'BRIEN v. THE MIDDLE EAST FORUM, DANIEL PIPES, AND GREGG ROMAN

42.     Plaintiff incorporates paragraphs 1-41 as if set forth here at length.

**ANSWER:  Defendant Roman incorporates the answers and denials set forth above as if they were set forth at length.**

43.     Much like Title VII, the Pennsylvania Human Relations Act prohibits discrimination and retaliation.

**ANSWER:  Denied. The allegation is a conclusion of law and is therefore denied.**

44.     As pled above, Defendants have subjected Plaintiff to retaliation after she participated in a protected activity - filing a complaint against Defendants.

**ANSWER:  Denied. The allegation is a conclusion of law and is therefore denied.**

45.     Upon information and belief, Defendants have deliberately interfered with Plaintiff's ability to find employment elsewhere.

**ANSWER:  Denied.**

46.     Upon information and belief, Defendants knew about Plaintiff's employment prospect and knowingly interfered with her ability to obtain new employment.

**ANSWER:  Denied.**

47.     Upon information and belief, Defendants slandered Plaintiff to prospective employers in retaliation for Plaintiff's engagement in the protected activity of filing suit against Defendant.

**ANSWER:  Denied.**

## PRAYER FOR RELIEF

48.     Plaintiff incorporates paragraphs 1 through 47 as if set forth at length.

**ANSWER:  Defendant Roman incorporates the answers and denials set forth above as if they were set forth at length.**

**WHEREFORE,** Defendant Roman denies that Plaintiff is entitled to any relief whatsoever and, as such, respectfully request that the Court enter judgment in its favor.

Defendant Roman further requests that the Court award its costs and fees expended in this action and any other relief it deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims may be barred in whole or in part by her failure to mitigate her damages.

### Third Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the exclusive remedy provisions of the Pennsylvania Workers' Compensation Act.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part because MEF had in place at all applicable times a policy prohibiting discrimination, harassment, and retaliation and exercised reasonable care to prevent and promptly correct any such conduct.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in party by her unreasonable failure to take advantage of preventative and corrective opportunities, including those provided under applicable discrimination, harassment, and/or retaliation polices.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel, and/or unclean hands.

### Eighth Affirmative Defense

The claims asserted in Plaintiff's Complaint are barred in whole or in part because every employment decision challenged herein, Defendant acted based on legitimate, non-discriminatory, non-retaliatory factors.

### Ninth Affirmative Defense

Defendant Roman at all times acted in good faith, based upon a reasonable belief that it was in compliance with all legal requirements.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in party by her failure to mitigate her damages.

### Eleventh Affirmative Defense

The relief Plaintiff requests is barred by the doctrine of unclean hands.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part due to her failure to exhaust administrative remedies.

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT BY GREGG ROMAN PARTIES

1.      At all relevant times, Counterclaim Defendant Marnie Meyer O'Brien (O'Brien) was the Controller of The Middle East Forum ("MEF").

2.      At all relevant times, Third-Party Defendant Matthew Ebert ("Ebert") was and is in a romantic relationship with Counterclaim Defendant O'Brien.  Upon information and belief,

14

Ebert and O'Brien are domestic partners who currently reside together at 354 Pixly Place in the town of West Deptford, in New Jersey.

3.       Ebert is a former West Deptford, New Jersey police department Police Officer and was later employed as an investigator by the Gloucester County Prosecutor's Office until he pleaded guilty to criminal bookmaking charges in 2003.

4.       Upon information and belief, as part of his plea bargain, Ebert agreed to never again hold public employment.

5.       Counterclaim Defendant O'Brien and Third-Party Defendant Ebert registered a fictious business on October 15, 2019 called Sundown Security Consulting, described in the New Jersey public record filing as a "security and investigative consulting" business whose true identity is TMBK Enterprises LLC.

6.       At all relevant times, Counterclaim and Third-Party Plaintiff Gregg Roman ("Roman") was employed as the Director of MEF.

## FACT BACKGROUND

7.       At all relevant times Lisa Barbounis ("Barbounis"), Patricia McNulty ("McNulty"), and Caitriona Brady ("Brady") were employed by MEF.

8.       In October 2018, while employed by MEF, these employees and O'Brien conspired to make false accusations against Roman with respect to his alleged treatment of them.

9.       On October 30, 2018, Barbounis made a written complaint against Counterclaim Defendant O'Brien.  A true and correct copy of this complaint is attached as Exhibit D.

10.       Upon receipt of the complaint against O'Brien, Roman had another employee, Matthew Bennett, give his account of the allegations.  A true and correct copy of his incident report is attached as Exhibit E.

11.     Counterclaim Defendant O'Brien and Barbounis met in a Starbucks close to MEF's office on October 31, 2018 (the "October Meeting").

12.     After the October Meeting, Barbounis, and O'Brien called Mr. Bennett to a "meeting" outside the office at the local Starbucks.  At that "meeting," they told Mr. Bennett that he was either with them or against them in their crusade to ruin Roman.

13.     Mr. Bennett, fearful that false claims would be leveled against him as well, declined to get involved.

14.     After the October Meeting, Counterclaim Defendant sent an email stating that the dispute had been resolved.  A true and correct copy of this email is attached as Exhibit F.

15.     On or about November 5, 2018, there was a staff meeting held at the MEF office. Although Roman was originally invited to the meeting, he was subsequently instructed not to attend.

16.     Thereafter, MEF stripped Roman of his duties and responsibilities.  The restrictions put on Roman were extreme and included the following:

    a.   No involvement in MEF's accounting and finances;

    b.   No authority to hire or fire MEF employees;

    c.   No authority to approve expenses of projects or initiatives; and

    d.   No authority to offer or approve contracts on behalf of MEF.

17.     Roman also was instructed to not be present in the MEF office without advance notice.

18.     Roman's compensation package from MEF was reduced after this meeting.

19.     Towards the end of February 2019, Mr. Bennett announced his resignation with two-weeks' notice.

20.     MEF President Daniel Pipes called a meeting to determine who would take over Mr. Bennett's duties following his separation.

21.     Upon information and belief, Counterclaim Defendant O'Brien sought to augment her responsibilities by adding on to them Mr. Bennett's, and become the Chief Administrative Officer of MEF.

22.     Mr. Pipes determined the staff would vote on the decision of whether Counterclaim Defendant O'Brien would take over the duties.

23.     At the meeting, all of the staff except for Counterclaim Defendant O'Brien voted that Barbounis, not O'Brien, should take over Mr. Bennett's duties.

24.     Mr. Bennett's last day of employment with MEF was on or about March 8, 2019.

25.     Shortly thereafter, Barbounis approached Mr. Pipes and requested that Roman be returned to his position and resume most of his managerial responsibilities.

26.     Mr. Pipes inquired with the other employees as to whether Roman should return and all of them agreed that he should except for Counterclaim Defendant O'Brien.

27.     Roman returned to the office on Saturday, March 9, 2019.  The staff was there and all of them encouraged Roman to return except for Counterclaim Defendant O'Brien.

28.     A few weeks later, Counterclaim Defendant O'Brien falsely alleged to Mr. Pipes that Roman started a rumor that O'Brien had an intimate relationship with then-current employee Caitriona Brady's father, Kevin Brady.

29.     Kevin Brady was the President of the American Institute for History Education, where Counterclaim Defendant O'Brien worked prior to her employment with MEF.

30.     By this time, Counterclaim Defendant O'Brien had, for seven (7) months, failed to send a monthly financial report that she had done since starting her employment with MEF for more than two (2) years.

31.     This was exemplary of how Counterclaim Defendant O'Brien ignored her duties and responsibilities to the organization in a way that violated General Accounting Principles ("GAP"), which has led to numerous issues with the organization's finances that continue to present.

32.     With Roman acting only in an advisory capacity, Barbounis, McNulty, Brady, and O'Brien became worried that their lack of accountability would cease and that they would be held accountable for their poor performance.

33.     Instead of improving their work performance, they filed charges of discrimination against Roman and MEF in which contain a number of untrue allegations.

34.     In early August 2019, Barbounis announced her resignation from MEF.

35.     To hide their unlawful conspiracy, on August 13, 2019, Counterclaim Defendant O'Brien instructed Barbounis to wipe the contents of the Apple laptop provided to Barbounis by MEF.  A true and correct copy of the text message from O'Brien to Barbounis is attached hereto as Exhibit G.

36.     Barbounis complied with O'Brien's instruction and wiped the contents of her MEF-issued laptop, which she admitted in a January 20, 2020 sworn affidavit.

37.     On September 25, 2020, Third-Party Defendant Matthew Ebert, called Roman from a blocked number (the "September 25 Call").

38.     Ebert is O'Brien's current domestic partner and, on September 25, 2020, was O'Brien's boyfriend.

39.     During the September 25 Call, Ebert hid his true identity from Roman and identified himself only as an "anonymous source."

40.     Ebert called from a blocked number, but his phone records demonstrate that it was, in fact, his phone number that called Roman.  A true and correct copy of the relevant portion of Ebert's phone records is attached hereto as Exhibit H.

41.     During the September 25 Call, Ebert, without disclosing his identity, claimed that Roman was the subject of a conspiracy by O'Brien, Barounis, McNulty, and Brady.

42.     During the September 25 Call, Ebert stated that the four women, including Counterclaim Defendant O'Brien, were conspiring to bring baseless harassment allegations against Roman.

43.     Thereafter, on December 23, 2019, Counterclaim Defendant O'Brien filed suit in the Eastern District of Pennsylvania against MEF, Roman, and Daniel Pipes alleging a Title VII harassment claim (the "First Action"), No. 2:19-cv-06078-PBT.

44.     Then, on January 27, 2020, Counterclaim Defendant O'Brien filed a second suit in the Eastern District of Pennsylvania, No. 2:20-cv-00457-JMY (the "Second Action"), in which she alleged that Roman had intentionally and wrongfully retaliated against her in response to her filing the First Action.

45.     Specifically, in the Second Action, Counterclaim Defendant O'Brien alleged that Roman retaliated against her when he intentionally interfered with her potential employment opportunity by calling a prospective employer after she had an October 29, 2019 interview and telling the prospective employer that O'Brien was a "drug addict" and "was currently suing her employer."  (Second Action Complaint, ¶¶ 24, 37).

46.     Defendants later learned the prospective employer referred to in the Second Action was The Kimmel Center.

47.     In the Second Action, O'Brien claimed that Roman had made the phone call in order to prevent her from becoming reemployed by "slander[ing]" O'Brien "to prospective employers in retaliation for Plaintiff's engagement in the protected activity of filing suit against Defendant." (Second Action Complaint, ¶ 28).

48.     As a result, O'Brien alleged that she was not hired for the position. (Second Action Complaint, ¶ 26).

49.     In fact, Roman had nothing to do with, and had no knowledge of, the call to The Kimmel Center. Instead, as shown by Ebert's phone records, it was Ebert who called The Kimmel Center on October 29, 2019, the same day as O'Brien's interview. A true and correct copy of the relevant portion of Ebert's phone records is attached hereto as Exhibit I.

50.     Upon information and belief, with O'Brien's consent and in furtherance of the conspiracy, Ebert called The Kimmel Center and made the statements about O'Brien, which caused The Kimmel Center to rescind or to not make an offer of employment to O'Brien.

51.     Upon information and belief, O'Brien had no desire or intention to accept employment at The Kimmel Center because she had already begun a private investigation business with Ebert in New Jersey. Instead, upon information and belief, O'Brien orchestrated The Kimmel Center application and anonymous phone call to bolster the allegations of the Second Action in order to receive a monetary settlement from or judgment against MEF and Roman to fund her business venture with Ebert.

52.     As a direct result of the false claims made by O'Brien and of the civil conspiracy by and between Counterclaim Defendant O'Brien and Third-Party Defendant Ebert, MEF

removed Roman from the workplace and significantly reduced his compensation package by eliminating his benefits.

## AS AND FOR COUNT I AGAINST O'BRIEN AND EBERT
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

53.     Counterclaim/Third-Party Plaintiff Roman incorporates the above Paragraphs 1 through 52 as if set forth fully herein.

54.     Counterclaim Defendant O'Brien and Third-Party Defendant Ebert tortiously interfered with Roman's employment relationship with MEF.

55.     No privilege or justification exists for O'Brien's and Ebert's actions.

56.     Roman had a business relationship with MEF and a legitimate expectation that his employment with MEF would continue without interruption and O'Brien and Ebert were aware of this relationship and of this legitimate expectation.

57.     Roman's employment with MEF would have continued without interruption but for the pre-suit conduct of O'Brien and Ebert, as well as the litigation initiated by O'Brien, which includes but is not limited to:

    a.     O'Brien urging former employee Bennet with Barbounis, McNulty, and Brady to join a campaign against Roman;

    b.     O'Brien agreeing with Barbounis, McNulty, and Brady to lodge baseless harassment allegations against Roman;

    c.     O'Brien making false claims of harassment by Roman to MEF;

    d.     O'Brien filing the First Action and Second Action against Roman;

    e.     Ebert anonymously calling The Kimmel Center in order to fabricate false allegations of retaliation by Roman against O'Brien for the Second Action; and

f.      O'Brien, in the Second Action, falsely accusing Roman of calling The Kimmel Center to thwart her job prospects while knowing that it was Ebert who called The Kimmel Center.

58.     But for the intentional and unjustified interference of O'Brien and Ebert, Roman would not have suffered the financial and reputational harm caused by their wrongful conduct.

## AS AND FOR COUNT II AGAINST O'BRIEN
### ABUSE OF PROCESS

59.     Counterclaim/Third-Party Plaintiff Roman incorporates the above Paragraphs 1 through 58 as if set forth fully herein.

60.     Counterclaim Defendant O'Brien initiated her lawsuits against Roman for the primary purpose of harassing and defaming him and harming his professional reputation.

61.     Upon information and belief, subsequent to filing suit, O'Brien and Ebert acted in concert to leverage O'Brien's use of legal process in a perverse, coercive, and improper manner that was intended to benefit O'Brien financially and to cause Roman harm. Such actions include but are not limited to working in concert with Ebert to call The Kimmel Center to fabricate false allegations against Roman and including such false allegations in the Second Action.

62.     As a direct result of Counterclaim Defendant O'Brien's wrongful conduct, Roman has suffered legal and financial harm.

## AS AND FOR COUNT II AGAINST EBERT
### CIVIL CONSPIRACY

63.     Counterclaim/Third-Party Plaintiff Roman incorporates the above Paragraphs 1 through 62 as if set forth fully herein.

64. Upon information and belief, Ebert acted with O'Brien under a common purpose to commit unlawful acts, specifically to interfere in Roman's business relationship with MEF and to abuse legal process against Roman.

65. Upon information and belief, Ebert performed overt acts in furtherance of those unlawful purposes, including but not limited to calling Roman from a blocked number about baseless litigation and calling The Kimmel Center so that O'Brien could fabricate false allegations of retaliation by Roman against O'Brien for the Second Action.

66. As a direct result of Ebert's conspiratorial conduct, Roman has suffered legal and financial harm.

### AS AND FOR COUNT III AGAINST O'BRIEN
### CIVIL CONSPIRACY

67. Counterclaim/Third-Party Plaintiff Roman incorporates the above Paragraphs 1 through 66 as if set forth fully herein.

68. Upon information and belief, O'Brien acted with Barbounis, McNulty, Brady, and Ebert under a common purpose to commit unlawful acts, specifically to interfere in Roman's business relationship with MEF and to abuse legal process against Roman.

69. Upon information and belief, O'Brien performed overt acts in furtherance of those unlawful purposes, including but not limited to:

    a. Urging former employee Bennet with Barbounis, McNulty, and Brady to join a crusade against Roman;

    b. Agreeing to lodge baseless harassment allegations against Roman;

    c. Instructing Barbounis to wipe her MEF-issued laptop;

    d. Making false claims of harassment by Roman to MEF

    e. Filing the First Action and Second Action against Roman without cause;

f.      Conspiring with Ebert to call Roman regarding baseless litigation against him;

g.      Conspiring with Ebert to call The Kimmel Center in order to fabricate false allegations of retaliation against Roman; and

h.      Falsely accusing Roman of calling The Kimmel Center to thwart her job prospects while knowing that it was Ebert who called The Kimmel Center.

70.      As a direct result of O'Brien's conspiratorial conduct, Roman has suffered legal and financial harm.

**WHEREFORE**, Counterclaim and Third-Party Plaintiff Roman demands judgment in his favor and against Counterclaim Defendant O'Brien and Third-Party Defendant Ebert for economic damages and punitive damages, in an amount to be determined at trial, plus attorneys' fees, all applicable pre-judgment and post-judgment interest, costs, and such other relief that this Court deems just and proper.

[Remainder of page left blank intentionally.]

CLARK HILL PLC

*/s/ Kevin Levine*

Kevin Levine, Esq. (PA Bar No. 326492)
Two Commerce Square
2001 Market Street, Ste. 2620
Philadelphia, PA 19103
P: (215) 640-8524
F: (215) 640-8501
Klevine@clarkhill.com

*~of counsel~*

Margaret M. DiBianca, Esq. (DE No. 4539)
CLARK H ILL PLC
824 N. Market Street, Ste. 710
*Admitted Pro Hac Vice*
Wilmington, DE  19801
P:  (302) 250-4748
F:  (302) 421-9439
mdibianca@clarkhill.com

Dated:    April 10, 2020                                    *Attorneys for Defendant Gregg Roman*

## CERTIFICATE OF SERVICE

I, Kevin Levine, Esquire, hereby certify that on April 10, 2020, the foregoing document

was served via electronic filing upon the following counsel:

Erica A. Shikunov, Esquire
2005 Market Street, 18thFloor
Philadelphia, PA 19103
eshikunov@pondlehocky.com

David J. Walton, Esquire
Leigh Ann Benson, Esquire
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
dwalton@cozen.com
lbenson@cozen.com

*/s/ Kevin Levine*
Kevin Levine, Esq.