IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGG ROMAN, | : | |
| | : | |
| Counterclaim and Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO.  2:19-cv-06078 |
| MARNIE O'BRIEN, | : | NO.  2:20-cv-00457 |
| | : | |
|    Counterclaim Defendant | : | |
| | : | |
|    And | : | |
| | : | |
| MATTHEW EBERT | : | |
| | : | |
|    Third-Party Defendant | : | |
| | : | |

**COUNTER CLAIM PLAINTIFF MARNIE O'BRIEN'S ANSWER WITH AFFIRMATIVE DEFENSES TO THIRD-PARTY PLAINTIFF GREGG ROMAN'S COUNTERCLAIM**

Counterclaim Defendant, Marnie O'Brien (hereinafter, "O'Brien"), by and through her attorneys, Pond Lehocky LLC hereby submits the within Answer to Third-Party Plaintiff's Counterclaim in accordance with the *Federal Rules of Civil Procedure*, as follows:

1. Admitted.

2. Admitted in part, denied in part. It is admitted that O'Brien and Ebert have been in a romantic relationship and reside at the stated address. It is denied that O'Brien and Ebert are "domestic partners" as the term is vague and undefined to the extent that O'Brien cannot confirm or deny the averment. As such, the averment is denied.

3. Admitted in part; denied in part. It is admitted that Ebert used to work as a police officer. As to the rest of the averments in this paragraph, after reasonable investigation O'Brien is without sufficient knowledge to form a belief as to the truth or accuracy of such averments.

1

Therefore, they are denied and strict proof is demanded.

4. Denied. After reasonable investigation O'Brien is without sufficient knowledge to form a belief as to the truth or accuracy of such averments. Therefore, they are denied and strict proof is demanded.

5. Denied as stated. It is admitted that O'Brien and Ebert attempted to start a business together. It is denied that the business was fictitious.

6. Admitted.

7. Admitted.

8. Denied.

9. Admitted.

10. Denied. After reasonable investigation, O'Brien lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the averments contained in this paragraph. Therefore, they are denied and strict proof is demanded.

11. Admitted.

12. Admitted in part, denied in part. It is admitted that Bennett met with O'Brien and Barbounis. All other averments contained within this paragraph are denied.

13. Denied.

14. Admitted.

15. Admitted in part, denied in part. It is admitted a staff meeting was held on November 5, 2018. It is admitted Roman was not in attendance. O'Brien is without sufficient information or knowledge to form a belief as to the truth or accuracy of whether Roman was originally invited to attend the meeting or any instructions he received about his attendance. Therefore, such averments are denied and strict proof is demanded.

16. Admitted in part. It is true that these actions were undertaken by MEF, however they were not permanent.

17. Admitted in part. It is true that this action was undertaken by MEF, however they were not permanent.

18. Denied as stated. It is admitted Roman's compensation was reduced, as was O'Brien's. Upon information and belief, compensation of other employees was reduced as well.

19. Denied. After reasonable investigation, O'Brien lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the date of Bennett's separation from MEF. Therefore, such averments are denied and strict proof is demanded.

20. Denied as stated. It is admitted Pipes attempted to reassign Bennett's duties. Initially he attempted to reassign them to O'Brien without any increase in compensation. When O'Brien protested, Pipes asked the employees to vote on would absorb the responsibilities.

21. Denied as stated. Pipes attempted to assign Bennett's duties to O'Brien without an increase in compensation.

22. Denied as stated. Pipes attempted to assign Bennett's duties to O'Brien without any increase in compensation. When O'Brien protested, Pipes asked the employees to vote on would absorb the responsibilities.

23. Denied as stated. It is admitted that it was voted that Barbounis should take over the responsibilities. All other averments in this paragraph are denied.

24. Denied. After reasonable investigation, O'Brien lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the date of Bennett's departure from MEF. Therefore, such averments are denied and strict proof is demanded.

25. Denied. After reasonable investigation, O'Brien lacks sufficient information or knowledge to form a belief as to the truth or accuracy of any conversations between Barbounis and Pipes. Therefore, such averments are denied and strict proof is demanded.

26. Denied as stated. It is denied that all other employees agreed Roman should return.

27. Denied as stated. It is admitted Roman returned to MEF in 2019. It is denied that all employees encouraged Roman to return. With regard to the specific date of the return, O'Brien lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the date alleged. Therefore, such averments are denied and strict proof is demanded.

28. Denied as stated. It is admitted O'Brien reported that Roman continued to spread rumors about her and otherwise harass her. It is denied that O'Brien had relations with Kevin Brady. It is further denied O'Brien's report of Roman's continued bad conduct was false. Such averments are raised in this counterclaim with the sole intent of continuing to harass O'Brien.

29. Admitted.

30. Denied as stated. Shortly after the November 5, 2018 meeting Pipes reassigned several reporting assignments. When O'Brien inquired about her reports, Pipes indicated her reports were not necessary. The matter was not discussed for over six months. When Pipes asked for the monthly reports, plaintiff prepared them and continued to do so until her separation from MEF.

31. Denied.

32. Denied.

33. Denied as stated. It is admitted charges of discrimination were filed regarding Roman's sexual harassment of MEF's female employees. All other averments are denied.

34. Admitted in part, denied in part. It is admitted Barbounis resigned. With regard to the specific date of the resignation, O'Brien lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the date alleged. Therefore, such averments are denied and strict proof is demanded.

35. Admitted in part, denied in part. It is admitted O'Brien suggested Barbounis wipe her personal information from her laptop before returning it. All other averments are denied.

36. Denied. After reasonable investigation O'Brien lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the averments of this paragraph. Therefore, such averments are denied and strict proof is demanded.

37. Denied. After reasonable investigation O'Brien lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the averments of this paragraph. Therefore, such averments are denied and strict proof is demanded.

38. Admitted in part, denied in part. It is admitted that O'Brien and Ebert have been in a romantic relationship. It is denied that O'Brien and Ebert are "domestic partners" as the term is vague and undefined to the extent that O'Brien cannot confirm or deny the averment. As such, the averment is denied.

39-42. Denied. After reasonable investigation O'Brien lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the averments of this paragraph. Therefore, such averments are denied and strict proof is demanded.

43-48. Admitted.

49. Denied. It is denied that Roman had no knowledge of or nothing to do with the call. With regard to Ebert's involvement, after reasonable investigation O'Brien lacks sufficient information or knowledge to form a belief as to the truth or accuracy of such averments.

Therefore, such averments are denied and strict proof is demanded.

50. Denied. Such averments are completely fabricated by Roman with the sole intent of continuing to harass O'Brien.

51. Denied. Such averments are completely fabricated by Roman with the sole intent of continuing to harass O'Brien.

52. Denied.

## COUNT I- TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

53. This paragraph contains no averments which require a responsive pleading.

54. Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied.

55-56. Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. If this paragraph is deemed to require averments which require a response, the same are denied.

57. Denied.

58. Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. If this paragraph is deemed to require averments which require a response, the same are denied.

## COUNT II- ABUSE OF PROCESS

59. This paragraph contains no averments which require a responsive pleading.

60-61. Denied. Such averments are self-serving and alleged with the sole intent of continuing to harass O'Brien.

62. Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. If this paragraph is

deemed to require averments which require a response, the same are denied.

## COUNT II- CIVIL CONSPIRACY

63. This paragraph contains no averments which require a responsive pleading.

64-66. Denied. The allegations contained within these paragraphs are directed to parties other than O'Brien, thus no response is required.

## COUNT III- CIVIL CONSPIRACY

67. This paragraph contains no averments which require a responsive pleading.

68. Denied.

69. Denied. Such averments are self-serving and alleged with the sole intent of continuing to harass O'Brien.

70. Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. If this paragraph is deemed to require averments which require a response, the same are denied.

## AFFIRMATIVE DEFENSES

1. Roman's counterclaim fails due to it being filed with the sole intent of continuing to harass O'Brien even beyond her separation from MEF.

2. Roman's counterclaim fails to state a claim upon which relief can be granted.

3. Roman's counterclaim fails due to him failing to mitigate his damages.

4. Roman's counterclaim fails due to his unreasonable failure to take advantage of preventative and corrective opportunities such as refraining from sexually harassing behaviors, refraining from contributing to a hostile work environment and failing to adhere to the alleged anti-discrimination policies MEF supposedly maintains.

5. Roman's counterclaim fails due to the doctrines of laches, fraud, waiver, estoppel

and/or unclean hands.

6.  At all relevant times herein O'Brien acted in good faith with the intent of stopping Roman's harassment and predatory behaviors and ending a culture of gender-based discrimination at MEF.

7.  Roman's counterclaim is barred by the doctrine of unclean hands and was filed with the sole intent of continuing to harass O'Brien beyond her separation from MEF.

Respectfully submitted,

**POND LEHOCKY, LLP**

By: */s/ Erica A. Shikunov*

Erica A. Shikunov, Esq.
2005 Market Street
18th Floor
Philadelphia, PA 19103
P: 800-568-7500
F: 215-525-0811
E: eshikunov@pondlehocky.com

## **Certificate of Service**

I, Erica Shikunov, Esquire, hereby certify that on April 24, 2020 I filed this document on the ECF system, which electronically delivers a copy to the following counsel:

Molly DiBianca
Kevin Levine
CLARK HILL PLC
824 N. Market St.
Ste. 710
Wilmington, DE 19801
mdiabianca@clarkhill.com
klevine@clarkhill.com


David Walton
Leigh Ann Benson
COZEN O'CONNOR
1650 Market St.
Suite 2800
Philadelphia, PA 19103
dwalton@cozen.com
lbenson@cozen.com