IN THE UNITED STATES DISTRICT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARNIE O'BRIEN,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| | : | Civil Action No. 2:19-cv-06078-JMG |
| vs. | : | |
| | : | |
| **MIDDLE EASTERN FORUM,** | : | |
| **DANIEL PIPES (individually),** | : | |
| and | : | |
| **GREGG ROMAN (individually),** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 20____, upon consideration of the Motion of Plaintiff, Marnie O'Brien, for Rule 11 Sanctions against Clark Hill PLC and Defendants, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** in its entirety. Plaintiff's Counsel shall submit a fee approval to the Court for approval.

BY THE COURT:

_____
The Honorable John M. Gallagher
United States District Court Judge

## IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARNIE O'BRIEN,** : <br> : <br> **Plaintiff** : <br> : <br> : <br> **vs.** : <br> : <br> **MIDDLE EASTERN FORUM,** : <br> **DANIEL PIPES (individually),** : <br> **and** : <br> **GREGG ROMAN (individually),** : <br> : <br> **Defendants** : <br> : | Civil Action No. 2:19-cv-06078-JMG |

## PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS AGAINST CLARK HILL PLC AND DEFENDANTS

Plaintiff, Marnie O'Brien, by and through counsel Erica A. Shikunov, Esq. of Derek Smith Law Group PLLC, moves for Sanctions of Defense Counsel, Clark Hill PLC as well as Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure. In support thereof, Plaintiff submits the accompanying Memorandum of Law with attached exhibits.

                                      **DEREK SMITH LAW GROUP, PLLC**

                                      By: */s/ Erica A. Shikunov*
                                            Erica A. Shikunov, Esq.
                                            1835 Market Street,
                                            Suite 2950
                                            Philadelphia, PA 19103

DATED: December 17, 2020

IN THE UNITED STATES DISTRICT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARNIE O'BRIEN,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| : | Civil Action No. 2:19-cv-06078-JMG |
| **vs.** : | |
| : | |
| **MIDDLE EASTERN FORUM,** : | |
| **DANIEL PIPES (individually),** : | |
| and : | |
| **GREGG ROMAN (individually),** : | |
| : | |
| **Defendants** : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SANCTIONS PURSUANT TO
THE COURT'S INHERENT POWER**

Plaintiff submits this Memorandum of Law in Support of her Motion for Sanctions against Clark Hill PLC. Defense Counsel has filed a frivolous disqualification motion against Plaintiff's Counsel in an attempt to postpone Defendant Roman's deposition and obtain an extension to the discovery schedule to which Plaintiff would not otherwise agree. In so doing Defense Counsel engaged in a pattern and practice of abusive, unprofessional, and unethical conduct in an attempt to intimidate Plaintiff's counsel and her firm as well as further retaliate against Plaintiff due to her honest claims of sexual harassment and retaliation.

**STATEMENT OF FACTS
AND CHRONOLOGICAL HISTORY**

Plaintiff and her counsel now submit the following chronology as an accurate representation of the facts and events as they have occurred throughout the course of the litigation:

3

1. Since taking over the file from Cozen O'Connor in early October, Defense Counsel has repeatedly requested extensions to which Plaintiff's Counsel would not agree due to the unnecessary delays in the case caused by Defendants.

2. When Plaintiff's Counsel would not agree to postpone Mr. Roman's third scheduled deposition or grant an extension, Defense Counsel filed an entirely frivolous disqualification motion against Plaintiff's Counsel and her entire law firm. *See Exhibit A, Defendant's Motion to Disqualify Counsel*.

3. The Disqualification Motion was an unscrupulous litigation tactic designed to buy time and procure the deposition postponement and discovery extension to which Plaintiff's Counsel would not otherwise agree.

4. Defense counsel obtained the deposition postponement and extension simply by filing the motion, regardless of whether or not it was granted, because Plaintiff's Counsel was hamstrung from participating in the matter until the motion was ruled upon for ethical reasons as well as the temporary stay granted by this Honorable Court.

5. Further, in arguing the motion, Defense Counsel resorted to inappropriate and low down tactics, unnecessarily and intentionally bringing a partner's family into the litigation, ridiculously publishing that partner's father's Facebook profile on the public docket and procuring statements from that partner's older sister's disgruntled ex-boyfriend in a flagrant attempt to intimidate and publicly besmirch the law firm. *See Plaintiff's Exhibit B, Plaintiff's Response to Defendant's Motion to Disqualify Counsel; Plaintiff's Exhibit C, Defendant's Sur Reply to Plaintiff's Response to Defendant's Motion to Disqualify Counsel; Plaintiff's Exhibit D, Plaintiff's Response to Defendant's Sur Reply and Plaintiff's Exhibit E, Memorandum Opinion.*

6. Defense Counsel additionally made public statements about how Plaintiff's Counsel's firm internally manages "conflicts" despite having no knowledge of the inner workings of this firm, whether any actual conflict existed and not being privy (for obvious reasons) to legal advice Plaintiff's Counsel received regarding potential conflicts. *See Plaintiff's Exhibits C and D.* These statements were put on the record as a Hail Mary to harass and intimidate where it was clear a frivolous motion had been filed, a Rule 11(b) letter sent and the Safe Harbor period already exhausted.

7. Plaintiff, by and through counsel, now seeks sanctions in the form of compensation for counsel's time spent rescheduling the deposition per the previously executed stipulation ordering Defendant Roman's deposition for November 12, 2020, time spent defending against this motion including conference calls, preparing exhibits and authoring extensive briefs, a jury instruction that Mr. Roman evaded his deposition twice and filed a frivolous motion to escape it for a third time, and any other sanctions that this Honorable Court should deem appropriate. In support of this request for sanctions, Plaintiff provides the following chronology of events:

8. Defendant Roman's deposition was originally scheduled to occur on September 23, 2020. *See Plaintiff's Exhibits B, D and E.*

9. On September 2, 2020, David Walton, Esq., then counsel for Defendants in this matter, emailed this counsel and stated Mr. Roman would not appear for his properly scheduled and noticed deposition due to the High Holidays. This counsel was baffled by this representation as this counsel also observes the High Holidays and September 23, 2020 did not fall on a holiday. As such, this counsel would not agree to move the deposition. *See Plaintiff's Exhibits D and E.*

10. A week later, this counsel was advised Defense Counsel was diagnosed with Covid-19. She was cleared to return to work on September 15, 2020. *Id.*

11. Against this counsel's better judgment, this counsel agreed to reschedule Mr. Roman's deposition to October 13, 2020 as a courtesy to Defense Counsel as this counsel understands the pressures of trying to catch up after an extended absence from work. *Id.*

12. On October 2, 2020 Defense Counsel advised that Defendant Roman would not appear for his second properly noticed deposition as he was flying to London, England on October 10, 2020 and would not return until the end of the month. *See Plaintiff's Exhibits C-E.*

13. This counsel later learned that either Defense Counsel or Defendant Roman were dishonest as Mr. Roman did not leave the country until October 18, 2020 (after his noticed October 13, 2020 deposition date) and that he flew to Paris, France, rather than London, England. *Id.*

14. On October 2, 2020 in reaction to the news that Defendant Roman was again refusing to appear for his deposition this counsel informed Defense Counsel of my intention to file a Motion to Compel the deposition. *Id.*

15. Defense Counsel offered to stipulate that Defendant Roman would appear for a third deposition that could not be rescheduled without leave of court, and should the deposition need to be rescheduled, this counsel would be compensated for her time in dealing with the rescheduling. *See Plaintiff's Exhibit F, Stipulation of the Parties and Exhibit G, Court Order approving the Stipulation.*

16. On November 10, 2020, two days before Defendant Roman's deposition, Defense Counsel called this counsel to report she intended to file a Disqualification Motion based upon a text exchange her client had had possession of for months.

17. This counsel replied with a Rule 11(b) letter the same day. That letter was sent a few hours prior to the motion being filed. Later that day, the motion was filed. *See Exhibit H, Plaintiff's First Rule 11(b) Letter.*

18. Initially, this counsel expressed that she still intended upon taking the deposition.

19. In response to Plaintiff's Rule 11(b) Letter, on November 11, 2020 the parties participated in a Meet and Confer call.

20. During the call, Defense Counsel indicated that Caroline Miller, Esq., a partner of this law firm, had allegedly provided Defendant Roman with legal advice at a Passover Seder in 2016. Defense Counsel indicated that based upon this information, she was seeking disqualification.

21. During the call, and in the Rule 11(b) letter Defense Counsel was advised that Ms. Miller had herself represented an individual against defendants directly in 2017 and had sent them a claim letter and no conflict was ever asserted.

22. During the call and in the Rule 11(b) letter Defense Counsel was advised that Ms. Miller had never been this counsel's supervisor, that even while this firm asserted no conflict existed the firm would be willing to put up a formal screen (which is not difficult given that Ms. Miller works out of the Miami, Florida office and does not supervise this counsel's work) and that the firm was willing to put that forth to her in writing and did so immediately after the call. *See Plaintiff's Exhibit I, Email Confirming Ms. Miller is Screened from this Matter.*

23. During the call and in the Rule 11(b) letter Defense Counsel was also advised that disqualification motion had not and was not being filed in any of the five other cases this law firm had brought against Defendants, including the case wherein the allegedly offensive text message was exchanged.

24. During the call Defense Counsel was made aware her client had had access not only to the claim letter from 2017 but also the relevant text message for months- as this counsel discovered upon investigation of this motion.

25. Defense Counsel's response was that she was not counsel in those cases and was thus herself unaware of the text messages which is why she was proceeding. Defense Counsel was clearly unwilling to consider whether her client having access to the claim letter from Ms. Miller for several years or the subject text messages for months had any bearing on the validity of her motion.

26. During the call, Defense Counsel and Mr. Wilson agreed that with the motion pending, this counsel was not able to move forward with Mr. Roman's deposition for ethical reasons.

27. At the end of the call, Defense Counsel indicated she would withdraw the motion and be willing to proceed on Friday, November 13, 2020 as a gesture of good faith that her motion was not intended to obfuscate depositions or cause an undue delay.

28. Two hours later, Defense Counsel then refused to withdraw the motion or even ask the Court for a call. She further attempted to strong arm this counsel into participating in the deposition knowing full well of the ethical concerns. *See Plaintiff's Exhibits B-D.*

29. On November 12, 2020 Defense Counsel continued to email that her client was ready to proceed with the deposition despite her last email exchange asking whether the parties might still proceed on Friday, November 13, 2020. *See Plaintiff's Exhibits C-D.*

30. Later on November 12, 2020, this Honorable Court granted a stay of the discovery schedule.

31. On November 16, 2020 Plaintiff's counsel sent an additional Rule 11(b) letter to Defense Counsel as well as the other Clark Hill PLC attorneys who had signed on to the motion. *See Plaintiff's Exhibit J, Second Rule 11(b) Letter.*

32. Defense counsel did not withdraw the frivolous motion within the safe harbor period despite two Rule11(b) letters and a meet and confer call detailing the blatant legal and factual insufficiencies of her motion. Instead, she doubled down, personally attacking Ms. Miller, Mr. Wilson and this counsel, making wild accusations about internal ethical screens between clients of this firm that she had no knowledge about and needlessly slinging mud by ridiculously publishing Ms. Miller's father's social media accounts onto the public docket and seeking statements from a disgruntled ex-boyfriend of her older sister. *See Exhibits C-D.*

33. Defendants' frivolous motion was a low-down litigation tactic, intended to obtain the postponement of a deposition and an extension to the discovery schedule to which this counsel would not otherwise agree. Defense counsel was given every opportunity to withdraw the frivolous motion and instead engaged in further unscrupulous litigation tactics in an attempt to harass and intimidate Plaintiff, Plaintiff's Counsel, and this law firm, who has five other cases pending against Defendants based upon the behavior of Defendant Roman.

34. Defense Counsel failed to appropriately investigate the legal and factual assertions made in her motion, even when presented with carte blanche evidence of her motion being legally and factually insufficient.

35. Defense Counsel has exceeded the bounds of ethical conduct with respect to her behavior towards Ms. Miller, Plaintiff's Counsel and Plaintiff's Counsel's entire firm. At all times, Plaintiff's Counsel worked cooperatively with Defendants and made every effort to keep communications copacetic despite the nature of the pleadings.

## I. PLAINTIFF MOVES FOR SANCTIONS AGAINST CLARK HILL PLC

Defendants' Disqualification Motion against Plaintiff's Counsel constitutes a vexatious attempt by Defendants to harass, intimidate and further retaliate against Plaintiff for bringing legitimate claims of sexual harassment and retaliation, and for not agreeing to needless and onerous extensions and deposition postponements.

## LEGAL ARGUMENT

Rule 11(b) states in pertinent part:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an **inquiry reasonable under the circumstances**:

(1) it is not being presented for any improper purpose, **such as to harass**, **cause unnecessary delay**, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a **nonfrivolous argument** for extending, modifying, or reversing existing law or for establishing new law;

(3) **the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. (emphasis added). Fed. R. Civ. P. 11(b).

The Court may impose an appropriate sanction on a party that has violated Rule 11(b). Fed. R. Civ. P. 11(c)(1). Both monetary and non-monetary sanctions are

authorized. Fed. R. Civ. P. 11(c)(4). Rule 11 further provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of a pleading. Fed. R. Civ. P. 11(b)(2) & (c).

Rule 11 imposes upon counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look and listen.' Lieb v.Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986). To satisfy the affirmative duty imposed by Rule 11, an attorney or party must inquire into both the facts and the law before filing papers with the court. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 545 (1991); Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1091 (3d Cir. 1988). "The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances, with reasonableness defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (citation omitted).

Awarding attorney fees to prevailing parties discourages parties from bringing baseless actions or making frivolous motions.   Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987); see also Fed. R. Civ. P. 11 advisory committee notes ("The word 'sanctions' in the caption ... stresses a deterrent orientation in dealing with improper pleadings, motions or other papers."). The primary purpose of Rule 11 is the correction or deterrence of abuses of the legal system. Doering v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988). Thus, Rule 11 sanctions are appropriate when the filing of the paper constituted abusive litigation or misuse of the court's process. Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994), Lieb v. Topstone Industries, Inc., 788 F.2d 151, 157 (3d Cir. 1986) ("Rule 11 therefore is

intended to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation, even though the paper *was not filed in subjective bad faith.*'") (quoting Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986).

Since taking over the file Defense Counsel has repeatedly requested extensions to the discovery schedule to which this counsel would not agree. Her client has repeatedly ignored deposition notices and consistently evaded being deposed. When up against a deposition with the authority of this Honorable Court behind it and no agreement to extensions, Defense Counsel filed a meritless motion that would ensure both the postponement of the deposition as well as an extension in the discovery schedule regardless of the outcome of the motion. This frivolous motion was an unscrupulous litigation tactic, and when met with that truth, Defense Counsel proceeded to inappropriately attack this firm and throw baseless claims and personal information about partner's family members onto a public docket in a shameless attempt to harass and intimidate.

This counsel offered Defense Counsel every opportunity to withdraw her frivolous filing and further to educate her on exactly why it was frivolous before wasting time on a response. A Rule 11(b) letter was sent immediately upon learning of the frivolous motion, a meet and confer conversation was held explaining both Plaintiff's factual rebuttals as well as the information that Defendant Roman has waived his rights long ago, and a second Rule 11(b) letter was sent.

Counsel has a duty to investigate assertions before filing frivolous papers with the Court. Defense Counsel was provided with all pertinent information that would demonstrate both the factual and legal deficiency of her motion but proceeded not only on the motion, but to put personal attacks about partners of this firm and their

family members on the record as well as factual untruths about this firm's conflict management practices of which Defense Counsel has no personal knowledge.

Defense Counsel's behaviors are demonstrative of the behaviors Rule 11 is intended to discourage and prevent- frivolous papers were filed with the Court to intentionally delay the proceedings and harass Plaintiff, Plaintiff's Counsel and Plaintiff's Counsel's Firm. Accordingly, Plaintiff would request a sanctions award in the form of attorney's fees for the time Plaintiff's Counsel spent on conference calls, researching, investigating and responding to the motion (i.e. preparing exhibits, writing extensive briefs) both in accordance with the Stipulation for Defendant Roman's Deposition which was entered by the parties, and under Rule 11 as well as any other sanctions this Honorable Court deems fit

## II. PLAINTIFF MOVES FOR SANCTIONS AGAINST DEFENDANT ROMAN FOR REPEATEDLY EVADING HIS DEPOSITION AND USING MERITLESS MOTIONS AS A LITIGATION TACTIC

The Court may impose an appropriate sanction on a party that has violated Rule 11(b). Fed. R. Civ. P. 11(c)(1). Both monetary and non-monetary sanctions are authorized. Fed. R. Civ. P. 11(c)(4). In the present proceedings Mr. Roman evaded his deposition three times- the second time egregiously representing that he could not make is October 13, 2020 deposition because he was leaving the country on October 10, 2020 when in fact he did not depart until October 18, 2020. When facing a deposition which could not be postponed without court approval, he filed a meritless motion with full knowledge that Ms. Miller had sued him directly and he had never raised a conflict previously, **nor had he attempted to do so in any of the other five matters pending against him.**

Accordingly, Plaintiff would request a sanction of a jury instruction detailing Defendant Roman's dilatory conduct with regard to presenting for a deposition and intentionally delaying these proceedings.

## **CONCLUSION**

In conclusion, Defense Counsel in this matter have taken despicable and malicious action against Plaintiff and her Counsel in an effort to intimidate, harass, and further retaliate against Plaintiff for bringing a legitimate action before the court, and for refusing to grant further postponements of Defendant Roman's deposition and extensions to the discovery schedule.

Defense Counsel has intentionally involved family members of the partners of this law firm in the present litigation as well as making statements that impact this firm's reputation and internal management procedures on a public docket.

For all of the reasons set forth above, the court should bring every available sanction against Defendant Roman and Clark Hill PLC

Dated:   December 16, 2020

                                **DEREK SMITH LAW GROUP, PLLC**

                                By: */s/ Erica A. Shikunov*
                                   Erica A. Shikunov, Esq.
                                   1835 Market Street,
                                   Suite 2950
                                   Philadelphia, PA 19103

TO:   **CLARK HILL PLC**
       Molly DiBianca, Esq.
       Lauri Kavulich, Esq.
       Kevin Levine, Esq,.
       *Attorneys for Defendants Middle East Forum, Daniel Pipes and Gregg Roman*
       824 N. Market St.
       Wilmington, DE 19801

       2001 Market St.
       Suite 2620
       Philadelphia, PA 19103

## **CERTIFICATE OF SERVICE**

I, Erica Shikunov, hereby certify that on this date the foregoing Motion for Sanctions against Defendants has been electronically filed with the Court and is available for viewing and downloading from the ECF System and thereby have been served upon the following counsel of record, electronically:

**CLARK HILL PLC**
Molly DiBianca, Esq.
Lauri Kavulich, Esq.
Kevin Levine, Esq,.
*Attorneys for Defendants Middle East Forum, Daniel Pipes and Gregg Roman*
824 N. Market St.
Wilmington, DE 19801

2001 Market St.
Suite 2620
Philadelphia, PA 19103


DATED:    December 16, 2020

                                              DEREK SMITH LAW GROUP, PLLC

                                              */s/ Erica A. Shikunov*
                                              Erica A. Shikunov
                                              *Attorneys for Plaintiff*
                                              1835 Market Street, Ste. 2950
                                              Philadelphia, PA 19103
                                              (215) 391-4790