# EXHIBIT A

## Erica Shikunov

**From:** Erica Shikunov
**Sent:** Tuesday, November 10, 2020 11:00 AM
**To:** DiBianca, Molly M.
**Cc:** Samuel Wilson; Jason Brockman
**Subject:** Notice of Intentions to Seek Sanctions for Frivolous Filings pursuant to Rule 11 of the Federal Rules of Evidence

**Importance:** High

Dear Molly,

This morning you called to advise that you intend upon filing a baseless motion for disqualification against me. This motion comes at the end of discovery, after you have made several requests for extensions of the discovery schedule to which I did not agree, and after your client has dodged two depositions already and is faced with a court-ordered deposition date in two days, this Thursday, November 12, 2020. You base this meritless motion on text messages my colleague sent to his client two years ago explaining that a partner of this firm has sued your client in the past for sexual harassment. He notes in the text message from June 2019, that as of the date of that message she had since moved to Miami and manages the Miami branch of the firm. The following is a factual summary of the current circumstances, and all of the below information is either contained in the subject text message or has been available to you since you entered your appearance on behalf of Gregg Roman, and certainly since you entered on behalf of Middle East Forum:

1)      My client independently retained me at another law firm and transitioned with me to this law firm;
2)      An iron curtain has been in place between my case and any other MEF cases since I joined this firm;
3)      Caroline Miller is managing partner of the Miami, Florida office and has been for some time;
4)      Caroline Miller does not and has not ever supervised me or my work;
5)      You have been involved in this litigation from its inception as has your client;
6)      You, the Court and your client have been made aware of my transfer to this firm since before my transfer occurred;
7)      Your client has had access to these text messages by and through counsel for several months;
8)      The text messages state that Caroline Miller manages the Miami office in the body of the text;
9)      No action has been made to disqualify Mr. Carson, counsel for Plaintiffs in other MEF actions, at any point in time;
10)     There is no rule that precludes a law firm from suing an entity or organization more than once.

If it is your intention to file a such a frivolous motion in a clear attempt to further delay proceedings, we will be seeking Rule 11 sanctions upon prevailing upon the motion. On motions and sanctions, Rule 11(b) states in pertinent part:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, **cause unnecessary delay**, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) **the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. (emphasis added).

1

Please consider this correspondence to be notice that sanctions will be sought against you, your firm and your client if counsel is forced to waste time defending against an entirely meritless motion. We will seek sanctions for reimbursement of costs in responding to the motion, reasonable attorney fees, as well as any costs associated with the delay should the depositions not take place on the court ordered date.

Further, please consider this notice in writing that counsel is not agreeing to delay Mr. Roman's court-ordered deposition, regardless of any frivolous motion being filed.

Erica A. Shikunov, Esq.
DEREK SMITH LAW GROUP, PLLC
Attorneys at Law
***Employment Lawyers Representing Employees Exclusively***

Toll Free No. (800) 807-2209
DiscriminationAndSexualHarassmentLawyers.com (website)

Admitted PA,NJ
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103 | (215) 391-4790
NYC Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
NJ Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Miami Office: 701 Brickell Avenue, Suite 1310, Miami, FL 33131 | (305) 946-1884
email:erica@dereksmithlaw.com



CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

# EXHIBIT B

**Erica Shikunov**

| | |
|---|---|
| **From:** | Erica Shikunov |
| **Sent:** | Wednesday, November 11, 2020 2:37 PM |
| **To:** | DiBianca, Molly M. |
| **Cc:** | Samuel Wilson |
| **Subject:** | RE: Call |

If your client is willing to proceed on Friday and you can have your motion withdrawn by EOB or at the very latest noon tomorrow we are willing to proceed on Friday. As requested, we will maintain an iron curtain between Ms. Miller and the proceedings.

If your client is not willing to proceed on Friday and withdraw the motion we will be filing a response and seeking sanctions for the time spent preparing for the deposition, responding to the motion and for getting the court involved with the reschedule of the deposition per the original stipulation to tomorrow's date. We will also be seeking to have Mr. Roman barred from presenting evidence on his own behalf due to his insistence on avoiding his deposition.

**From:** DiBianca, Molly M. <mdibianca@ClarkHill.com>
**Sent:** Wednesday, November 11, 2020 2:08 PM
**To:** Erica Shikunov <erica@dereksmithlaw.com>
**Cc:** Samuel Wilson <samuel@dereksmithlaw.com>
**Subject:** Call

Should I call you?  If so, what's the best number?

**Molly DiBianca**

CLARK HILL PLC
824 N. Market Street | Wilmington, DE 19801
302.250.4748 (Direct) | 302.421.9439 (Fax) |
mdibianca@ClarkHill.com | www.clarkhill.com

Clark Hill's COVID-19 Resource Page

*This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify us immediately by reply email and destroy all copies of this message and any attachments. Please do not copy, forward, or disclose the contents to any other person. Thank you.*

# EXHIBIT C



November 16, 2020

**VIA CERTIFIED AND ELECTRONIC MAIL**
Margaret M. DiBianca, Esq.
CLARK HILL PLC
824 N. Market Street, Ste. 710
mdibianca@clarkhill.com

RE:  **Marnie O'Brien v. Middle East Forum et al.**
     **Civil Action No. Case No: 2:19-cv-06078**

Dear Molly,

Please consider this correspondence a formal Rule 11 Safe Harbor Letter in response to the Motion to Disqualify which was filed on November 10, 2020 in spite of my prior correspondence. This motion comes at the end of discovery, after several requests for extensions of the discovery schedule had been made to which I did not agree, and after your client dodged two depositions and was faced with a court-ordered deposition on Thursday, November 12, 2020.

The meritless motion was based on text messages my colleague sent to his client in summer 2019 explaining that a partner of this firm, Caroline Miller, has sued your client in the past for sexual harassment. Your client has now magically remembered that Ms. Miller allegedly gave him legal advice at a Passover Seder four years ago. He claims that the disgruntled ex-boyfriend of Ms. Miller's sister will sign an affidavit that this occurred (which is interesting because in his signed declaration he proclaims the conversation with Ms. Miller was private). The text message itself, which is from June 2019, notes that as of the date of that message she had since moved to Miami and manages the Miami branch of the firm. Your client has had custody of these text messages for months and has raised no such disqualification motion. Further,  your client was sued directly by Ms. Miller mere months after she allegedly gave him legal advice. He never seemed to remember she provided him legal advice until two days prior to his court ordered deposition.

This firm takes personal allegations against its attorneys and partners very seriously, especially when the allegations are false, and intended to involve the family members of the partnership of this firm. Such litigation tactics are outside of the normal bounds of standard practice and will be treated accordingly.

Your client has filed a false declaration, through you, to the Court. Even if the contents of the declaration were true (its not) your client would have waived disqualification by not asserting it at any point in time against this firm in the past five years during which time your client was always represented by between two and five law firms. Further, your client has three other active

sexual harassment cases pending against him and has had two more filed against him in the past-yet he has cherry picked this case to assert a disqualification.

The motion is legally and factually meritless and should be immediately withdrawn. Further, it should be noted that if it is not withdrawn Plaintiff fully intends upon seeking sanctions against all defendants in this matter individually and collectively as well as yourself and Ms. Kavulich, Mr. Levine and Clark Hill LLP who also signed on to the frivolous Motion.

On motions and sanctions, Rule 11(b) states in pertinent part:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) **it is not being presented for any improper purpose**, such as to harass, **cause unnecessary delay**, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) **the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are **reasonably** based on belief or a lack of information. (emphasis added).

Very truly yours,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Erica A. Shikunov*
Erica A. Shikunov, Esq.
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Phone: 215-391-4790
erica@dereksmithlaw.com

cc: Kevin Levine, Esq.
    Lauri A. Kavulich, Esq
    CLARK HILL PLC
    Two Commerce Square
    2001 Market Street, Ste. 2620
    Philadelphia, PA 19103
    Lkavulich@clarkhill.com
    Klevine@clarkhill.com