# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| MARNIE O'BRIEN,<br>     Plaintiff,<br><br>   v.<br><br>THE MIDDLE EAST FORUM, *et al.*,<br>     Defendants. | :<br>:<br>:<br>:   Civil No. 2:19-cv-06078-JMG<br>:<br>:<br>: |

_____

## MEMORANDUM OPINION

**GALLAGHER, J.**                                **January 19, 2021**

**I.**    **OVERVIEW**

    The Pennsylvania Human Relations Act ("PHRA") prohibits employers from discharging or otherwise discriminating against an employee on the basis of sex. Pursuant to § 962(c)(1), claimants seeking to vindicate their rights under the PHRA must first submit their claims to the Pennsylvania Human Relations Commission ("PHRC") for investigation and possible conciliation. If the PHRC does not resolve their case within one year, plaintiffs may file a civil action in state or federal court. Defendants presently seek dismissal of Count II of the Complaint, which alleges gender discrimination and retaliation under the PHRA. Defendants argue that Plaintiff did not allow the PHRC to investigate her claims before filing suit. For the reasons set forth below, the Court finds that Plaintiff failed to exhaust her administrative remedy as required under § 962(c)(1) of the PHRA. Therefore, Defendants' Motion for Judgment on the Pleadings is granted and Count II of the Complaint is dismissed.

## II. FACTUAL BACKGROUND

### A. Allegations

Plaintiff Marnie O'Brien brought the underlying suit against The Middle East Forum, Daniel Pipes, and Greg Roman (collectively "Defendants") alleging gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Count I) and the PHRA (Count II). *See* Compl. (ECF No. 1). Defendants seek dismissal of Count II, arguing that Plaintiff failed to exhaust her administrative remedy as required under § 962(c)(1) of the PHRA. (ECF No. 26). According to Defendants, plaintiffs may not file PHRA claims in federal court before the PHRC has completed its investigation of those claims within the statutorily prescribed period. Defs.' Mot. 4-5. Plaintiff asserts that she exhausted her administrative remedy by dual filing her complaint with EEOC and PHRC, thereafter obtaining a Dismissal and Notice of Rights on December 30, 2019. Pl.'s Resp. 3-4. Defendants counter that Plaintiff merely satisfied the filing requirements under the PHRA, and was still obligated to pursue the administrative process mandated in § 962(c)(1). Accordingly, Defendants argue, Plaintiff's claims must be dismissed as untimely.

### B. Procedural History

On July 25, 2019, Plaintiff filed a Charge of Discrimination with EEOC alleging gender-based discrimination against Defendants in violation of Title VII of the Civil Rights Act and the PHRA. Defs.' Mot. 2. On December 17, 2019, Plaintiff dual filed a subsequent Charge of Discrimination with EEOC and PHRC alleging unlawful retaliatory conduct subsequent to the first charge.[1] *Id.* At Plaintiff's request, EEOC issued a Dismissal and Notice of Rights on December 30, 2019. *Id.* Plaintiff then filed a Complaint with this Court on January 27, 2020.[2]

---

[1] The Parties later agreed to consolidate these claims into one action. Defs.' Mot. 2.
[2] Plaintiff filed two Complaints against Defendants on December 23, 2019 and January 27, 2020, respectively, which the Parties stipulated to consolidate into one case on March 10, 2020. (ECF No. 16).

Defendants filed a Motion for Judgment on the Pleadings on May 4, 2020 seeking dismissal of Count II of the Complaint.[3]  Plaintiff filed her Response to Defendants' Motion on May 15, 2020.  (ECF No. 27).

### III.     LEGAL STANDARD

At the conclusion of the pleadings stage, "but early enough not to delay trial, a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in the answer."  *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).  A motion for judgment on the pleadings will only be granted "when the moving party clearly establishes that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law."  *Hollander v. Ranbaxy Laboratories Inc.*, No. 10-793, 2011 WL 248449, at *3 (E.D. Pa. Jan. 24, 2011) (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).  In reviewing a 12(c) motion, the court applies the same standard as that applied under Rule 12(b)(6).  *See Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir. 2004).

Under the 12(b)(6) standard, "the court must determine whether the complaint is supported by well-pleaded factual allegations."  *Wolfington v. Reconstructive Orthopaedic Associates II, P.C.*, 268 F. Supp. 3d 756, 760 (E.D. Pa. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Additionally, the court must find that the moving party is "plausibly" entitled to relief.  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  In other words, the moving party must allege a clear and concise claim showing that they are entitled to relief and support such claim with sufficient facts so as to render it plausible.  *See Iqbal,* 556 U.S. at 555.  The court may consider "the pleadings and attached exhibits,

---

[3] This matter was reassigned to this Court on February 25, 2020.  (ECF No. 12).

[and] undisputedly authentic documents attached to the motion…if plaintiff's claims are based on the documents." *Atiyeh*, 742 F. Supp. 2d at 595.  During this analysis, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

**IV.    ANALYIS**

    **A.    Administrative Remedy Under the Pennsylvania Human Relations Act**

Under the terms of the PHRA, it is unlawful for Pennsylvania employers to discharge or otherwise discriminate against an employee on the basis of gender.  42 Pa. Stat. Ann. § 955 (West 2020).  In codifying these employee rights, the PHRA also provides a statutory cause of action pursuant to which an aggrieved party may assert employment discrimination claims. *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 918 (Pa. 1989).  This is a mandatory remedy which plaintiffs must utilize before pursuing their claims in state or federal court.  *Vincent v. Fuller Co.*, 616 A.2d 969, 974 (Pa. 1992).  The PHRA states in relevant part:

> In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant.

43  Pa. Stat. Ann. § 962(c)(1) (West 2020).

Courts have interpreted this provision as providing the PHRC with "exclusive jurisdiction [over] a complaint alleging violations under the PHRA for a period of one year in which to conduct an investigation of the charges and, if possible, conciliate the matter." *Clay*, 559 A.2d at 920. Unless the PHRC dismisses the complaint or enters into a conciliation agreement, a plaintiff may not assert PHRA claims in state or federal court.  *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001).  However, if the PHRC does not resolve the complaint

4

within one year, then the complainant may file a civil action. *Id.* Failure to exhaust this administrative remedy requires dismissal of a claim brought under the PHRA. *Id.*

Requiring parties to first seek resolution with the PHRC "ensure[s] maximum use of the PHRC's expertise, thereby minimizing the inefficient use of judicial resources." *Lukus v. Westinghouse Electric Corp.*, 419 A.2d 431, 455 (Pa. Super. 1980). Strict interpretation of the PHRA filing requirements allows the PHRC to use its specialized knowledge and resources to resolve discrimination claims without resorting to litigation. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). Permitting a party to commence a civil action in court before exhausting their administrative remedy would frustrate the Legislature's goal of creating an efficient mechanism for resolving disputes of this nature. *See Clay*, 559 A.2d 917 at 920. It would instead "result in the very sort of burdensome, inefficient, time consuming, and expensive litigation that the PHRC was designed to avert." *Id.*

### B.     Plaintiff's Failure to Exhaust Administrative Remedy

Plaintiff maintains that she appropriately exhausted her administrative remedy as required under § 962(c)(1) by dual filing her complaint with the EEOC and PHRC and obtaining a Dismissal and Notice of Rights from EEOC. Pl.'s Resp. 4-5. She asserts that EEOC sufficiently investigated her claim, issued a dismissal of her charges under all applicable statutes, and granted her the right to bring suit in state or federal court. *Id.* at 4. She claims that under the work-sharing agreement between EEOC and PHRC, the EEOC administered both the EEOC and PHRC claims. *Id.* Since she filed her complaint with each entity, Plaintiff reasons that EEOC's dismissal of her complaint was the functional equivalent of an investigation and dismissal by PHRC. *Id.* Otherwise, Plaintiff argues, she would be forced to file two separate lawsuits arising out of the same case and controversy despite the efficiency goals contemplated

in the EEOC-PHRC work-sharing agreement. *Id.* at 5. As a result, Plaintiff contends that her PHRA claims are not barred from suit. *Id.* at 4.

Defendants counter that Plaintiff failed to exhaust her administrative remedy under the PHRA by filing her Complaint with this Court prior to the end of the one-year statutory period. Defs.' Mot. 1. According to Defendants, Plaintiff did not allow PHRC to process her claims as prescribed by statute. *Id.* at 5. Instead, Plaintiff requested immediate issuance of a right to sue letter when she dual filed her claims with EEOC on December 17, 2019. *Id.* Defendants explain that, at Plaintiff's request, EEOC dismissed her claims only thirteen days after filing her claims. *Id.* Having thereafter filed the underlying suit on January 27, 2020, Plaintiff brought her PHRA claims before this Court more than ten months prior to the end of the one-year review period. *Id.* at 6. Furthermore, Defendants argue that while dual filing with EEOC and PHRC satisfied the filing requirements under the PHRA, it did not excuse Plaintiff from pursuing the administrative process set forth in § 962(c)(1). *Id.* Defendants therefore assert that Plaintiff's PHRA claims are subject to dismissal because, as a matter of law, she failed to exhaust her administrative remedy by filing her claims with this Court before PHRC completed its review of her case. *Id.* at 1.

PHRC and EEOC maintain a work-sharing agreement "through which they have apportioned initial jurisdiction over discrimination complaints in order to avoid unnecessary duplication of investigatory time and effort." *Woodson*, 109 F.3d at 925-26. Pursuant to this agreement, "each agency waives its right to initially review claims that are first filed with the other agency." *Id.* This agreement is only relevant "to the issue of whether a plaintiff has satisfied the administrative exhaustion requirements of the *federal* anti-discrimination statutes."

6

*Id.* (emphasis added).[4] Federal courts lack jurisdiction to hear Title VII claims unless the plaintiff has filed charges with the EEOC. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). These claims must be filed with the EEOC within 180 days of the occurrence of the unlawful employment practice. *Burgh*, 251 F.3d 465 at 469. Since Pennsylvania provides an administrative remedy for employment discrimination, claimants may not file a charge with the EEOC unless charges have first been filed with the appropriate state agency and either (1) 60 days have elapsed; or (2) the state agency has terminated its proceedings. 42 U.S.C. § 2000e-5(c). However, through the EEOC-PHRC work-sharing agreement, "Pennsylvania has waived its statutory right to initially process discrimination claims" and plaintiffs may proceed in federal court under Title VII without initially filing with the PHRC. *Woodson*, 109 F.3d at 926.

      Although dual filing claims with EEOC and PHRC satisfies the initial filing requirement under the PHRA, a claimant must still utilize the PHRA's administrative process set forth in § 962(c)(1) before they may pursue PHRA claims in federal court. *See DeAngelo v. DentalEZ, Inc.*, 738 F. Supp. 2d 572, 587-88 (E.D. Pa. 2010). Exhaustion of this administrative remedy requires a good faith effort to follow the procedures outlined in the PHRA. *Lyons v. Springhouse Corp.*, Civ. No. 92-6133, 1993 WL 69515, at *3 (E.D. Pa. March 10, 1993). Filing a claim with EEOC while simultaneously requesting dismissal and issuance of a right to sue letter falls short of this prerequisite to suit. *See Flowers v. Univ. of Pa. Health Sys.*, No. 08-3948, 2009 WL 1688461 (E.D. Pa. June 16, 2009). When a party chooses EEOC as the primary investigator of their complaint, PHRC refrains from conducting its own separate review and generally defers to EEOC's findings once their investigation is complete. *Simon v.*

---

[4] Filing an EEOC claim does not supersede the administrative exhaustion requirement under § 962(c)(1). *See Fye v. Central Transportation, Inc.*, 409 A.2d 2, 5 (Pa. 1979) ("If the General Assembly wished to permit the substitution of agencies in its legislative scheme, it could have easily provided that result.").

*IPS – Integrated Project Services, LLC*, Civil No. 17-03474, 2018 WL 3585137, at *3 (E.D. Pa. July 26, 2018).

By immediately requesting a right to sue letter, Plaintiff did not wait until EEOC completed its investigation on its own initiative.  *Id.* at *4.  Likewise, PHRC policy requires closure of a claimant's file once they assert PHRA claims in federal court.  *See DeAngelo*, 738 F. Supp. 2d at 588.  Requesting immediate dismissal of her EEOC complaint and subsequently filing suit prior to the one-year review period foreclosed PHRC from resolving Plaintiff's case by either concurring with the results of EEOC's investigation or by evaluating her claims through their own administrative process.  *See Jones v. Delaware River Stevedores, Inc.*, No. 18-4276, 2019 WL 498517 at *2 (E.D. Pa. Feb. 7, 2019).  Therefore, Plaintiff failed to exhaust her administrative remedy under § 962(c)(1) and her PHRA claims must be dismissed.

V.      **CONCLUSION**

Prior to filing a civil action under the PHRA, Plaintiff was required to pursue the administrative process detailed in § 962(c)(1) and allow the PHRC to investigate her claims.  There is no genuine dispute that Plaintiff requested dismissal of her claims with EEOC and subsequently filed a civil action alleging claims under the PHRA prior to the expiration of the one-year statutory period.  As a result, Plaintiff foreclosed PHRC from resolving her case in the manner prescribed by the PHRA.  Plaintiffs PHRA claims are subject to dismissal because, as a matter of law, she failed to exhaust her administrative remedy by filing her claims with this Court before PHRC completed its review of her case.

Therefore, Defendants' Motion for Judgment on the Pleadings is granted and Count II of the Complaint is dismissed. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge