IN THE UNITED STATES DISTRICT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARNIE O'BRIEN<br><br>　　　　Plaintiff<br><br>vs.<br><br>MIDDLE EASTERN FORUM,<br>DANIEL PIPES (individually),<br>and<br>GREG ROMAN (individually)<br><br>　　　　Defendants | Civil Action<br><br>No. 2:19-cv-06078-JMG |

## ORDER

NOW, this _____ day of _____, 2021 upon consideration of Plaintiff's Motion for Reconsideration of the Court Order of January 19, 2021 Pursuant to Rule 60, it is ORDERED AND DECREED that the Motion for Reconsideration is GRANTED, the Order of January 19, 2021 is VACATED, and Count II of Plaintiff's Complaint is hereby reinstated.

　
　

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　JOHN M. GALLAGHER
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

1

IN THE UNITED STATES DISTRICT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARNIE O'BRIEN<br><br>      **Plaintiff**<br><br>vs.<br><br>MIDDLE EASTERN FORUM,<br>DANIEL PIPES (individually),<br>and<br>GREG ROMAN (individually)<br><br>      **Defendants** | **Civil Action**<br><br>No. 2:19-cv-06078-JMG |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 19, 2021 DECISION AND ORDER DISMISSING COUNT II OF PLAINTIFF'S COMPLAINT AS UNTIMELY**

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, Plaintiff Marnie O'Brien moves before this Honorable Court for reconsideration of the Decision and Order dated January 19, 2021 dismissing Count II of Plaintiff's Complaint as untimely. Plaintiff would respectfully call the Court's attention to the fact that Defendant's Motion for Judgment on the Pleadings pertains to Plaintiff's Second Retaliation Complaint which was subsequently voluntarily dismissed by this Honorable Court on August 6, 2020. (Docket Number 37). For the presently pending matter, the relevant PHRA claims in question were contained within a Charge that was dual-filed on July 24, 2019 and NOT on December 17, 2019 as the Decision and Order note. Further, the presently pending Complaint was filed on December 23, 2019, not on January 27, 2020. The January 27, 2020 Complaint pertained to Plaintiff's second Charge of Discrimination which was dual-filed on December 17, 2019.

2

The only Complaint and counts pending before this Honorable Court relate to the July 24, 2019 Charge of Discrimination. With regard to the presently pending Complaint, no Motion for Judgment on the Pleadings was ever filed and while Plaintiff did file her Complaint on December 23, 2019 (before the one-year deadline), the Right to Sue was issued on September 30, 2019. Plaintiff waited until the end of the 90-day statute of limitations on her Title VII claims to file the presently pending Complaint. Plaintiff would note that in the above-noted circumstances additional Third Circuit caselaw makes clear that a premature filing of a PHRA complaint is curable and that this circuit has adopted a flexible approach to PHRA exhaustion by permitting plaintiffs to maintain PHRA claims if the one-year deadline expires during court proceedings. In the alternative, Plaintiff requests that she be permitted to amend her complaint to include the additional count, as the above noted decision came out after the close of discovery and neither party is prejudiced by such an amendment.

I. **INTRODUCTION AND PROCEDURAL HISTORY**

This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq. ("PHRA").

Plaintiff brings complaints of sexual harassment and gender discrimination against Middle East Forum, Gregg Roman and Daniel Pipes. Salient to this Motion for Reconsideration is Count II of Plaintiff's Complaint, regarding discrimination under the PHRA. Count II of the Complaint mirrors Count I of the Complaint, which sets forth Plaintiff's Title VII claims.

Plaintiff filed the instant two-count Complaint on December 23, 2019. The Charge of Discrimination was dual-filed on July 24, 2019. The Right to Sue was issued by the EEOC on

September 30, 2019. Plaintiff waited as long as she could to file the instant Complaint, with it being filed just before the 90-Day deadline for her Title VII claims.

Plaintiff dual-filed an additional charge of discrimination regarding retaliation on December 17, 2019. Because she wanted her claims to travel together, a Right to Sue was requested on December 30, 2020 and a two-count Retaliation Complaint (one count Title VII and one count PHRA) was filed on January 27, 2020.

On May 4, 2020 Defendants filed a Motion for Judgment on Pleadings seeking dismissal of Count II of the January 27, 2020 Complaint. That Complaint was subsequently voluntarily dismissed on August 6, 2020 (docket number 37).

This Honorable Court issued its Decision and Order granting that Motion on January 19, 2021, but applied Defendant's moot motion to the presently pending Complaint. Plaintiff now files this Motion for Reconsideration, highlighting that Defendants did not file a Motion for Judgment on the Pleadings regarding the presently pending Complaint. Even if their arguments were applied to the presently pending Complaint, under the time-line noted above, Defendants merely highlighted a well-known curable defect. Further, the discovery process was completed with Count II remaining in the Complaint, so the parties are not prejudiced by the Court's reconsideration of its Decision and Order. Finally, because it is well-established that the defect identified by Defendants is curable, Plaintiff should be permitted to cure it or at the very least amend her complaint to cure Count II now that the requisite time period has passed.

## II.     **LEGAL DISCUSSION**

Plaintiff respectfully requests reconsideration of the Court's December 10, 2019 Order pursuant to Rule 60(a) and (b)(1), (5) and/or (6). Fed. R. Civ. P. 60 provides for relief from a court order as follows:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a[n] . . . order. The court may do so on motion or on its own, with or without notice. . . .
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> . . .
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
>
>> (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60.

Courts in this Circuit have adopted a flexible approach to PHRA exhaustion by permitting plaintiffs to maintain PHRA claims if the one-year deadline expires during court proceedings. Schaefer v. Independence Blue Cross, Inc., No. 03-cv-5897, 2005 WL 181896, at *5 (E.D. Pa. Jan, 26, 44 2005). Rather than dismissing a plaintiff's claim on a curable, technical defect a number of courts within the Third Circuit allow [the PHRC] claim to be decided on the merits. Violanti v. Emery Worldwide A-CF Co., 847 F. Supp. 1251, 1258 (M.D. Pa. 1994); see also Santi v. Bus. Records Mgmt., No. 10-904, 2010 WL 3120047, at *6 (W.D. Pa. Aug. 9, 2010) (collecting cases and granting leave to amend complaint following the completion of the administrative process); McGovern v. Jack D's, Inc., No. Civ. A. 03-5547, 2004 WL 228667, at *8 (E.D. Pa. Feb.3, 2004) (granting plaintiff leave to amend complaint after one year period had

5

elapsed); Reilly v. Upper Darby Twp., Civ. A. No. 2:09-02465-WY, 2010 WL 55296, at *3–4 (E.D. Pa. Jan.6, 2010) (same); Pergine v. Penmark Mgmt. Co., 314 F. Supp. 2d 486, 489–90 (E.D. Pa. 2004); Kozlowski v. Extendicare Health Servs., Inc., No. 99-4338, 2000 WL 193502, at *4 (E.D. Pa. Feb.17, 2000), Troendle v. Yellow Freight, Inc., 1999 WL 89747, at *6 (E.D. Pa. Feb. 2, 1999) (concluding "that [plaintiff] constructively exhausted her administrative remedies before the PHRC" when the one-year period elapsed during pendency of litigation).

Plaintiff dual-filed the relevant Charge of Discrimination on July 24, 2019. A Right to Sue was issued on September 30, 2019. The instant complaint was filed on December 23, 2019. While Claimant did not wait the full year to file her PHRA claim, Defendants did not file a Motion for Judgment on the Pleadings regarding the currently pending Complaint, and even if they had, on the proper facts and dates noted above, the same is a well-settled curable defect which Plaintiff could (and still can) easily cure.

Defendants filed a Motion for Judgement on the Pleadings regarding Plaintiff's second complaint, filed January 27, 2020. Plaintiff makes no arguments to protect that Complaint as it was voluntarily withdrawn on August 6, 2020 as noted above.

Therefore, pursuant to Rule 60, Plaintiff respectfully requests the Court reconsider its January 19, 2021 Order regarding the dismissal of Count II of Plaintiff's Complaint.

          Respectfully submitted,

          **DEREK SMITH LAW GROUP, PLLC**

          */s/ Erica A. Shikunov, Esq.*
          Erica A. Shikunov, ESQUIRE
          1835 Market Street, Suite 2950
          Philadelphia, PA 19103
          215-391-4790

Dated: January 22, 2021          *Attorneys for Plaintiff, Marnie O'Brien*

IN THE UNITED STATES DISTRICT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARNIE O'BRIEN<br><br>　　　　**Plaintiff**<br><br>vs.<br><br>MIDDLE EASTERN FORUM,<br>DANIEL PIPES (individually),<br>and<br>GREG ROMAN (individually)<br><br>　　　　**Defendants** | Civil Action<br><br>No. 2:19-cv-06078-JMG |

**CERTIFICATE OF SERVICE**

I certify that on the date listed below, the foregoing Motion was electronically filed and made available for download and viewing. I also emailed the foregoing document to all counsel of record.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Erica A. Shikunov, Esq.*
Erica A. Shikunov, ESQUIRE
1835 Market Street, Suite 2950
Philadelphia, PA 19103
215-391-4790

Dated: January 22, 2021    *Attorneys for Plaintiff, Marnie O'Brien*

7