**DEREK SMITH LAW GROUP, PLLC**
ERICA A. SHIKUNOV, ESQUIRE
Attorney ID No. 316841
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
erica@dereksmithlaw.com
*Attorneys for Plaintiff, Marnie O'Brien*

### IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARNIE O'BRIEN** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civil Action** |
| **vs.** | : | |
| | : | **No. 2:19-cv-06078-JMG** |
| **MIDDLE EASTERN FORUM,** | : | |
| **DANIEL PIPES (individually),** | : | |
| **and** | : | |
| **GREG ROMAN (individually)** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

---

| |
|---|
| **PLAINTIFF'S MOTIONS IN LIMINE** |

---

DEREK T. SMITH LAW GROUP, PLLC
Attorneys for Plaintiff
Erica A. Shikunov, Esq.
Susan C. Keesler, Esq.
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ........................................................................................................... 1
ORDER ................................................................................................................................. 2
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING RECORDED PHONE CALLS BETWEEN MATTHEW EBERT AND DEFENDANT GREGG ROMAN ................................................3-12
ORDER ...........................................................................................**Error! Bookmark not defined.**
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING RECORDED PHONE CALLS BETWEEN PLAINTIFF MARNIE O'BRIEN AND LISA BARBOUNIS **Error! Bookmark not defined.**-19
ORDER ................................................................................................................................ 20
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING THE ALLEGED DRUG USE OF PLAINTIFF OR ANY OTHER WITNESS ...................................................................................................21-24
ORDER ................................................................................................................................ 25
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ANY REFERENCE TO OR MENTION OF MATTHEW EBERT'S PRIOR CRIMINAL CONVICTION ....................................................................................................26-29

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARNIE O'BRIEN,** : | |
| : | |
| **Plaintiff** : | |
| : | **Civil Action No. 2:19-cv-06078-JMG** |
| **v.** : | |
| : | |
| **MIDDLE EASTERN FORUM,** : | |
| **DANIEL PIPES (individually),** : | |
| **and** : | |
| **GREGG ROMAN (individually),** : | |
| : | |
| **Defendants** : | |
| : | |

## <u>ORDER</u>

    **AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff Marnie O'Brien's Motion *in Limine* to Preclude Defendant from Presenting at Trial Evidence Relating to the Recording of Phone Calls Between Matthew Ebert and Defendant Gregg Roman, and any opposition thereto,

    **IT IS HEREBY ORDERED** that the motion is **GRANTED,**, and Defendant is precluded from presenting evidence of the recording of phone calls between Matthew Ebert and Defendant Gregg Roman.

                     **BY THE COURT:**

                     _____
                     The Honorable John M. Gallagher
                     United States District Court Judge

**DEREK SMITH LAW GROUP, PLLC**
Erica A. Shikunov
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(P) 215-391-4790
(F) 215-893-5288
erica@dereksmithlaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **MARNIE O'BRIEN,** | : |
| **Plaintiff** | : **Civ. No. 2:18-cv-05220-TJS** |
|  | : |
|  | : **PLAINTIFF'S MEMORANDUM OF** |
|  | : **OF LAW IN SUPPORT OF** |
| **v.** | : **MOTION IN LIMINE** |
|  | : |
| **MIDDLE EASTERN FORUM** | : |
| **DANIEL PIPES (individually),** | : |
| **and** | : |
| **GREGG ROMAN (individually),** | : |
|  | : |
| **Defendants.** | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING RECORDED PHONE CALLS BETWEEN MATTHEW EBERT AND DEFENDANT GREGG ROMAN**

## I.      INTRODUCTION

Plaintiff Marnie O'Brien submits this *in limine* motion seeking to preclude the introduction of evidence of recordings of the contents of phone conversations between Matthew Ebert and Defendant Gregg Roman. The recording was of a phone conversation between Matthew Ebert and Defendant Gregg Roman, which Defendant Roman recorded without Mr. Ebert's knowledge or consent. Mr. Ebert was in New Jersey at the time of the call ad Mr. Roman purportedly in New York. Mr. Ebert specifically stated at the beginning and end of the phone call that the conversation was not to be recorded. *Exhibit 119* at 0:12, 8:40. The call describes admitted lies on the part of

3

Mr. Ebert about drug usage, sexual history and litigiousness related to unidentified women who Defendants hope to portray as Plaintiff and her colleagues, despite the fact that Mr. Ebert admitted to fabricating the information. *See id.*

Plaintiff anticipates that Defendant will attempt to admit a recording of this phone call in an attempt to introduce unlawful character evidence about Plaintiff and her coworkers. The call includes statements by Mr. Ebert, which he later characterized as lies to make it sound "juicier," that describe unidentified females as women with long sexual histories who use recreational drugs. *See Ebert Depo.* at 62. Mr. Ebert, who is diagnosed with bipolar disorder and was admittedly off his medication at the time, went on the record at his deposition to state that his remarks were "totally fabricated." *Id.* at 62:24-63:1.

Plaintiff respectfully requests this Court to preclude the recording of this phone call because it was illegally recorded and contains improper character evidence, irrelevant statements, hearsay, and sexual history evidence barred by the Federal Rules of Evidence.

## II.    LEGAL DISCUSSION

### A.  Defendant Must be Precluded from Presenting any Evidence of the Phone Call Recording between Matthew Ebert and Defendant Roman at Trial Because it was Illegally Recorded

Under the New Jersey Electronic Surveillance Act, N.J.S.A. 2A:156A-1, *et seq.*, it is unlawful for any person to intercept "electronic or oral communication," even where one person "is a party to the communication," if the "communication is used for the purpose of committing any criminal or *tortious act* in violation of the Constitution or laws of the United States or of [New Jersey] or for the purpose of committing any other injurious act." (emphasis added) N.J.S.A. 2A:156A-4(d). "Before a violation of the Wiretap Act is found, it must be established that the individual whose

4

communications were intercepted had a reasonable expectation of privacy. *Stark v. South Jersey Trasnp. Auth.*, 2014 WL 2106428, at *12 (N.J. Super. Ct. App. Div. 2014) (citing *Hornberger v. Am. Broad. Cos.*, 351 N.J. Super. 577, 621–22 (App. Div. 2002)). Because the Act concerns the privacy of New Jersey residents, this concern includes the privacy interest that residents in state have in telephone conversations with those out of state. *State v. Worthy*, 141 N.J. 368 (1995).

Defendant Roman in this case violated the New Jersey Electronic Surveillance Act in recording the telephone conversation with Mr. Ebert because it was done for a tortious purpose. Mr. Ebert was in New Jersey at the time of the call, and Mr. Roman allegedly in New York.  The interceptor's purpose is the dispositive factor, not whether the means employed is tortious or criminal. *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010) (interpreting the analogous federal statute, 18 U.S.C. §§ 2510–2521). Defendant Roman's intent in recording the phone call with Mr. Ebert was for the tortious purpose of invading his privacy through intrusion upon seclusion.

> New Jersey has adopted the Restatement definition of intrusion upon seclusion: 'One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.
> [*Bradley v. Atl. City Bd. of Educ.*, 736 F. Supp. 2d 891, 899 (D.N.J. 2010) (citing *N.O.C., Inc. v. Schaefer*, N.J. Super. 249, 254, 484 A.2d 729 (Law Div. 1984))].

Defendant Roman's intentional intrusion upon Mr. Ebert's seclusion gives him the necessary tortious intent to violate the New Jersey Wiretapping laws, even if Mr. Roman himself was a party to the conversation under New Jersey's one-party consent. The intrusion into Mr. Ebert's seclusion comes from the recording of the private conversation itself where Mr. Ebert specifically stated multiple times at the beginning and end of the conversation that he was "not in agreement to any kind of recording," *Exhibit 119* at 0:12, and he had "no problem continuing to

5

relay information as long as it is not recorded." *Id.* at 8:40. Secretly recording a conversation by itself does not constitute an invasion under this doctrine, *Bradley*, 736 F. Supp. 2d at 899, but the mere secret recording here was heightened by Mr. Ebert's repeated announcements that he would only speak if he were not recorded.

Mr. Ebert's statements about his nonconsenting to the recording of the phone calls also contributes to the third element of intrusion upon seclusion: if the intrusion is "highly offensive to a reasonable person." *Kinsella v. Welch*, 362 N.J. Super. 143, 156, 827 A.2d 325 (App. Div. 2003). This determination "turns on one's reasonable expectation of privacy" and a "'reasonable person' cannot conclude that an intrusion is 'highly offensive' when the actor intrudes into an area in which the victim has either a limited or no expectation of privacy." *White v. White*, 344 N.J. Super. 211, 222, 781 A.2d 85, 91-92 (Ch. Div. 2001). "Expectations of privacy are established by general social norms," and they must be "objectively reasonable." *Id.*

Courts in New Jersey have previously held that one has very little expectation of privacy among people they are directly speaking to. *See Bradley*, 736 F. Supp. 2d at 899 n.20. But the general social norm changes when a party affirmatively informs another of their non-consent to being recorded. A person such as Mr. Ebert would have a much greater expectation of privacy in a conversation where it was explicitly stated that he did not consent to being recorded than a normal phone conversation between two people. Informing the other party to the conversation that he was "not in agreement to any kind of recording," *Exhibit 119* at 0:12, and he had "no problem continuing to relay information as long as it is not recorded," *Id.* at 8:40, would change any objectively reasonable person's expectation of privacy in the conversation as a matter of general social understanding.

Defendant Roman's intentional intrusion upon Mr. Ebert's seclusion brings him in violation of the New Jersey Electronic Surveillance Act. Under New Jersey's one-party consent statute, even if the person recording is a party themselves, it is unlawful if they record the conversation "for the purpose of committing any criminal or tortious act." N.J.S.A. 2A:156A-4(d). The call was placed from New Jersey and Defendant Roman recorded it for the tortious purpose of intruding upon Mr. Ebert's seclusion after being told multiple times that Mr. Ebert did not consent to such recording. For these reasons, Defendants must be precluded from entering the recording into evidence for trial.

**B. Defendant Must be Precluded from Entering any Portion of the Phone Call Recording Between Matthew Ebert and Defendant Roman with any Reference Related to Sexual History, Drug Use and Alleged Litigation**

The phone call between Matthew Ebert and Defendant Roman makes several references to the sexual histories and alleged drug use of unidentified women, as well as their grand plan to engage in some sort of lawsuit. Defendants hope to portray these women as Plaintiff and her colleagues. *See Exhibit 119* at 1:11, 2:00, 3:30, 7:30. In the event the Court does not exclude the entire phone call, the portions of the phone call relating to sexual histories, potential drug use and plans to enter litigation should be excluded. Mr. Ebert has already confessed in his deposition to "fabricat[ing]" these stories and that any mention of them being "out on the prowl" or snorting Adderall were lies. *See Ebert Depo.* at 62:14-17. The statements in the recording are admitted lies from a person off of his bipolar medication, contain no identifying information about the women described and are also irrelevant, unfairly prejudicial, improper statements of sexual history, improper character evidence, and hearsay.

7

1. ***Defendant Must be Precluded from Bringing any Evidence of Sexual History, Drug Use or Potential Litigation in the Phone Call Recording between Matthew Ebert and Defendant Roman because it is Irrelevant and Highly Prejudicial Pursuant to FRE 401, 402, 403 and 412***

Plaintiff anticipates that Defendants will attempt to show the jury that because this phone call describes "long sexual history[ies]" of unidentified women and alleges illegal drug use, and alleged plans for litigation that Plaintiff will be prejudiced by irrelevant and non-probative evidence. Defendants should be precluded from bringing any evidence about alleged long sexual histories, drug use or the mention of alleged litigation plans because it is wholly irrelevant to this suit, even if the women were properly named or identified. Here, they are not.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED R. EVID. 401. Relevant evidence is generally admissible but "[i]rrelevant evidence is not admissible. *Id.* at 402. Even if evidence is deemed to be relevant, it shall still be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice." *Id.* at 403.

Whether Plaintiff had any other sexual relations with other persons in her past is not relevant to any pending action pertaining to the sexual harassment at issue. Rape shield laws such as FRE 412 are "designed to protect victims of rape from being exposed at trial to harassing to irrelevant questions concerning their past sexual behavior." *Michigan v. Lucas*, 500 U.S. 145, 146 (1991). This interest is especially heightened when the sexual conduct at issue is with other persons in the past, unless it is for the purpose of showing whether the accused "was or was not, with respect to the alleged victim, the source of semen or injury." FED R. EVID. 412.

Under FRE 402, the evidence is only relevant under the two-factor test. The fact of Plaintiff's sexual history or her alleged drug use does not tend to make any fact that is of consequence more or less probable. Because rape shield laws emphasize society's near universal view that chastity or sexual activity has no bearing on the character of parties or witnesses or their consent, *See Gov't of Virgin Islands v. Jacobs*, 634 F. Supp. 933, 936-37 (D.V.I. 1986), the portions of the phone call recording which allege long sexual histories of unidentified women must be found either barred under Rule 412, or irrelevant under Rule 401, and thus barred under Rule 402.

If the Court deems the evidence relevant for purposes of FRE 402, the evidence must still be excluded under FRE 403 because its probative value is substantially outweighed by its risk of unfair prejudice. Courts will exclude evidence of sexual history even where sexual behavior and sexual predisposition are not at issue. *See Jones v. Indiana Area School Dist*, 2006 WL 5277385, at *6 (W.D. Pa. 2006) (holding that sexual history evidence still barred under Rule 403 when Rule 412 does not apply). The probative value of evidence that alleges sexual history or drug use is very minimal, especially when viewed in light of the fact the speaker admitted these were fabricated lies. *See Ebert Depo.* at 62:14-17. The recording itself never identifies which of the women Mr. Ebert is talking about, this poses a serious risk of painting all the women involved with a single brush. If the jury is allowed to hear this recording, they will be prejudiced against all the women as a group, as opposed to each one individually because none of the women are ever named. This minimal probative value will be substantially outweighed by the way the jury will view Plaintiff after hearing these statements and such they should also be barred under FRE 403.

2. ***Defendant Must be Precluded from Bringing any Evidence of Sexual History, Drug Use or Potential Litigation in the Phone Call Recording between Matthew Ebert and Defendant Roman because it is Prohibited Character Evidence under FRE 404 and 608***

Plaintiff anticipates that Defendants will attempt to show the jury that because this phone call describes "long sexual histor[ies]" of unidentified women and alleges illegal drug use and litigation schemes, that Plaintiff will be painted as a promiscuous and dishonest woman and suffer prejudice for it. Defendants should be precluded from bringing any evidence about Plaintiff or her coworkers' alleged long sexual histories, drug use or alleged litigation plans because it unfairly taints their character to the jury, particularly when Plaintiff nor her colleagues are named or otherwise identified in the call.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED R. EVID. 404. Further, evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id.* "'Rule 404(b) is a rule of general exclusion,' precluding other-act evidence unless the proponent can show a proper purpose other than propensity." *Cartegena v. Serv. Source, Inc.*, 2019 WL 183853, at *5 (M.D. Pa. 2019) (quoting *United States v.* Repak, 852 F.3d 230, 240 (3d Cir. 2017)). Extrinsic evidence is also not admissible to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness or untruthfulness." FED R. EVID. 608.

Courts have declined to admit past alleged evidence of a witness's alleged sexual history or drug use when it is of little probative value or relevance to the case. *Cartegena*, 2019 WL 183853, at *4 (holding that plaintiff's previous history of drug and alcohol use had limited probative value and had a high risk of unfairly prejudicing the jury); Jones, 2006 WL 5277385, at *6. The words recorded in the phone call between Mr. Ebert and Defendant Roman serve only to characterize Plaintiff as a promiscuous woman who uses drugs recreationally and creates litigation schemes.

This will unfairly attack her character in the eyes of the jury in violation of Rule 404(b) and 608, and for that reason it should be excluded.

3. ***Defendant Must be Precluded from Entering the Phone Call between Matthew Ebert and Defendant Roman because it is Inadmissible Hearsay***

Regardless of the reasons Defendants would seek to enter this phone call into evidence at trial, the portions discussing the private lives of the women Mr. Ebert barely knew are inadmissible as hearsay. Hearsay is an out of court statement that a party offers into evidence to prove the truth of the matter asserted, FED R. EVID. 801, and it is prohibited unless an exception applies. FED R. EVID. 802.

In the recording of the phone call between Mr. Ebert and Defendant Roman, Mr. Ebert describes a lawlessness around the office because of the lack of supervision of several unidentified women who Defendants hope to portray as Plaintiff and/or her colleagues. *See Exhibit 119* at 5:20. In the phone call itself he admits that he was not present at the workplace, but he hasn't "been where they work at" and "that's the talk." *Id.* at 5:30. Mr. Ebert's deposition further provides color to the hearsay nature of his comments regarding the unidentified women's alleged sexual history and drug use and that they were conspiring to file a lawsuit when he admitted that he barely knew the women he was speaking of, had met them only on a couple occasions, and had no idea of their sexual histories or drug usage and failed to identify who he was speaking about. *See Ebert Depo.* at 62-73. The only way this information could have come to Mr. Ebert is through other sources and not firsthand personal knowledge, as he admits he only met the women discussed in the call on one occasion each. Further, he conceded that he fabricated the statement. The statements regarding sexual history, drug use, litigiousness and misbehavior at the office must all be excluded as inadmissible hearsay.

**III.**      <u>**CONCLUSION**</u>

For all of the foregoing reasons, Plaintiff Marnie O'Brien respectfully requests that this Court grant her Motion *in Limine* and preclude Defendants from presenting any evidence of the recording of the phone call between Matthew Ebert and Defendant Roman.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

<u>*/s/ Erica Shikunov*</u>
ERICA SHIKUNOV, ESQUIRE
*Attorneys for Plaintiff*

Dated: <u>July 16, 2021</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARNIE O'BRIEN,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| | :    **Civil Action No. 2:19-cv-06078-JMG** |
| **v.** | : |
| | : |
| **MIDDLE EASTERN FORUM,** | : |
| **DANIEL PIPES (individually),** | : |
| **and** | : |
| **GREGG ROMAN (individually),** | : |
| | : |
| **Defendants** | : |
| | : |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2021, upon consideration of

Plaintiff Marnie O'Brien's Motion *in Limine* to Preclude Defendant from Presenting at Trial

Evidence Relating to the Recording of Phone Calls Between Plaintiff Marnie O'Brien and Lisa

Barbounis, and any opposition thereto,

    **IT IS HEREBY ORDERED**  that the motion is **GRANTED,**, and Defendant is precluded

from presenting evidence of the recording of phone calls between Plaintiff O'Brien and Lisa

Barbounis.

                             **BY THE COURT:**

                             _____

                             The Honorable John M. Gallagher
                             United States District Court Judge

**DEREK SMITH LAW GROUP, PLLC**
Erica A. Shikunov
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(P) 215-391-4790
(F) 215-893-5288
erica@dereksmithlaw.com
*Attorneys for Plaintiff*

<div align="center">

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF PENNSYLVANIA**

</div>

| | |
|---|---|
| _____ : | |
| **MARNIE O'BRIEN,** : **Civ. No. 2:18-cv-05220-TJS** | |
| **Plaintiff** : | |
| : **PLAINTIFF'S MEMORANDUM OF** | |
| : **OF LAW IN SUPPORT OF** | |
| **v.** : **MOTION IN LIMINE** | |
| : | |
| **MIDDLE EASTERN FORUM** : | |
| **DANIEL PIPES (individually),** : | |
| **and** : | |
| **GREGG ROMAN (individually),** : | |
| : | |
| **Defendants.** : | |
| _____ : | |

<div align="center">

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING RECORDED PHONE CALLS BETWEEN PLAINTIFF MARNIE O'BRIEN AND LISA BARBOUNIS**

</div>

**I.    INTRODUCTION**

Plaintiff Marnie O'Brien submits this *in limine* motion seeking to preclude the introduction of evidence of a recording of the contents of phone conversations between Plaintiff herself and Lisa Barbounis. The recording was of a phone conversation between Plaintiff O'Brien and Ms. Barbounis, which Ms. Barbounis recorded without Plaintiff's knowledge or consent. The call involves an argument between the two women who used to be coworkers about a point person position. *See generally Exhibit* 118.

<div align="center">

14

</div>

Plaintiff anticipates that Defendant will attempt to admit this recording into evidence for trial to taint Plaintiff's character before the jury. This call must be excluded from evidence because Lisa Barbounis was in Pennsylvania when she recorded the phone call. Under the Pennsylvania Wiretap Act, 18 Pa. Con. Stat. § 5701, *et seq.*, it is unlawful for a person to record a phone conversation without the consent of all the parties involved. *See Barasch v. Bell Telephone Co. of Pennsylvania*, 605 A.2d 1198, 1203 (Pa. 1992).

Plaintiff respectfully requests this Court to preclude the recording of this phone call because it was illegally recorded under Pennsylvania law.

## II.   LEGAL DISCUSSION

### A.   Defendants Must be Precluded from Introducing the Recording of the Phone Conversation Between Plaintiff Marnie O'Brien and Lisa Barbounis because it was Illegally Recorded

Under the Pennsylvania Wiretapping Act, 18 Pa. Con. Stat § 5701, *et seq.*, it is unlawful to "intentionally intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any wire, electronic or oral communication." *Id.* § 5703. Section 5725(a) of the same expands this to "any person whose wire, electronic or oral communication is intercepted or disclosed, or used in violation of this chapter" has a claim under the Act. "Pennsylvania courts have . . . consistently held that the interception of or recording of a telephone conversation by a private party without the consent of all of the parties violates the Wiretap Act." *Barasch v. Pennsylvania Pub. Until. Comm'n*, 576 A.2d 79, 93 (Pa. Commw. Ct. 1990); *see also Martinez v. City of Reading Prop. Maint. Div.*, 2018 WL 1290087, at *11 (E.D. Pa. 2018) (citing *Barasch* that consent to interception or recording is generally required from all parties). The only exceptions to

15

the two-party rule are the specifically delineated exceptions in the Wiretap Act itself. 18 Pa. Con. Stat. § 5704.

Federal courts in Pennsylvania, while not bound by the Pennsylvania Supreme Court rulings requiring two-party consent, have nonetheless upheld the rule to maintain congruency with the Pennsylvania case law. *See Mulder v. Wells Fargo Bank, N.A.*, 2018 WL 3750627, at *4 (W.D. Pa. 2018). In *Mulder*, the court held that even though defendant there advised the plaintiff that the calls were being monitored and recorded, the fact that plaintiff "never explicitly consented to this interception prior to receiving the calls" persuaded the court to let the plaintiff's action proceed. *Id.* Here, Plaintiff Marnie O'Brien was unaware she was being recorded by Lisa Barbounis and never explicitly consented to being recorded. Ms. Barbounis was in Pennsylvania at the time of the acquisition under 18. Pa. Cons. Stat § 5702. Under the Pennsylvania Wiretapping Act this recording is illegal and must be excluded from evidence in this trial.

**B. Defendants Must be Precluded from Introducing the Recording of the Phone Conversation between Plaintiff Marnie O'Brien and Lisa Barbounis because it violates the Federal Rules of Evidence**

Plaintiff anticipates Defendants will attempt to introduce the phone call recording in an effort to taint the jury's perception of Plaintiff and her former coworker. The phone call between Plaintiff O'Brien and Ms. Barbounis contains irrelevant arguments relating to a work dispute. *See Exhibit 118.* The statements in the recording are irrelevant, unfairly prejudicial, and improper character evidence.

**1. *Defendant Must be Precluded from Bringing any Evidence in the Phone Call Recording between Plaintiff Marnie O'Brien and Lisa Barbounis because it is Irrelevant and Highly Prejudicial Pursuant to FRE 401, 402, and 403***

Plaintiff anticipates that Defendants will attempt to show the jury that because this phone call contains twenty minutes of arguments and profanity by Plaintiff and her former coworker, Plaintiff will be prejudiced by irrelevant and non-probative evidence. Defendants should be precluded from bringing any evidence about Plaintiff or her coworkers' arguments over work assignments as they have no bearing on the case at hand.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED R. EVID. 401. Relevant evidence is generally admissible but "[i]rrelevant evidence is not admissible. *Id.* at 402. Even if evidence is deemed to be relevant, it shall still be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice." *Id.* at 403.

Whether Plaintiff had any arguments pertaining to work assignments outside the scope of the sexual harassment claim distracts from the case at issue. Under FRE 402, the evidence is only relevant under the two-factor test. The fact of Plaintiff's methods of dispute resolution with her coworkers does not tend to make any fact that is of consequence more or less probable. Because this conversation contains no connection to the case at issue or Plaintiff's relationship with her employer, it should be ruled irrelevant under Rule 401, and thus barred under Rule 402.

If the Court deems the evidence relevant for purposes of FRE 402, the evidence must still be excluded under FRE 403 because its probative value is substantially outweighed by its risk of unfair prejudice. The probative value of evidence that contains a work dispute with heavy profanity and obscenities is minimal to the issues being tried. This minimal probative value will be substantially outweighed by the way the jury will view Plaintiff after hearing these statements and such they should also be barred under FRE 403.

2. ***Defendant Must be Precluded from Bringing any Evidence of the Phone Call Recording between Plaintiff Marnie O'Brien and Lisa Barbounis because it is Improper Character Evidence Under FRE 404 and 608***

Plaintiff anticipates that Defendants will attempt to show the jury that because this phone call describes profanity, yelling, and obscenities of Plaintiff and her coworkers in connection with a work dispute, that Plaintiff will be painted as a profane and unruly woman and suffer prejudice for it. Defendants should be precluded from bringing any evidence in the recording about Plaintiff or her coworkers' methods of solving work related disputes.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED R. EVID. 404. Further, evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id.* "'Rule 404(b) is a rule of general exclusion,' precluding other-act evidence unless the proponent can show a proper purpose other than propensity." *Cartegena v. Serv. Source, Inc.*, 2019 WL 183853, at *5 (M.D. Pa. 2019) (quoting *United States v. Repak*, 852 F.3d 230, 240 (3d Cir. 2017)). Extrinsic evidence is also not admissible to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness or untruthfulness." FED R. EVID. 608.

Courts have explained that character evidence "is said to weight too much with the jury and to so overpersuade them as to prejudice one with a bad general record and deny [them] a fair [trial]." *U.S. v. Caldwell*, 760 F.3d 267, 284 (3d Cir. 2014) (citing *Michelson v. U.S.*, 335 U.S. 469, 476 (1948). The words recorded in the phone call between Plaintiff O'Brien serve only to characterize Plaintiff as a woman who uses profanity and obscenity when arguing. This will

unfairly attack her character in the eyes of the jury in violation of Rule 404(b) and 608, and for that reason it should be excluded.

**III.** **CONCLUSION**

For all of the foregoing reasons, Plaintiff Marnie O'Brien respectfully requests that this Court grant her Motion *in Limine* and preclude Defendants from presenting any evidence of the recording of the phone call between Plaintiff Marnie O'Brien and Lisa Barbounis.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Erica Shikunov*
ERICA SHIKUNOV, ESQUIRE
*Attorneys for Plaintiff*

Dated: July 16, 2021.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARNIE O'BRIEN,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| | :   **Civil Action No. 2:19-cv-06078-JMG** |
| **v.** | : |
| | : |
| **MIDDLE EASTERN FORUM,** | : |
| **DANIEL PIPES (individually),** | : |
| **and** | : |
| **GREGG ROMAN (individually),** | : |
| | : |
| **Defendants** | : |
| | : |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff Marnie O'Brien's Motion *in Limine* to Preclude Defendants from Presenting at Trial Evidence Relating to the Alleged Drug Use of Plaintiff or Any Other Witness, and any opposition thereto,

**IT IS HEREBY ORDERED**  that the motion is **GRANTED,**, and Defendant is precluded from presenting such evidence.

**BY THE COURT:**

_____
The Honorable John M. Gallagher
United States District Court Judge

20

**DEREK SMITH LAW GROUP, PLLC**
Erica A. Shikunov
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(P) 215-391-4790
(F) 215-893-5288
erica@dereksmithlaw.com
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARNIE O'BRIEN,** | : |
|                        **Plaintiff** | : **Civ. No. 2:18-cv-05220-TJS** |
| | : |
| | : **PLAINTIFF'S MEMORANDUM OF** |
| | : **OF LAW IN SUPPORT OF** |
| **v.** | : **MOTION IN LIMINE** |
| | : |
| **MIDDLE EASTERN FORUM** | : |
| **DANIEL PIPES (individually),** | : |
| **and** | : |
| **GREGG ROMAN (individually),** | : |
| | : |
|                        **Defendants.** | : |
| | : |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING THE ALLEGED DRUG USE OF PLAINTIFF OR ANY OTHER WITNESS

**I.**      **INTRODUCTION**

Plaintiff Marnie O'Brien submits this *in limine* motion seeking to preclude the introduction

of evidence of alleged drug use of herself or any other witness or in the alternative that references

to her using marijuana are referred to as her "drug use."

It is anticipated that Defendants intend to offer evidence that Plaintiff, along with other

former female employees of the Middle East Forum engaged in the use of drugs, specifically

cocaine and/or snorting Adderall, or smoking or otherwise consuming marijuana. The record does

not support such contentions, only unsubstantiated allegations, and the same is intended to cast

aspersions as to the witness's credibility in a manner that is inappropriate. Further, the term "drug use" implies illegal or illicit activity. Plaintiff has admitted to using marijuana and taking Adderall as prescribed. While Plaintiff maintains neither of these facts are relevant to whether or not she was sexually harassed or her credibility, if the Court deems otherwise, Plaintiff requests that such legal activities are not referred to as drug use. It is not illegal or illicit to take a prescribed medication, and in the state of New Jersey, where Plaintiff resides, marijuana is legal.

Plaintiff respectfully requests this Court to preclude evidence regarding the alleged use of drugs with regard to any witness and in the alternative that the use of marijuana or legally prescribed medications not be permitted to as "drug use" because it is not relevant to the facts of this case, the credibility of the witness, and is highly prejudicial to the jury.

## II.   LEGAL DISCUSSION

### A.   Defendants Should Not Be Permitted to Present Evidence of Alleged Drug Use of Plaintiff or Any Other Witness

### 1.   *The Information Does Not Make Any Fact More or Less Likely and is Precluded under Rule 401*

The matters at hand before the jury are whether Plaintiff was sexually harassed while working for the Middle East Forum and whether she abused the legal process in filing and subsequently withdrawing her second complaint. The record does not support that Plaintiff or any other witness used any drugs, but contains accusations that the women snorted Adderall and made reference to Lisa Barbounis using Cocaine. The use of such drugs in this case makes no fact more or less likely and given that the record contains no assertions that any of the women were using such substances while being sexually harassed or witnessing their colleagues being sexually harassed the accusations likewise are not an appropriate attack on credibility.

The record does make reference to the fact that Plaintiff and Ms. Barbounis have prescriptions for Adderall and also that Ms. O'Brien uses marijuana. The use of a legally prescribed medication and a substance that is legal in New Jersey where Plaintiff resides make no fact more or less likely nor does it represent an appropriate attack on credibility.

### 2.   *The Information Is Not Supported by the Record or Criminal Conviction*

The record does not contain proof that any witness in this case has used a substance other than legally prescribed medication and marijuana. There is no criminal conviction to support illegal drug use. Accordingly, the Defense should be precluded from presenting the information to a jury.

### 3.   *The Probative Value of the Information is Outweighed by the Prejudicial Impact On the Jury under Rule 403*

Allusions to drug use or other illicit activities are highly prejudicial to juries. In the present matter unsubstantiated accusations of drug use which have no bearing on either parties' burden are inappropriate and hold no probative value. Further, arguments that the information is relevant to the witnesses credibility are meritless where there is no evidence that the witness used an illegal drug or abused a prescription. Finally, with regard to the use of marijuana, the same is legal in New Jersey but has not yet been fully legalized in Pennsylvania. Presenting evidence of such use before a Pennsylvania jury is highly prejudicial.

## B.  In the Alternative, Plaintiff's Legal Use of Adderall and Marijuana Should Not Be Generally Referred to as Drug Use

If the Court is inclined to allow some testimony regarding the use of substances into the

record over Plaintiff's objection, Plaintiff would request that the use of prescribed medication and the legal use of marijuana not be referred to as "drug use." The term drug use implies illicit or illegal activity and is highly prejudicial. The use of prescribed or legal substances is neither of those things and should not be permitted to be construed as such.

III.   **CONCLUSION**

For all of the foregoing reasons, Plaintiff Marnie O'Brien respectfully requests that this Court grant her Motion *in Limine* and preclude Defendants from presenting any evidence alleged drug use during trial or in the alternative, that the legal use of prescribed or legal substances not be classified as "drug use."

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Erica Shikunov*
ERICA SHIKUNOV, ESQUIRE
*Attorneys for Plaintiff*

Dated: <u>July 16, 2021</u>.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARNIE O'BRIEN,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| | :   **Civil Action No. 2:19-cv-06078-JMG** |
| **v.** | : |
| | : |
| **MIDDLE EASTERN FORUM,** | : |
| **DANIEL PIPES (individually),** | : |
| **and** | : |
| **GREGG ROMAN (individually),** | : |
| | : |
| **Defendants** | : |
| | : |

## ORDER

  **AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff Marnie O'Brien's Motion *in Limine* to Preclude any references to or mentions of Matthew Ebert's Criminal Conviction for Illegal Bookmaking, and any opposition thereto,

  **IT IS HEREBY ORDERED**  that the motion is **GRANTED,** and Defendant is precluded from presenting such evidence.

          **BY THE COURT:**


          _____
          The Honorable John M. Gallagher
          United States District Court Judge

**DEREK SMITH LAW GROUP, PLLC**
Erica A. Shikunov
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(P) 215-391-4790
(F) 215-893-5288
erica@dereksmithlaw.com
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARNIE O'BRIEN,** | : |
| **Plaintiff** | : **Civ. No. 2:18-cv-05220-TJS** |
| | : |
| | : **PLAINTIFF'S MEMORANDUM OF** |
| | : **OF LAW IN SUPPORT OF** |
| **v.** | : **MOTION IN LIMINE** |
| | : |
| **MIDDLE EASTERN FORUM** | : |
| **DANIEL PIPES (individually),** | : |
| **and** | : |
| **GREGG ROMAN (individually),** | : |
| | : |
| **Defendants.** | : |
| | : |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ANY REFERENCE TO OR MENTION OF MATTHEW EBERT'S PRIOR CRIMINAL CONVICTION

**I.      INTRODUCTION**

Matthew Ebert is a central witness to Defendant' Counterclaim in this matter and was previously listed as a defendant in this matter. He plead guilty to a charge of Illegal Bookmaking in 2003. The conviction was later expunged from his record. Given that the matter was expunged and the conviction occurred over 10 years ago, Defendants should be barred from presenting any evidence of the same into evidence under Rule 609.

## II.    LEGAL DISCUSSION

### A.  Evidence of a Conviction Older than Ten Years is Limited

Rule 609(b) reads, in pertinent part, that if more than 10 years have passed since the witness's conviction or release from confinement, evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use. Under Third Circuit decisional law, a court conducting the balancing test under Rule 609(a) should consider several important factors, including: (1) the kind of crimes and the general impeachment value of the crimes involved; (2) when the conviction occurred; and (3) the importance of the defendant's testimony and credibility to the case. Upon weighing these factors, the decision to admit evidence of the defendant's prior convictions is within the Court's discretion. *United States v. Millhouse*, No. CRIM.06-397, 2007 WL 1366974, at *2 (E.D. Pa. May 7, 2007).

Since Rule 609 is subject to Rule 403, courts must consider whether the probative value of a prior conviction is substantially outweighed by the prejudicial effect of admitting the conviction. *See Fed.R.Evid. 403.8* In doing so, the Court has directed that four factors should be weighed against the potential for prejudice in admitting a conviction: (1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand. *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir.2007) (citing *Gov't of the Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3d Cir.1982)). *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014).

.

In the present proceedings, Mr. Ebert pled to a bookmaking charge in 2003, well over 10 years ago. Such a charge is not crimen falsi and was expunged from his record. Because Mr. Ebert admitted to going off of his medications while making several phone calls in this case which contained flagrant fabrications, both with reference to a recorded call that is the subject of another Motion and with regard to calls to the Kimmel Center, Defendants may intend to use evidence of his prior conviction to challenge his credibility. While his credibility is highly questionable given the evidence of record, his prior conviction should not be used to further challenge his credibility. The conviction is too old, it has been expunged, there have been no additional convictions and the conviction is not for a crime of dishonesty.   Further, Defendants provided no notice of their intentions to use evidence of his conviction against him at trial. Accordingly, Plaintiff motions that evidence of Mr. Ebert's prior conviction is inadmissible.

**B. Evidence of a Conviction is not Admissible if the Conviction has been the Subject of a Pardon, Annulment, Certificate of Rehabilitation _or other Equivalent Procedure_**

Rule 609(c) states that evidence of a conviction is not admissible if: "(1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or _other equivalent procedure_ based on a finding that the person has been rehabilitated, and the person has not been convicted of a later crime punishable by death or by imprisonment for more than one year."

In Mr. Ebert's case, his conviction was expunged, or removed from his record, and as such should not be permitted for use against him in court proceedings as, age of the conviction not withstanding, it is no longer a permanent part of his record. Further, an expungement is a procedure comparable to the enumerated list in Rule 609(c). Finally, there have been no subsequent convictions in Mr. Ebert's record, and accordingly, any reference to his prior conviction should be barred.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff Marnie O'Brien respectfully requests that this Court grant her Motion *in Limine* and preclude Defendants from presenting any evidence of Mr. Ebert's prior conviction.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Erica Shikunov*
ERICA SHIKUNOV, ESQUIRE
*Attorneys for Plaintiff*

Dated: July 16, 2021.

## <u>CERTIFICATE OF SERVICE</u>

I, Erica Shikunov, Esquire, hereby certify that on this 15th day of July 2019, true and correct copies of the foregoing Motions *in Limine* and Proposed Orders were filed electronically through the Court's electronic filing ("ECF") system, are available for viewing and downloading from the Court's ECF system, and were served upon the following via the Court's ECF system:

Clark Hill P.C.
Kevin Levine
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, Pa 19103
(215)-640-8500
*Attorney for defendant Gregg Roman*

Clark Hill P.C.
Molly DiBianca
824 N. Market Street, Suite 710
Wilmington, DE 19801
*Attorney for defendant Gregg Roman*

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Erica Shikunov*
ERICA SHIKUNOV, ESQUIRE
*Attorneys for Plaintiff*