IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARNIE O'BRIEN,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>THE MIDDLE EAST FORUM, *et al.,*<br>　　　　Defendants. | :<br>:<br>:<br>:　Civil No. 2:19-cv-06078-JMG<br>:<br>:<br>: |

**ORDER**

**AND NOW**, this 28th day of July, 2021, upon consideration of Plaintiff's Motion to Strike, and any responses thereto, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Preclude Witness Testimony is **DISMISSED as moot**;

2. Plaintiff's Motion to Preclude Damages is **GRANTED in part** and **DENIED in part**. At the outset of a civil proceeding, the parties are required to disclose, *inter alia*, "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). Parties whose initial disclosures are incomplete in any material respect must supplement their disclosures in a timely manner. Fed. R. Civ. P. 26(e). Although Defendant Roman did not disclose any computation of damages prior to discovery, he amended his disclosures one day following the close of discovery to include a claim $35,000 in damages for abuse of process. Defendant Roman then sought to add an additional claim for punitive damages and attorney's fees in his Pretrial Memorandum filed one week before trial. *See* ECF No. 119. The Court finds that Plaintiff will not be prejudiced by Defendant Roman's $35,000 abuse of process claim since they have been on notice of his intent to seek said damages since January 15, 2021. *See* Fed. R. Civ. P. 37(c)(1). However, allowing

Defendants to pursue their claim for punitive damages and attorney's fees would prejudice Plaintiff given that Defendants waited until the eve of trial to assert these claims.  *Id.*  Defendant Roman may therefore pursue his $35,000 abuse of process claim.  His claims for punitive damages and attorney's fees, however, are untimely and therefore precluded.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge