IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARNIE O'BRIEN,
      Plaintiff,

v.        Civil No. 2:19-cv-06078-JMG

THE MIDDLE EAST FORUM, *et al.,*
      Defendants.

**ORDER**

**AND NOW**, this 28th day of July, 2021, upon consideration of Plaintiff's Motions in Limine (ECF No. 101), Defendants' Motions in Limine (ECF No. 105), and any responses thereto, and upon consideration of the supplemental motions in limine offered by the Parties in their pretrial memoranda (ECF Nos. 98, 99) and during the pretrial conference on July 27, 2021, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion in Limine to Exclude Evidence Regarding Recorded Phone Calls Between Matthew Ebert and Defendant Gregg Roman (Def. Ex. 119) is **GRANTED in part** and **DENIED in part**. The portions of this recording pertaining to the alleged drug use of Plaintiff, or that of any other witnesses in this case, is admissible to the extent detailed in Paragraph 3, *infra*, of this Order. Any statements concerning the sexual histories of Plaintiff, or that of any other witnesses in this case, are not relevant since they do not make a fact of consequence more or less probable. *See* Fed. R. Evid. 401. Moreover, the Court finds that any probative value of the portions of this conversation pertaining to the drug use or sexual histories of Plaintiff, or any other witnesses in this case, is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. *See*

1

Fed. R. Evid. 403. Conversely, statements offered for the purpose of demonstrating Plaintiff's improper motive in filing the present suit are relevant and admissible because they tend to undermine Plaintiff's purported reasons for suing the Defendants pursuant to Title VII and the PHRA. *See id.*

2. Plaintiff's Motion in Limine to Exclude Evidence Regarding Phone Calls Between Plaintiff Marnie O'Brien and Lisa Barbounis (Def. Ex. 118) is **GRANTED in part** and **DENIED in part**. This conversation is relevant to the extent that it is offered to rebut Plaintiff's claim that Defendant Roman was not subjected to reduced job responsibilities after Plaintiff reported him to Defendant Pipes. *See* Fed. R. Evid. 401. It is also relevant to the extent it is offered to support Defendants' contention that Plaintiff and Ms. Barbounis had an antagonistic relationship independent of any purported attempts by Defendant Roman to sow discord between them.[1] *See id.* As used in any other context, the Court finds that the risk of unfair prejudice and confusion of the issues substantially outweighs any probative of this conversation. *See* Fed. R. Evid. 403.

3. Plaintiff's Motion in Limine to Exclude Evidence Regarding the Alleged Drug Use of Plaintiff Marnie O'Brien or Any Other Witnesses is **GRANTED in part** and **DENIED in part**. Evidence of Plaintiff's alleged use of marijuana is admissible to the extent that it is offered as a basis for Defendants' expert opinion rebutting Plaintiff's claims for emotional damages. *See* Fed. R. Evid. 703. Plaintiff's purported use of marijuana with Defendant Roman is also relevant, as it tends to

---

[1] During the pretrial conference, the Court advised counsel that any portions of this conversation that are not offered for these purposes are not relevant and excluded from trial. Counsel has advised the Court that they will meet and confer in an attempt to condense this recording to include only the portions deemed relevant by the Court.

undermine Plaintiff's allegations concerning an antagonistic relationship between them. *See* Fed. R. Evid. 401. As it may be used in any other context, evidence of Plaintiff's alleged drug use, or that of any other witnesses in this case, is not relevant because it does make any other facts of consequence more or less probable. *See id.* Furthermore, the Court finds that any probative value would be substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 403.

4. Plaintiff's Motion in Limine to Exclude any Reference to the Prior Criminal Conviction of Matthew Ebert is **GRANTED**. Matthew Ebert was convicted of Illegal Bookmaking in 2003, and his conviction was later expunged from his record. Given that more than ten years have passed since his conviction, evidence thereof is "admissible only if (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b). In determining whether the probative value of admitting evidence of the conviction substantially outweighs its prejudicial effect, the court should consider (1) the nature of the crime; (2) the date of the conviction; (3) the importance of the witness's testimony; and (4) the importance of the witness's credibility. *U.S. v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007). Defendants have represented to the Court that they have no intention of introducing evidence of Mr. Ebert's conviction. *See* Defs.' Resp. to Pl. Mot. in Limine, Tab D (ECF No. 120). Irrespective of Defendants' intent, the

remoteness of Mr. Ebert's conviction, coupled with the fact that it was later expunged from his record, counsels in favor of excluding this evidence from trial.

5. Plaintiff's Motion to Preclude Defendants From Asserting a *Farragher-Ellerth* Defense is **DENIED**. According to Plaintiff, Defendant Roman is a proxy for MEF by virtue of his status as a corporate officer. *See* ECF No. 99. As such, Plaintiff contends that Defendants are barred from asserting the *Farragher-Ellerth* affirmative defense to respondeat superior liability.[2] *Id.* While some circuits have found that the proxy theory of respondeat superior liability precludes a party from offering a *Farragher-Ellerth* defense, Plaintiffs have not identified conclusive authority demonstrating that this interpretation has been adopted by the Third Circuit Court of Appeals.[3]

6. Plaintiff's Motion to Exclude Text Messages Between Caitriona Brady and Delaney Yonacheck (Defs.' Ex. 115) is **DENIED**. This conversation is relevant because it supports Defendants' contention that Plaintiff, and other litigant witnesses, conspired to file their respective lawsuits against Defendant Roman for illicit purposes. *See* Fed. R. Evid. 401. Likewise, it is not inadmissible hearsay because it is not offered for the truth of the matter asserted, but as evidence of motive. *See* Fed. R. Evid. 803(3). The Court also finds that any prejudice concerning this text message exchange is minimal, and does not substantially outweigh its probative value. *See* Fed. R. Evid. 403. For these same reasons,

---

[2] Plaintiff bases her contention on a footnote from *Durham Life Ins. Co. v. Evans*, wherein the Third Circuit acknowledged that there are multiple bases for respondeat superior liability, which includes the proxy theory, but noted that these bases were not relevant to the decision in that case. *See* 166 F.3d 139, 152 n.8 (3d Cir. 1999).
[3] In *Suders v. Easton*, the Third Circuit explicitly declined to further explore the proxy theory of liability. *See* 325 F.3d 432, 448 n.10 (3d Cir. 2003). Plaintiff has not identified, and the Court is not aware of, any authority wherein the Third Circuit has revisited this issue and adopted the interpretation urged by Plaintiff.

       Plaintiff's Motion to Exclude the Second Text Exchange Between Caitriona Brady and Delaney Yonacheck (Defs.' Ex. 116) is **DENIED**.[4]

7. Defendants' Motion in Limine to Exclude Evidence Relating to Defendant Roman's Purported Sexual Encounter with a Former MEF Intern is **DENIED**. Plaintiff's testimony that Defendant Roman bragged to her about having sexual relations with a former MEF intern during a work trip is relevant because it is probative evidence that supports her hostile work environment claim. *See* Fed. R. Evid. 401. While this testimony is undoubtedly prejudicial to Defendants' theory of the case, they have failed to demonstrate how it constitutes *unfair* prejudice which substantially outweighs its probative value. Fed. R. Evid. 403. Indeed, the Court cannot discern how this evidence would "cloud impartial scrutiny and reasoned evaluation of the facts" such that it would "inhibit neutral application of [the] principles of law to the facts as found." *Goodman v. Pennsylvania Turnpike Com'n*, 293 F.3d 655, 670 (3d Cir. 2002). To the extent that Plaintiff alleges that Defendant Roman recounted his purported sexual encounter to Plaintiff, this evidence is admissible.[5]

8. Defendants' Motion in Limine to Exclude the Trial Testimony of Plaintiff's Expert Witness Dr. Kendra Kubala, Psy.D. is **DENIED**. Expert testimony is admissible if (1) the expert's scientific, technical, or specialized knowledge will assist the trier of fact in understanding the evidence or determining relevant facts; (2) the

---

[4] Defense counsel has represented to the Court, and opposing counsel, that comments only attributable to one speaker will only be used for the purpose of establishing the motive or bias of that speaker.
[5] The Court's ruling is limited exclusively to testimony regarding Mr. Roman's alleged statements to Plaintiff regarding his purported sexual encounter with a former MEF intern. Evidence concerning the actual existence of this relationship is not covered by this Order.

testimony is based on sufficient facts or data; (3) their conclusions are based on reliable principles and methods; and (4) the expert has reliably applied these principles and methods to the facts of the case. Fed. R. Evid. 702. In determining whether expert testimony is reliable, the court should consider "(1) whether their method consists of a testable hypothesis; (2) whether their method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on methodology; and (8) the non-judicial uses to which the method has been put." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 834 (3d Cir. 2020) (citations omitted). This reliability inquiry requires a flexible approach. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594 (1993). Defendants seek to exclude Dr. Kubala's testimony as unreliable, arguing that she used subjective methodology and testing techniques to reach her conclusions. In diagnosing Plaintiff, Dr. Kubala utilized the Beck Anxiety Inventory (BAI), the Beck Depression Inventory-2 (BDI-2), and Diagnostic and Statistical Manual of Mental Disorders, 5th Edition (DSM-5). Each of these techniques are recognized and accepted forms of expert diagnosis within the Third Circuit. *See, e.g., Morris v. Barhnhart*, 78 F. App'x 820, 824 (3d Cir. 2003). Defendants also argue that her expert report failed to address plausible alternative explanations for Plaintiff's Generalized Anxiety Disorder (GAD). *See* Defs.' Mot. in Limine 3-7 (citing *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 156 (3d

Cir. 1999)). However, an expert's methodology is only rendered unreliable in this context "where a defendant points to a plausible alternative cause and the [expert] offers no explanation for why he or she has concluded that was not the sole cause." *Heller*, 167 F.3d at 156. Defendants have neither deposed nor cross-examined Dr. Kubala, and have instead merely pointed to their own expert report offered in rebuttal of Dr. Kubala's findings. Pl. Mot. in Limine 12; Defs.' Mot. in Limine 4-7. Dr. Kubala has not had the opportunity to respond to Defendants' proposed alternative causes. Defendants' argument thus attacks the weight, not admissibility, of Dr. Kubala's testimony and is insufficient to warrant its exclusion.[6]

9. Defendants' Motion in Limine to Bifurcate Trial and Exclude Plaintiff's Evidence of Front and Back Pay is **DENIED**. A district court may bifurcate a trial "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Court finds that Defendants have not offered sufficient support for their contention that bifurcating the issue of front and back pay would be in the interests of judicial economy or avoid jury confusion. Front and back pay damages are not a particularly complex concept and are certainly not attenuated from the facts of this case. Jurors are also capable of considering this issue separate and apart from arguments concerning the merits of this case.[7] Likewise, the attendant delay in holding two separate trials outweighs any purported benefit of streamlining or reducing the complexity of an already comparatively short and straightforward trial. *See Innovative Office Products, Inc. v. Spaceco, Inc.*, 2006 WL 1340865, at

---

[6] The Court must "take care not to mistake credibility questions for admissibility questions." *Henderson v. Matthews*, No. 19-3040, 2021 WL 2012544, at *4 (E.D. Pa. May 20, 2021) (quoting *Heller*, 167 F.3d at 157).
[7] Counsel has agreed to meet and confer regarding a limiting jury instruction to achieve this end.

   *3 (E.D. Pa. May 15, 2006). Defendants' arguments that Plaintiff should be precluded from offering evidence of front or back pay are equally unavailing. Plaintiff intends to introduce evidence of her MEF salary, bank records, and statements of income earned since leaving the organization. Pl. Resp. to Defs.' Mot in Limine 22 (ECF No. 118). This evidence is admissible to support her claim for front pay because it is based on her "particularized knowledge by virtue of her experience" and "easily verifiable facts within her personal knowledge." *See Donlin v. Philips Lighting North America Corp.*, 581 F.3d 73, 81-83 (3d Cir. 2009). While supporting expert testimony would undoubtedly strengthen Plaintiff's case, Defendants have offered no authority *requiring* the preclusion of her lay witness testimony in its absence. Plaintiff also intends to introduce evidence of bank records and income statements in support of her claim for back pay. Pl. Resp. to Defs.' Mot. in Limine 23. Despite Defendants' argument to the contrary, the fact that Plaintiff did not disclose a copy of her 2020 tax return prior to the January 14, 2021 discovery deadline is of no consequence given that Plaintiff had not yet completed said return and thus could not produce it by the close of discovery.[8] *See id.* Furthermore, the Court's records are devoid of any attempt by Defendants to compel the production of this tax return.

10.  Defendants' Motion in Limine to Exclude Evidence Relating to Alleged Prior Bad Acts Concerning Other Litigants and Non-Parties is **GRANTED in part** and **DENIED in part**. The testimony of Lisa Barbounis, Patricia McNulty, and

---

[8] The deadline to submit 2020 tax returns was May 17, 2021. *See Tax Day for Individuals Extended to May 17: Treasury, IRS Extends Filing and Payment Deadline*, Internal Revenue Service, https://www.irs.gov/newsroom/tax-day-for-individuals-extended-to-may-17-treasury-irs-extend-filing-and-payment-deadline (last updated Apr. 28, 2021).

        Caitriona Brady concerning purported instances of harassment by Defendant Roman is relevant to the extent that it is offered to recount eyewitness observations of incidents involving harassment of Plaintiff herself. *See* Fed. R. Evid. 401. Testimony concerning Defendant Roman's alleged harassment of Ms. Barbounis, Ms. McNulty, and Ms. Brady is relevant to the extent that these witnesses reported these incidents to Plaintiff because evidence of other acts of harassment, and Plaintiff's knowledge thereof, is probative evidence supporting her hostile work environment claim.[9] *See Hurley v. Atlantic City Police Dept.*, 174 F.3d 95, 111 (3d Cir. 1999). However, testimony by Lisa Barbounis alleging that, out of fear of Defendant Roman, she slept with a knife during her trip to Israel in 2018, constitutes unfair prejudice which substantially outweighs any probative value and is therefore inadmissible.[10] *See* Fed. R. Evid. 403.

11. Defendants' Conditional Motion in Limine to Exclude All Evidence Relating to Plaintiff's Delay in Reporting Harassment and Defendants' *Faragher-Ellerth* Defense is **DENIED**. Evidence concerning the basis for Plaintiff's fear of reprisal for reporting Defendant Roman's conduct is relevant because it supports Plaintiff's claims for hostile work environment, constructive discharge, and punitive damages. *See* Fed. R. Evid. 401. Defendants cannot unilaterally narrow the probative value of this evidence by stating their intent to refrain from asserting a *Faragher-Ellerth* defense to respondeat superior liability. This would hamstring Plaintiff's ability to account for the gap between the dates of the alleged harassment and the date

---

[9] Counsel will meet and confer regarding a potential limiting instruction explaining to the jury that this testimony is not offered for the truth of the allegations that Mr. Roman harassed these witnesses, but how their reporting of this alleged harassment contributed to Plaintiff's hostile work environment.

[10] This determination of unfair prejudice is based, in part, on the fact that Ms. Barbounis is not a party in this matter.

Plaintiff reported Defendant Roman's conduct, leaving the jury to speculate as to why Plaintiff did not do so sooner. Likewise, Defendants' decision not to pursue a *Farragher-Ellerth* defense does not automatically give rise to unfair prejudice and jury confusion which substantially outweighs its probative value. Fed. R. Evid. 403.

12. Defendants' Motion in Limine to Exclude Undisclosed Witnesses is **DENIED**. Pursuant to Local Rule 16.1(c)(4), pretrial memoranda must be "filed and served at such time as the court shall direct" and must include "[a] list showing the names and addresses of all witnesses the party submitting the memorandum intends to call at trial." Plaintiff's initial Pretrial Memorandum, submitted on July 9, 2021 (ECF No. 99), failed to include a witness list. Defendants seek to exclude the testimony of any witnesses not disclosed by Plaintiff during a pretrial phone call between the Parties on June 29, 2021, arguing that such late disclosure would preclude Defendants from addressing any potential evidentiary issues associated with those witnesses. A district court may "depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *U.S. v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). Plaintiff submitted an Amended Pretrial Memorandum on July 19, 2021 (ECF No. 111) which designated as potential witnesses all individuals disclosed during the Parties' June 29, 2021 phone call, in addition to Plaintiff's expert witness, Dr. Kendra Kubala. As a result, Plaintiff cured her deficiency within ten days. Regardless, Defendants had notice of each of these potential witnesses prior

to the pretrial memorandum deadline. The expert discovery deadline in this matter was August 25, 2020 and Plaintiff disclosed her other potential witnesses to Defendants on June 29, 2021. Accordingly, the Court finds that Defendants will not be unfairly prejudiced by Plaintiff's initial failure to include the names of these potential witnesses in her Pretrial Memorandum.

13. Defendants' Motion to Exclude Daniel Pipes' Email to Gregg Roman Dated November 6, 2018 (Pl. Ex. 8) is **DENIED**. Despite Defendants' contention that this email was not the final version of Defendant Pipes' memorandum to Defendant Roman, thereby requiring exclusion under Fed. R. Evid. 1002, no such final memorandum has been offered. Additionally, Defendant Pipes has authenticated this email during his deposition testimony. The Court therefore discerns no basis for precluding this evidence.

14. Defendants' Motion to Exclude Tricia McNulty's Email to Daniel Pipes on April 22, 2019 (Pl. Ex. 9) is **GRANTED**. This email contains allegations of harassment by Tricia McNulty which she learned from Matthew Bennett and Caitriona Brady, and subsequently conveyed to Defendant Pipes. These statements constitute hearsay within hearsay, which can only be cured if each declaration conforms to an exception to the hearsay rule. Fed. R. Evid. 805. The statements by Ms. McNulty to Defendant Pipes are nonhearsay since they are not offered for the truth of the matter asserted, but instead are offered for their effect on the listener. *See* Fed. R. Evid. 801; *see also Larochelle v. Wilmac Corporation*, 769 F. App'x 57, 65 (3d Cir. 2019). However, Plaintiff has not identified an applicable exception to the rule

11

against hearsay as it applies to the statements by Mr. Bennett and Ms. Brady to Ms. McNulty, rendering these statements inadmissible.

15. Defendants' Motion to Exclude Lisa Barbounis's Email to Daniel Pipes on November 4, 2018 (Pl. Ex. 18) is **DENIED**. These statements are nonhearsay since they are not offered for the truth of the matter asserted, but to demonstrate the effect on the listener. *See* Fed. R. Evid. 801; *see also Larochelle v. Wilmac Corporation*, 769 F. App'x 57, 65 (3d Cir. 2019). Furthermore, they are relevant in that they support Plaintiff's claims concerning gender discrimination and Defendant Roman's purported attempts to foster an environment of fear and paranoia within the office. *See* Fed. R. Evid. 401.

16. Defendants' Motion to Exclude Tweets by Defendant Pipes (Pl. Exs. 44 and 45) is **GRANTED**. The Court finds that these tweets are not relevant because they do not make a fact of circumstance in this case more or less probable. *See* Fed. R. Evid. 401. Regardless, the risk of unfair prejudice from admitting this evidence substantially outweighs any probative value. *See* Fed. R. Evid. 403. The Court also finds that these tweets are inadmissible character evidence given that they are offered to prove that Defendant Pipes acted in accordance with a purported character trait in response to the specific allegations in this case. *See* Fed. R. Evid. 404(a).

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge