**DEREK SMITH LAW GROUP, PLLC**
ERICA A. SHIKUNOV, ESQUIRE
Attorney ID No. 316841
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
erica@dereksmithlaw.com
*Attorneys for Plaintiff, Marnie O'Brien*

## IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARNIE O'BRIEN** | : | |
| | : | |
| **Plaintiff** | : | **Civil Action** |
| | : | |
| **vs.** | : | **No. 2:19-cv-06078-JMG** |
| | : | |
| **MIDDLE EASTERN FORUM,** | : | |
| **DANIEL PIPES (individually),** | : | |
| **and** | : | |
| **GREGG ROMAN (individually)** | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| **GREGG ROMAN** | : | |
| | : | |
| **Counterclaim and Third-Party Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **MARNIE O'BRIEN,** | : | |
| | : | |
| **Counterclaim Defendant,** | : | |

---

## PLAINTIFF'S PROPOSED ORDER

DEREK T. SMITH LAW GROUP, PLLC
Attorneys for Plaintiff
Erica A. Shikunov, Esq.
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARNIE O'BRIEN** | : |
| | : |
| **Plaintiff** | : Civil Action |
| | : |
| **vs.** | : No. 2:19-cv-06078-JMG |
| | : |
| **MIDDLE EASTERN FORUM,** | : |
| **DANIEL PIPES (individually),** | : |
| **and** | : |
| **GREGG ROMAN (individually)** | : |
| | : |
| **Defendants** | : |
| | : |

| | |
|---|---|
| **GREGG ROMAN** | : |
| | : |
| **Counterclaim and Third-Party Plaintiff** | : |
| | : |
| **vs.** | : |
| | : |
| **MARNIE O'BRIEN,** | : |
| | : |
| **Counterclaim Defendant,** | : |

## PLAINTIFF'S PROPOSED ORDER

Upon consideration of *Plaintiff's Motion for a New trial Pursuant to Fed. R. Civ. P. 59*, it

is hereby ORDERED that:

1. The jury verdict [ECF No. 144] is hereby vacated

2. Plaintiff's Motion for a New Trial is hereby GRANTED.

SO ORDERED.

_____
The Honorable John M. Gallagher
United States District Court Judge

Dated: August 26, 2021

**DEREK SMITH LAW GROUP, PLLC**
ERICA A. SHIKUNOV, ESQUIRE
Attorney ID No. 316841
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
erica@dereksmithlaw.com
*Attorneys for Plaintiff, Marnie O'Brien*

## IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARNIE O'BRIEN** : | |
| : | |
| **Plaintiff** : | **Civil Action** |
| : | |
| **vs.** : | **No. 2:19-cv-06078-JMG** |
| : | |
| **MIDDLE EASTERN FORUM,** : | |
| **DANIEL PIPES (individually),** : | |
| **and** : | |
| **GREGG ROMAN (individually)** : | |
| : | |
| **Defendants** : | |
| : | |
| _____: | |
| **GREGG ROMAN** : | |
| : | |
| **Counterclaim and Third-Party Plaintiff** : | |
| : | |
| **vs.** : | |
| : | |
| **MARNIE O'BRIEN,** : | |
| : | |
| **Counterclaim Defendant,** : | |
| _____: | |

---

## PLAINTIFF'S MOTION UNDER FRCP 59 FOR A NEW TRIAL

DEREK T. SMITH LAW GROUP, PLLC
Attorneys for Plaintiff
Erica A. Shikunov, Esq.
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARNIE O'BRIEN** | : | |
| | : | |
| **Plaintiff** | : | **Civil Action** |
| | : | |
| **vs.** | : | **No. 2:19-cv-06078-JMG** |
| | : | |
| **MIDDLE EASTERN FORUM,** | : | |
| **DANIEL PIPES (individually),** | : | |
| **and** | : | |
| **GREGG ROMAN (individually)** | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| **GREGG ROMAN** | : | |
| | : | |
| **Counterclaim and Third-Party Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **MARNIE O'BRIEN,** | : | |
| | : | |
| **Counterclaim Defendant,** | : | |

## PLAINTIFF'S MOTION FOR A NEW TRIAL
## PURSUANT TO FED. R. CIV. P. 59

Plaintiff hereby moves, pursuant to Fed. R. Civ. P. 59, for an Order granting a new trial. Evidentiary errors made during the course of the trial warrant a new trial, including the following:

First, the Court did not decide whether Defendant Gregg Roman was a proxy of Defendants which would bar Defendants' entitlement to a Farragher-Ellerth defense, coupled with the failure to provide the jury with proxy-liability instruction was improper. As a result, the jury was presented with an incomplete jury instruction by which to render its verdict.

2

Second, the Court permitted Defendant Roman to pursue his abuse of process claim against Ms. O'Brien. Although Defendant Roman did not present any evidence to meet his burden in proving an abuse of process claim against Ms. O'Brien, this Court allowed the abuse of process claim to proceed, constituting an error of law.

Third, the Court precluded Plaintiff from offering evidence that when Ms. Barbounis was on a business trip with Roman, out of fear, she slept with a knife under her pillow. Such evidence is relevant and is not unduly prejudicial. This is relevant because it demonstrates harassment at the hands of Roman was not an uncommon occurrence, but rather a consistent pattern, which placed Roman's subordinates in reasonable fear. In sum, this Court committed a prejudicial error by preventing the jury from hearing relevant evidence.

The cumulative effect of these errors severely prejudiced Ms. O'Brien and resulted in grave injustice.

Accordingly, as explained more fully in the accompanying Memorandum of Law in Support of Plaintiff's Motion for a New Trial Pursuant to Fed. R. Civ. P. 59, Plaintiff respectfully requests that this Court issue an order for a new trial. A Proposed Order is attached hereto.

Plaintiff requests oral argument on this motion.

Respectfully submitted,
**DEREK SMITH LAW GROUP, PLLC**


BY: _Erica A. Shikunov_____
     Erica A. Shikunov, Esq.
     1835 Market Street, Suite 2950
     Philadelphia, PA 19103
     (215) 391-4790
     erica@dereksmithlaw.com
     *Attorneys for Plaintiff*

Dated: August 26, 2021

**DEREK SMITH LAW GROUP, PLLC**
ERICA A. SHIKUNOV, ESQUIRE
Attorney ID No. 316841
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
erica@dereksmithlaw.com
*Attorneys for Plaintiff, Marnie O'Brien*

## IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **MARNIE O'BRIEN** | : | |
| | : | |
| **Plaintiff** | : | **Civil Action** |
| | : | |
| **vs.** | : | **No. 2:19-cv-06078-JMG** |
| | : | |
| **MIDDLE EASTERN FORUM,** | : | |
| **DANIEL PIPES (individually),** | : | |
| **and** | : | |
| **GREGG ROMAN (individually)** | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| | : | |
| **GREGG ROMAN** | : | |
| | : | |
| **Counterclaim and Third-Party Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **MARNIE O'BRIEN,** | : | |
| | : | |
| **Counterclaim Defendant,** | : | |
| | : | |

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. 59**

---

DEREK T. SMITH LAW GROUP, PLLC
Attorneys for Plaintiff
Erica A. Shikunov, Esq.
1835 Market Street, Suite 2950
Philadelphia, PA 19103

(215) 391-4790

# TABLE OF CONTENTS

I.     INTRODUCTION …………………………………………………………………1

II.    LEGAL STANDARD …………………………………………………………...2

III.   ARGUMENT ……………………………………………………………………3

     A.   A New Trial Should be Granted because the Court Failed to Provide a Proxy-Liability Instruction as to Defendant Roman ……………………………………………4

         1.   Proxy-Liability in Hostile Work Environment under Title VII ………………………4

         2.   Necessity of Jury Instruction ……………………………………………………6

     B.   A New Trial Should be Granted because the Court Permitted Defendant Roman's Counterclaim …………………………………………………………………8

     C.   A New Trial Should be Granted because the Court Excluded Relevant Evidence……………………………………………………………………11

IV.   CONCLUSION …………………………………………………………………..13

ii

## TABLE OF AUTHORITIES

**Cases**

*Abramson v. William Patterson College of New Jersey,*
   260 F.3d 265 (3d Cir.2001) ………..……………………………………………………...4

*Aman v. Cort Furniture Rental Corp.,*
   85 F.3d 1074 (3rd. Cir. 1996) …………………………………………………………..11

*Andrews v. City of Philadelphia,*
   895 F.2d 1469(3d Cir.1990) …….…………………………………………………………4

*Ballarini v. Clark Equipment Co.*
   96 F.3d 1431 (3d Cir. 1996) …………………………………………….…………......3

*Bhaya v. Westinghouse Elec. Corp.*
   709 F. Supp. 600 (E.D. Pa. 1989) …...……………………………………….....4, 8

*Burlington Industries, Inc. v. Ellerth,*
   524 U.S. 742 (1998) …………...……………………………………………………5

*Ciolli v. Iravani*
   625 F. Supp. 2d 276 (E.D. Pa. 2009) …………….……………………………………..10

*Cradle of Liberty Council v. City of Phila.*
   851 F. Supp. 2d 936 (E.D. Pa. 2012) ……….………………………………………....3

*DiSante v. Russ Financial Co.*
   380 A.2d 439, 441 (1977) …………….…………………………………………….... 10

*Donaldson v. Lensbouer*
   2017 WL 5634130 (W.D. Pa. Nov. 21, 2017) …………….…………………………………12

*Downs v. Borough of Jenkintown*
   No. 18-4529, 2019 WL 1383802 (E.D. Pa. Marc. 26, 2019) ……………..……….…………9

*Durham Life Ins. Co. v. Evans*
   166 F.3d 139(3d Cir.1999) …………….………………………………………….…...6

*EEOC v. Del. Dep't Health*
   865 F.2d 1408 (3d Cir.1989) ……….…...………………………………………….......3

*EEOC v. Farmer Bros. Co.*

31 F.3d 891(9th Cir.1994) …………………………………………………………....12

*Faragher v. Boca Raton*
524 U.S. 775 (1998) …………………………………………………………....5

*Gen. Refractories Co. v. Fireman's Fund Ins. Co.*
337 F.3d 297 (3d Cir.2003) ………………….………………………….……....10

*Giordano v. Claudio*
714 F. Supp. 2d 508 (E.D. Pa. 2010) ………….………………………………9

*Goodwin v. Seven–Up Bottling Co. of Philadelphia*
1998 WL 438488 (E.D.Pa. July 31, 1998) …………………………………………3

*Hightower v. Roman, Inc.*
190 F. Supp. 2d 740 (D.N.J. 2002) ……………………………...…6

*In re Finney*
184 F. App'x 285 (3d Cir. 2006) ………………….………………………………10

*Klein v. Hollings*
992 F.2d 1285 (3d Cir.1993) ………………….……………………………3,4,8

*Kunin v. Sears Roebuck & Co.*
175 F.3d 289 (3d Cir.1999) ………………….……………………..……....4

*Lerner v. Lerner*
954 A.2d 1229 (Pa. Super. Ct. 2008) …………………………………....9, 10

*Link v. Mercedes-Benz of N. Am., Inc.*
788 F.2d 918(3d Cir. 1986) ………………….…………………….…..…4,8

*M.B. v. Women's Christian Alliance*
2003 WL 21384836*2 (E.D.Pa. June 16, 2003) …………………………….…3

*Mallinson–Montague v. Pocrnick*
224 F.3d 1224 (10th Cir.2000) ………………….……………………..……...…6

*Maylie v. Nat'l R.R. Passenger Corp.*
791 F. Supp. 477 (E.D. Pa. 1992) …..……………………………………3

*Montgomery County v. Microvote Corp.*
2001 WL 722150, at *8, 2001 U.S. Dist. LEXIS 8727 at *26 (E.D.Pa. June 25, 2001) ...……3

*Passantino v. Johnson & Johnson Consumer Products, Inc.*
212 F.3d 493 (9th Cir. 2000) ………………….………………………..………………6

iv

*Pennsylvania State Police v. Suders*
    542 U.S. 129 (2004). …………………………………………………………..……………5

*Rosen v. Tesoro Petroleum Corp.*
    582 A.2d 27 (1990) …………………………………………………………………..…10

*Schwapp v. Town of Avon*
    118 F.3d 106 (2d. Cir 1997) ………..…………………………………………………12

*Shiner v. Moriarty*
    706 A.2d 1228 (Pa. Super. Ct. 1998) ………………………………………………….9

*Strauser v. Jay Fulkroad & Sons, Inc.*
2005 WL 2020636, at *8 (M.D. Pa. July 28, 2005) …………………….…………….……..6

*Torres v. Pisano*
    116 F.3d 625 (2nd Cir., 1997)…………………………………………………….…5

*U.S. Equal Emp. Opportunity Comm'n v. Scott Med. Health Ctr., P.C.*
    2017 WL 5493975 (W.D. Pa. Nov. 16, 2017) …………...………………………...…………5, 6

*Velez v. QVC, Inc.*
    227 F. Supp. 2d 384 (E.D. Pa. 2002) …………………………………………...…………12

*Wagner v. Fair Acres Geriatric Ctr.*
    49 F.3d 1002 (3d Cir. 1995) ……………….……………………………………………….3

*Williamson v. Consol. Rail Corp.,*
    926 F.2d 1344 (3d Cir.1991) …………...………………………………………...3

## Other Authorities

Fed. R. Civ. P. 59……………………………………………………………..2, 3,8, 11, 13

Fed. R. Evid. 403 ……………………………………………………………………..11

## I.   INTRODUCTION

Plaintiff/Counterclaim Defendant ("O'Brien") dual-filed a Charge of Discrimination on July 25, 2019 with the Equal Employment Opportunity Commission (EEOC) and Pennsylvania Human Relations Commission (PHRC) alleging sexual harassment and gender discrimination against Defendants. On December 23, 2019, she filed a Complaint with this Honorable Court.

On December 17, 2019 she dual-filed a second Charge of Discrimination with the EEOC and PHRC alleging Retaliation under Title VII and the PHRA and averring that Defendant/ Counterclaim Plaintiff Roman ("Roman") had made a phone call to deliberately thwart a job opportunity of hers. On January 27, 2020 Ms. O'Brien filed a second complaint corresponding with the second charge. On April 10, 2020 Defendant Roman filed an Answer to the second Complaint with four Counterclaims against Ms. O'Brien. On Friday, January 22, 2021, Defendant Roman dismissed all remaining Counterclaims against Ms. O'Brien except Count II – Abuse of Process.

The trial commenced on July 30, 2021 and on August 6, 2021, the jury entered judgment in favor of Defendants on Counts I and II of Ms. O'Brien's Complaint and Ms. O'Brien on Count I of the Counterclaimant Complaint.[1]  Plaintiff Marnie O'Brien seeks a new trial.

In this case, the jury heard evidence regarding Defendant Roman's high rank within the Middle East Forum, both as a corporate officer and as the penultimate decision and policy maker. Taken together, Defendant Roman is the type of employee who falls squarely within the definition of the "alter-ego" or "proxy" theory of liability. Nonetheless, Defendants were permitted to proceed with an affirmative defense to which they were not entitled. Although the jury received instructions regarding this affirmative defense, the jury was not provided a proxy-liability

---

[1] 8/6/21 Civil Judgment (ECF No. 144).

instruction. The failure to instruct the jury on proxy-liability is a significant error of law which prejudiced Ms. O'Brien.

Next, the Court permitted Defendant Roman's meritless counterclaim, which constituted a waste of time during the trial and prejudiced Ms. O'Brien by having to defend it. As described in more detail below, it was immediately apparent that Defendant Roman would not be able to meet his burden in proving an abuse of process claim against Ms. O'Brien. Nonetheless, this Court allowed the abuse of process claim to proceed, constituting a significant error of law which prejudiced Ms. O'Brien.

Finally, the Court excluded evidence from Lisa Barbounis' work-related trip to Israel. Specifically, when Ms. Barbounis was on a business trip with Defendant Roman, out of fear, she slept with a knife under her pillow. Such evidence is relevant and is not unduly prejudicial. If such testimony had been permitted to be heard by the jury, it would have demonstrated that due to Defendant Roman's constant crude and sexual comments and advancements, Ms. Barbounis was so distraught at the possibility of falling victim to Defendant Roman's perpetual harassment, she felt obligated to protect herself. This is relevant because it demonstrates harassment at the hands of Defendant Roman was not an uncommon occurrence, but rather a consistent pattern, which placed Defendant Roman's subordinates in reasonable fear. In sum, a significant error of law was made by preventing the jury from hearing relevant evidence.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 59(a) governs a motion for a new trial. Pursuant to Fed.R.Civ.P. 59, a court may grant a new trial "to all or any of the parties and on all or part of the issues (1) in an action where there has been a trial by jury for any of the reasons for which new

trials have heretofore been granted in actions at law in the courts of the United States…" Fed. R. Civ. P. 59(a).

A court will grant a new trial if doing so is required to prevent injustice or to correct a verdict that was against the weight of evidence. Ballarini v. Clark Equipment Co., 841 F.Supp. 662, 664 (E.D.Pa.1993), aff'd, 96 F.3d 1431 (3d Cir.1996). A court may also grant a new trial based on a prejudicial error of law. See M.B. v. Women's Christian Alliance, 2003 WL 21384836*2 (E.D.Pa. June 16, 2003) (citing Klein v. Hollings, 992 F.2d 1285, 1289–90 (3d Cir.1993)). A court should grant a new trial "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1353 (3d Cir.1991) (citing EEOC v. Del. Dep't Health, 865 F.2d 1408, 1413 (3d Cir.1989)). Thus, absent a showing of substantial injustice or prejudicial error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict. Montgomery County v. Microvote Corp., 2001 WL 722150, at *8, 2001 U.S. Dist. LEXIS 8727 at *26 (E.D.Pa. June 25, 2001) (citing Goodwin v. Seven–Up Bottling Co. of Philadelphia, No. 96–2301, 1998 WL 438488 at *3 (E.D.Pa. July 31, 1998)).

"Reasons for granting a new trial may include the following: (1) there is a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury." Cradle of Liberty Council v. City of Phila., 851 F. Supp. 2d 936, 940 (E.D. Pa. 2012) (citing Maylie v. Nat'l R.R. Passenger Corp., 791 F. Supp. 477, 480 (E.D. Pa. 1992)). Determining whether to grant a new trial is within the sound discretion of the trial court. Wagner v. Fair Acres Geriatric Ctr., 49 F.3d 1002, 1017 (3d Cir. 1995).

The scope of the district court's discretion when deciding a Rule 59 motion depends on whether the motion is based on a prejudicial error of law or on a verdict alleged to be against the weight of the evidence. Klein, *supra* at 1289-90 (3d Cir. 1993). When the basis of the motion involves a matter within the trial court's sound discretion, such as the court's evidentiary rulings or points for charge to the jury, the trial court has wide latitude in deciding the motion. Link v. Mercedes-Benz of N. Am., Inc., 788 F.2d 918, 921-22 (3d Cir. 1986); *see also* Klein. The court must determine: (1) "whether an error was in fact made;" and (2) "whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice." Bhaya v. Westinghouse Elec. Corp., 709 F. Supp. 600, 601 (E.D. Pa. 1989) (internal quotation marks and citation omitted).

## III.   ARGUMENT

### A.  A New Trial Should be Granted because the Court Failed to Provide a Proxy-Liability Instruction as to Defendant Roman

1. <u>Proxy-Liability in Hostile Work Environment under Title VII</u>

In order to bring an action successfully under Title VII for a hostile work environment, a Third Circuit plaintiff must prove a prima facie case that: (1) she suffered intentional discrimination because of her gender; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; (5) the existence of respondeat superior liability. See Abramson v. William Patterson College of New Jersey, 260 F.3d 265, 276–77 (3d Cir.2001) (quoting Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir.1999) (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir.1990)). To bring a compound hostile work environment constructive discharge claim, a Plaintiff must also prove that the "working conditions

were so intolerable that a reasonable person would have felt compelled to resign." <u>Pennsylvania State Police v. Suders</u>, 542 U.S. 129 (2004).

Under Title VII, in cases in which the harasser is a "supervisor," and the supervisor's harassment culminates in a tangible employment action (i.e., "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits,") the employer is strictly liable. <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 761 (1998). But if no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided. <u>Faragher v. Boca Raton</u>, 524 U.S. 775, 807 (1998); <u>Ellerth</u>, <i>supra</i>, at 765.

Notably, a supervisor may hold a sufficiently high position in the management hierarchy of the company for his actions to be imputed automatically to the employer. <u>Faragher</u>, <i>supra</i> at 790, citing <u>Torres v. Pisano</u>, 116 F.3d 625 (2nd Cir., 1997). In cases where the harasser is the company owner, president, proprieter, partner or **corporate officer**, an employee need not prove respondeat superior liability, or the propriety of holding an employer liable. <u>Faragher</u>, <i>supra</i> at 789-90. This is known as the alter-ego theory of liability, wherein the agent's high rank within the company makes him or her the employer's alter ego. <u>Ellerth</u>, <i>supra,</i> at 758. <u>See</u> <u>also</u> <u>U.S. Equal Emp. Opportunity Comm'n v. Scott Med. Health Ctr., P.C.</u>, No. CV 16-225, 2017 WL 5493975, at *5 (W.D. Pa. Nov. 16, 2017). ("In other words, Defendant, acting through an alter ego or proxy of the corporation, tolerated and ratified the Title VII violation in this case, affirmatively allowing a manager to create and perpetuate a sexually hostile working environment in the face of its

obligation to prevent and correct such an environment."). "The good faith efforts defense to punitive damages is unavailable for discriminatory acts committed by company officials who are of sufficient authority within the organization that they are deemed alter egos or proxies of the organization under agency principles, such as owners or corporate officers." Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 516 (9th Cir. 2000) (employees with positions sufficiently high up in the company are considered proxies and thus prevent the company from asserting a vicarious liability defense to punitive damages); see also Hightower v. Roman, Inc., 190 F. Supp. 2d 740, 753-54 (D.N.J. 2002) (denying summary judgment where issue of fact remained about alleged harasser's role in the company and whether he was sufficiently senior to be a proxy). U.S. Equal Emp. Opportunity Comm'n v. Scott Med. Health Ctr., P.C., No. CV 16-225, 2017 WL 5493975, at *5 (W.D. Pa. Nov. 16, 2017)

Under the alter-ego theory certain high ranking officials' conduct can be held automatically imputable to the employer. Strauser v. Jay Fulkroad & Sons, Inc., No. 4:03-CV-2017, 2005 WL 2020636, at *8 (M.D. Pa. July 28, 2005). See Mallinson–Montague v. Pocrnick, 224 F.3d 1224, 1232 (10th Cir.2000) (recognizing theory and noting an "absolute scarcity of case law development of this alternative avenue of employer liability"); Durham Life Ins. Co. v. Evans, 166 F.3d 139, 152 n. 8 (3d Cir.1999) (recognizing existence of alter-ego theory of liability).

When a plaintiff has established a hostile work environment and the Defendant is an alter-ego of the defendant company, the defendant is not entitled to use the Faragher-Ellerth affirmative defense.

2. Necessity of Jury Instruction

In the present case, this Court determined the issue of whether Defendant Roman was a proxy of Defendant Middle East Forum, negating the Faragher-Ellerth affirmative defense, was a

question of fact for the jury. However, this Court instructed the jury as to the Faragher-Ellerth

defense without first instructing the jury to decide whether Defendant Roman was a proxy of

Defendant Middle East Forum. Such a determination was pivotal in deciding the applicability of

the Faragher- Ellerth defense. Rather, with regard to Ms. O'Brien's hostile work environment

claim, the Court provided the following instructions:

> I will now instruct you more fully on the issues you must address in this case. Title
> VII, a hostile work environment. As I just mentioned, Ms. O'Brien claims that she
> was subjected to harassment by Mr. Roman and that this harassment was motivated
> by her gender. The Middle East Forum, Dr. Pipes, and Mr. Roman are liable for the
> actions of Mr. Roman in Ms. O'Brien's claim of harassment if Ms. O'Brien proves
> all of the following elements by a preponderance of the evidence. One, Ms. O'Brien
> was subjected to sexual harassment by Mr. Roman. Two, Mr. Roman's conduct
> was not welcomed by Ms. O'Brien. Three, Mr. Roman's conduct was motivated by
> the fact that Ms. O'Brien is a female. Four, the conduct was so severe or pervasive
> that a reasonable person in Ms. O'Brien's position would find Ms. O'Brien's work
> environment to be hostile or abusive. This element requires you to look at the
> evidence from the point of view of a reasonable female's reaction to Ms. O'Brien's
> work environment. You must look at all of the circumstances, including the
> frequent -- the frequency of the allegedly discriminatory conduct, in addition to its
> severity, and consider whether it was physically threatening or humiliating or a
> mere offensive utterance, and whether it would be -- and whether it would
> unreasonably interfere with an employee's work performance. And, five, Ms.
> O'Brien believed her work environment to be hostile or abusive as a result of Mr.
> Roman's conduct. If any of the above elements have not been proven by a
> preponderance of the evidence, your verdict must be for the Defendants, and you
> need not proceed further in considering this claim. If you find that these elements
> have been proven by a preponderance of the evidence, then you must consider
> whether, six, Mr. Roman was Ms. O'Brien's supervisor. An employee is a
> supervisor is they are empowered by the employer to take a tangible employment
> action against the alleged victim. A tangible employment action is a significant
> change in employment status, such as hiring, firing, failing to promote,
> reassignment with significantly different responsibilities, or a decision causing a
> significant change in benefits. And you must consider, seven, sexual harassment by
> Mr. Roman culminated in Ms. O'Brien's constructive discharge. To prove that they
> were subjected to a constructive discharge, the Plaintiff must prove that working
> conditions became so intolerable that a reasonable person in the employee's
> position would have felt compelled to resign. If you find that these two elements
> have been proven by a preponderance of the evidence, your verdict must be for the
> Plaintiff, and you need not proceed further in considering this claim. If you find
> that these last two elements have not been proven, then you must consider
> Defendants' affirmative defense. I will instruct you now on the elements of that

affirmative defense. You must find for the Defendants if you find that they have proven both of the following evidence -- I'm sorry. You must find for the Defendants, plural, if you find that they have proven both of the following elements by a preponderance of the evidence. One, Dr. Pipes and The Middle East Forum exercised reasonable care to prevent harassment in the workplace on the basis of gender, and also exercised reasonable care to promptly correct any harassing behavior that did occur; and, two, Ms. O'Brien unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Defendants. Proof of the four following facts will be enough to establish the first element that I just referred to concerning prevention and correction of harassment. One, the Defendants had established an explicit policy against harassment in the workplace on the basis of gender. Two, that the policy was fully communicated to its employees. Three, that policy provided a reasonable way for Ms. O'Brien to make a claim of harassment to higher management. And, four, reasonable steps were taken to correct the problem, if raised by Ms. O'Brien. On the other hand, proof that Ms. O'Brien did not follow a reasonable complaint procedure provided by The Middle East Forum will ordinarily be enough to establish that Ms. O'Brien unreasonably failed to take advantage of a corrective opportunity.[2]

As evidenced from the above instructions, no proxy-liability instruction was given to the jury. Had the jury been instructed on proxy-liability and determined Defendant Roman was a proxy of the Defendant Middle East Forum, the use of the <u>Faragher-Ellerth</u> affirmative defense would have been inapplicable. The failure to instruct the jury on proxy-liability constitutes a significant error of law and, as such, a new trial is warranted under Fed. R. Civ. P. 59(a).

**B. <u>A New Trial Should Be Granted because the Court Permitted Defendant Roman's Counterclaim</u>**

When the basis of the motion involves a matter within the trial court's sound discretion, such as the court's evidentiary rulings or points for charge to the jury, the trial court has wide latitude in deciding the motion. <u>Link</u>, *supra*, at 921-22 (3d Cir. 1986); <u>Klein</u>, *supra*, 1289-90. The court must determine: (1) "whether an error was in fact made;" and (2) "whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice." <u>Bhaya</u>, *supra*, at 600, 601 (E.D. Pa. 1989) (internal quotation marks and citation omitted).

---

[2] 8/5/21 Trial Tr. at 182:9 – 186:5.

To establish a common law abuse of process claim, Defendant Roman must prove that Ms. O'Brien "(1) used a legal process against [Defendant Roman], (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to [Defendant Roman]." Lerner v. Lerner, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008), quoting Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998).

In the present case, by permitting Defendant Roman's counterclaim, this Court prejudiced Ms. O'Brien by requiring her to defend against a baseless claim. As stated in Ms. O'Brien's Memorandum of Law in Support of Her Motion for Summary Judgment, Defendant Roman's Abuse of Process Claim was meritless and legally insufficient.

As a matter of law, the mere filing and subsequent withdrawal of a Complaint cannot satisfy the abuse of process standards outlined in Lerner, namely: 1) the legal process was used against the moving party; 2) the legal process was used in a manner for which it was not designed; and 3) that the moving party suffered harm. None of these factors are present in this case. The mere filing of an action does not constitute an abuse of process. See Giordano v. Claudio, 714 F. Supp. 2d 508, 533–34 (E.D. Pa. 2010). Outside of filing the second Complaint, the only other legal action Ms. O'Brien took was withdrawing it. This factor alone is dispositive pursuant to Giordano and Lerner.

The Court's opinion, dated May 28, 2021, cites to Downs v. Borough of Jenkintown, No. 18-4529, 2019 WL 1383802, at *7 (E.D. Pa. Marc. 26, 2019) for the proposition that an abuse of process claim may lie where a litigant intends to cause financial injury to the opposing party. There was no evidence presented that Ms. O'Brien intended to cause financial injury to Defendant Roman. Rather, Ms. O'Brien's initial complaint was a legalized filing, based on evidence available at the time of filing. Once Ms. O'Brien uncovered additional information from admissions made

within Mr. Ebert's filing, and in reliance on such admissions, she immediately agreed to withdraw the filed Complaint.

Furthermore, to substantiate an abuse of process claim, the behavior involved must be "truly abusive." In re Finney, 184 F. App'x 285, 289-90 (3d Cir. 2006). The process must be used for means of blackmail, extortion, engaging in abusive discovery tactics or some other nefarious ends. Id. The instant case involves a mere initiation of proceedings based on a claimant's good faith belief as to the validity of the facts pled within the filing. Thereafter, while the case was still at the pleadings stage, and upon obtaining discovery of new information, the proceedings were withdrawn. There was no opportunity for abuse of process because the process itself was expediently withdrawn. No abuse of process occurs where the process was merely carried out to its authorized conclusion. DiSante v. Russ Financial Co., 380 A.2d 439, 441 (1977).

Defendant Roman must prove that Ms. O'Brien engaged in conduct such as Ms. O'Brien "intentionally withheld critical documents, ignored court orders, permitted false testimony at depositions and misrepresented facts to opposing counsel and the court…[or] engag[ed] in an intentional effort to obstruct legitimate discovery by using the claim of privilege and attempting to hide critical facts and discoverable documents." Lerner, supra, at 1238. (citing Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 301-05 (3d Cir.2003). Defendant Roman cannot rely on the defendant's "bad or malicious intentions"; "[r]ather there must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel [Defendant Roman] to take some collateral action." Ciolli v. Iravani, 625 F. Supp. 2d 276, 296 (E.D. Pa. 2009) (citing Rosen v. Tesoro Petroleum Corp., 582 A.2d 27, 32–33 (1990)). "[T]here is no liability where [Ms. O'Brien] has done nothing more than carry out the process to its authorized conclusion." Id. (quoting DiSante, supra, at 441).

By permitting Defendant Roman's counterclaim, this Court unfairly prejudiced Ms. O'Brien by requiring her to defend a baseless claim and wasting this Court's time when it was immediately apparent Defendant Roman would not meet his burden for an abuse of process claim. The inclusion of Defendant Roman's counterclaim constitutes a significant error of law and, as such, a new trial is warranted under Fed. R. Civ. P. 59(a).

C. **A New Trial Should Be Granted because the Court Improperly Excluded Relevant Evidence**

Rule 403 states that the court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403. It is important to note that the evidence in question must not be free from prejudice, but from unfair prejudice.

In the instant matter, this Court erred by excluding Lisa Barbounis' relevant testimony. If permitted to testify, Ms. Barbounis would have stated she slept with a knife during her trip to Israel in 2018 out of fear from Defendant Roman. This evidence is relevant because it demonstrates harassment at the hands of Defendant Roman was not an uncommon occurrence, but rather a consistent pattern, which placed Defendant Roman's subordinates in reasonable fear.

Nonetheless, this Court ruled that such testimony's probative value was substantially outweighed by its unfair prejudice. In its ruling, this Court based its determination, in part, on the fact that Ms. Barbounis was not a party to this matter. However, in Title VII harassment cases, evidence of another employees' harassment is pertinent to a hostile work environment claim. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3rd. Cir. 1996). The harassment need not occur in the Plaintiff's presence if the incidents of harassment contributed to the hostile work environment, and even second-hand knowledge of such events is sufficient to make a Plaintiff

11

aware of the nature of the environment in which he or she works. Velez v. QVC, Inc., 227 F. Supp. 2d 384, 411 (E.D. Pa. 2002); *see also* Schwapp v. Town of Avon, 118 F.3d 106, 111-112 (2d. Cir 1997) (holding that district court erred in excluding eight incidents of harassment which Plaintiff did not directly experience); EEOC v. Farmer Bros. Co., 31 F.3d 891, 897–98 (9th Cir.1994) (holding evidence of employer's sexual harassment of female employees other than the plaintiff and evidence of disparaging remarks about women in general were relevant to determine motive).

In the matter of Donaldson v. Lensbouer the plaintiffs intended to call co-workers who would testify that several other female employees made complaints of sexual harassment about Lensbouer in addition to the plaintiffs. Defendant moved to preclude the testimony arguing that its probative value was substantially outweighed by the prejudice to the jury. Plaintiffs argued that the evidence supported their burden of demonstrating a hostile work environment and relevant to establishing that Lensbouer's behavior was sufficiently severe and pervasive so as to establish that prong of their burden. The Court agreed with plaintiffs, and in so noting held,

> "Evidence that Plaintiffs and/or their co-workers complained to other employees about Mr. Lensbouer's alleged misconduct is highly relevant in this case. Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. As Plaintiffs argue, evidence that Plaintiffs and/or their co-workers complained to other employees about Mr. Lensbouer's alleged misconduct makes it more likely that Mr. Lensbouer's actions were "severe and pervasive," that they "detrimentally affected" Plaintiffs, and that they "would detrimentally affect a reasonable person of the same sex." Furthermore, this Court rejects Somerset County's contention that the probative value of this relevant evidence is substantially outweighed by the danger of unfair prejudice or misleading the jury. See Fed. R. Evid. 403. As noted above, the evidence Plaintiffs seek to introduce is highly relevant to several elements of their Title VII claims. In addition, the Court does not believe that the testimony presents a substantial risk of unfair prejudice, much less a substantial risk of prejudice that would outweigh the testimony's relevance and probative value."

Donaldson v. Lensbouer, 2017 WL 5634130, at *2 (W.D. Pa. Nov. 21, 2017).

Ms. Barbounis' testimony would have aided the jury in showing that due to the regular and offensive sexual harassment she suffered at the hands of Defendant Roman, she felt compelled to protect herself because she knew Defendant Roman's sexual harassment was prevalent. The failure to permit this evidence constitutes a prejudicial error and, as such, a new trial is warranted under Fed. R. Civ. P. 59(a).

## IV.    CONCLUSION

For these reasons, Plaintiff's Motion for New Trial should be granted. A Proposed Order is filed herewith. Plaintiff requests oral argument on this motion.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Erica Shikunov*
ERICA SHIKUNOV, ESQUIRE
*Attorneys for Plaintiff*

Dated: August 26, 2021

**<u>Certificate of Service</u>**

I hereby certify that on this 26th day of August 2021, Plaintiff's Motion for a New Trial

was filed with the Clerk of Court using the CM/ECF system, which will send notification of the

filing to counsel of record as follows:

CLARK HILL P.C.
Jakob Williams, Esq.
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, Pa 19103
Jfwilliams@clarkhill.com
(215)-640-8500
*The Middle East Forum, Daniel Pipes, and Gregg Roman*


CLARK HILL P.C.
Molly DiBianca
824 N. Market Street, Suite 710
Wilmington, DE 19801
Telephone: (302) 250-4748
mdibianca@clarkhill.com
*The Middle East Forum, Daniel Pipes, and Gregg Roman*

**DEREK SMITH LAW GROUP, PLLC**

DATED:  <u>August 26, 2021</u>                    BY:<u>*/s/Erica A. Shikunov*</u>
                                    ERICA A. SHIKUNOV, ESQ.