## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARNIE O'BRIEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIDDLE EAST FORUM, | ) |
| DANIEL PIPES (individually), and | ) |
| GREGG ROMAN (individually), | )   C.A. No.  19-06078 JMG |
| | ) |
| Defendants. | ) |
| | ) |
| GREGG ROMAN, | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARNIE O'BRIEN, | ) |
| | ) |
| Counterclaim Defendant, | ) |

## DEFENDANTS' [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiff's

Motion for a New Trial Pursuant to Fed. R. Civ. P. 59, and Defendants' opposition thereto, it is

hereby ORDERED that Plaintiff's Motion is DENIED.

_____

The Honorable John M. Gallagher

263913728.v2

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARNIE O'BRIEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIDDLE EAST FORUM, | ) |
| DANIEL PIPES (individually), and | ) |
| GREGG ROMAN (individually), | )   C.A. No.  19-06078 JMG |
| | ) |
| Defendants. | ) |
| | ) |
| GREGG ROMAN, | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARNIE O'BRIEN, | ) |
| | ) |
| Counterclaim Defendant, | ) |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 59 FOR A NEW TRIAL

### INTRODUCTION

Defendants submit this Memorandum of Law in Opposition to Plaintiff's Motion for a New Trial Pursuant to Fed. R. Civ. P. 59.  This case was tried before a jury which delivered its verdict on August 6, 2021.  The jury found that Plaintiff was not subject to a hostile work environment and that Defendant Gregg Roman did not prove his abuse-of-process counterclaim. Plaintiff now seeks to disturb this verdict by resurrecting issues already argued repeatedly to and resolved by the Court.

I.      **Argument**

"It is well settled that Rule 59 is not a vehicle for relitigating old issues. . . ." *Sequa Corp.*

*v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *Exxon Shipping Co. v. Baker*, 554 U.S. 471 n.5

(2008).  Instead, the rule is designed to allow for a party to challenge a judgement based on

errors of law, or verdicts against the clear weight of the evidence.

Each of the three issues raised by Plaintiff in her Motion are old issues, which Plaintiff

and Defendants have already litigated extensively prior to reaching the verdict.  Plaintiff's first

point regarding the *Ellerth-Faragher* defense was extensively litigated at the summary judgment

stage, pre-trial motions, the pretrial conference, and again at trial when the parties worked

through jury instructions with the Court's assistance.  Second, the abuse of process counterclaim

was likewise litigated extensively through the course of this case.  Third, with respect to the

Court's preclusion of references to Ms. Barbounis allegedly wielding a knife, Plaintiff provided a

fulsome argument on the point in her responses to Defendants' motions in limine and at the pre-

trial conference.  Each of these arguments Plaintiff offers are old issues clearly, conclusively and

correctly decided by the Court, which she now seeks to relitigate through a new trial.  For this

reason alone, Plaintiff should be denied a second bite of the apple and her motion should be

denied.

Even if these were not old issues, Plaintiff still cannot seek a new trial.  A new trial is

only appropriate when record shows that the verdict was a miscarriage of justice or shocks the

conscience.  *Williamson v. Con. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1993).  Absent a

showing of such substantial injustice or prejudicial error, a new trial is not warranted.

*Montgomery Cty. v. Microvote Corp.*, 2001 WL 722150 at *8 (E.D. Pa. June 25, 2001).  No such

miscarriage of justice is present here.

A.    *Ellerth Faragher*

Plaintiff argues that Defendants were not entitled to the use of the *Ellerth-Faragher* defense at trial, and the Court improperly instructed the jury by failing to direct the jury to consider whether Mr. Roman was a proxy for The Middle East Forum. This argument misses the mark. At trial, Plaintiff was provided with multiple opportunities, in motion practice, in proposed jury instructions, and at oral argument before the Court, to convince the Court to adopt her novel reading of the case law and issue a proxy instruction. After hearing argument and reviewing the briefing and the case law, the Court correctly determined that the Third Circuit model instruction on the *Faragher-Ellerth* defense incorporated Plaintiff's proxy argument and was the proper instruction to give to the jury. Plaintiff's motion for a new trial does not, and cannot, explain how the Court's decision to provide the jury with the Third Circuit's model instruction caused prejudicial error necessitating a new trial.

In her motion for a new trial, Plaintiff again ignores, as she did during her multiple arguments before the court, that the Third Circuit has not adopted her proxy theory as a basis to cut off a defendant's use of the *Ellerth-Faragher* defense. Plaintiff first raised this issue in her response to Defendant's motion for summary judgment, arguing that Defendants should be precluded from raising the affirmative defense at trial because Defendant Roman was a proxy. *See* Doc. No. 81-1 at pp. 4-6. The Court rejected this argument and allowed the affirmative defense to be presented to the jury. *See* Doc. No. 93.

Plaintiff raised her proxy theory and argued again at the pre-trial conference on July 27, 2020 that Defendants should be barred from presenting an affirmative defense. The Court again rejected her argument based on the fact that it could find no support for such an argument within the Third Circuit. Plaintiff then submitted a motion for reconsideration of the matter in the form of a bench brief on July 28, 2020, in which she conceded that the Third Circuit had not adopted

3

her proxy theory, but argued that because caselaw from other circuits had expressed a willingness to adopt such a theory, Defendants should be barred from use of the affirmative defense.  In the alternative, Plaintiff argued that "if Defendant's [sic] are permitted to proceed with an affirmative defense to which they are not entitled, the jury should, at the very least, receive a proxy-liability instruction, along with instructions regard reasonable fear of futility and reasonable fear of retaliation.  Plaintiff submits this memorandum arguing there is no *Farragher-Ellerth* [sic] defense and requests the right to raise the issue again prior to the jury being charged."  Once more, the Court rejected Plaintiff's argument, explaining, "While some circuits have found that the proxy theory of *respondeat superior* liability precludes a party from offering a Farragher-Ellerth defense, Plaintiffs have not identified conclusive authority demonstrating that this interpretation has been adopted by the Third Circuit Court of Appeals."  *See* Doc. No. 123 at p.4.

Finally, as promised, Plaintiff again raised her proxy argument at the final charging conference on the sixth day of trial.  According to Plaintiff's counsel:

> MS. SHIKUNOV: And we submitted additional case law to Your Honor last night. Faragher and Ellerth which are Supreme Court cases specifically defined the proxy or alter ego theory of liability. This is defined at the Supreme Court level, Your Honor.
>
> And, furthermore, last night we provided you with Third Circuit authority as well as throughout the State of Pennsylvania, or the Commonwealth, I should say, of Pennsylvania that the alter ego or proxy theory of liability is accepted. And the jury should be instructed on that, given the testimony that was elicited throughout the course of the trial.

*See* Tr. Trans. Day 6 at pp. 90-91.  In response, the Court explained that "courts define things all the time but then do not necessarily make them jury instructions or turn them into additional jury instructions," and concluded "I have the cases. I have all the citations.  I had them at the time of pretrial motions.  And I have reviewed those cases. And I invited if there was any further

authority, particularly here in the Third Circuit. And at least to this moment I don't have any."
*Id.* at p. 91.  As such, the Court declined to provide the jury with a novel proxy instruction and reiterated that it would issue the model Third Circuit instruction.  After continuing to argue the point at length, *see id.* at pp. 91-96, Plaintiff finally conceded that "If Your Honor is not inclined to give the proxy liability instruction, then we can accept that in terms of the instruction.  *Id.* at p. 96.

As in her prior arguments and briefing, Plaintiff does not cite any Third Circuit law adopting the proxy liability theory in her motion for a new trial – because no such caselaw exists. Indeed, Plaintiff's suggestion that Defendants should have no affirmative defense because of Mr. Roman's high station in the Middle East Forum runs contrary to the purpose of Title VII and the availability of the affirmative defense itself —to prevent and abate illegal harassment. *Burlington Indus. Inc. v Ellerth*, 524 U.S. 742, 764 (1998).  Accordingly, the *Ellerth Faragher* defense incentivizes employers to take reasonable care to prevent harassment, and to promptly abate such conduct when it occurs.  Adopting an approach that would eliminate the availability of the defense (and thus the incentive for correcting harassment) where no tangible employment action was taken simply because an alleged harasser holds a high station at the employer would be fundamentally contrary to the Third Circuit's interpretation of both Title VII and the *Ellerth Faragher* defense.

### B.   Inclusion of Counterclaim

Plaintiff's second argument for a new trial is likewise without merit.  Plaintiff seeks a new trial because this Court allowed Mr. Roman to present a counterclaim for abuse of process. *Yet plaintiff herself prevailed on this claim.*  D.I. 143.  Plaintiff cannot possibly seek a new trial *on her own affirmative claims against all Defendants* solely because the Court permitted one of the individual defendants to pursue a counterclaim which she successfully defended.  Plaintiff's

5

motion for a new trial on this point is nothing more than a recitation of arguments made at summary judgment and during the pretrial stage and fails to establish *any* reason why defending against the claim was prejudicial and sets forth *no* reason why its inclusion at trial was a substantial error of law.  Plaintiff makes a generalized statement that the claim wasted the courts time[1] and that she was prejudiced, but offers nothing more than this conclusory statement.

Even assuming *arguendo* that Plaintiff is correct (she is not), and the inclusion of the counterclaim was a clear error of law, Plaintiff suffered absolutely no harm because *she successfully defended the claim*.  Without any demonstrable prejudice or harm, Plaintiff has no grounds to request a new trial on her own affirmative claims as a result.

### C.      Preclusion of References to a Knife

Plaintiff's final argument in favor of a new trial relates to this Court's preclusion of a reference to a knife by a non-party witness.  According to Plaintiff and third-party Lisa Barbounis, Ms. Barbounis claimed to have slept with a knife under her pillow while in Israel. Ms. Barbounis, who has her own separate case pending against Defendants, was permitted to testify as a witness in this case in a limited capacity only—her testimony was admitted for the purpose of demonstrating the effect of her allegations upon Plaintiff, who worked as The Forum's human resources manager, in order to bolster Plaintiff's hostile work environment theory.  This Court determined that the risk of unfair prejudice associated with the knife comments by a non-party witness substantially outweighed its probative value under Federal Rule of Evidence 403 ("However, testimony by Lisa Barbounis alleging that, out of fear of

---

[1]      Notably, although the trial in this matter was scheduled for four days of testimony, Plaintiff herself took three-and-a-half days of trial time to present her case.  Defendants, on the other hand, took less than a day to present their defense and their evidence in support of Mr. Roman's counterclaim.

Defendant Roman, she slept with a knife during her trip to Israel in 2018, constitutes unfair prejudice which substantially outweighs any probative value and is therefore inadmissible." (Doc. No. 123 at 9).  Plaintiff argues that it is appropriate in Title VII cases for non-party witnesses to provide accounts of their own harassment, and this is precisely what the Court allowed Plaintiff to do.  In fact, Plaintiff called three other Middle East Forum employees, all with their own separate cases pending against Defendants, to bolster Plaintiff's own hostile work environment claim.

Evidentiary questions under Rule 403 are determined by the trial court and are assessed on an individualized basis.  In order for Plaintiff to demonstrate that this Court's preclusion of the knife testimony requires a new trial, she must show that that the ruling affected a substantial right, and that the ruling likely affected the outcome.  Plaintiff does not explain why the preclusion of the knife testimony from a non-party witness constitutes an error requiring a new trial, especially in light of three witnesses she called to demonstrate a hostile work environment.

II.     **Conclusion**

Plaintiff's motion for a new trial must be denied.  Plaintiff has not shown a manifest error of law in any of the Court's decisions.  Plaintiff merely attempts to relitigate old issues resolved by this Court *ad nauseum* prior to trial.  For these reasons, Defendants request that the Motion for New Trial be denied.

CLARK HILL PLC

*/s/ Jakob Williams*

Jakob Williams, Esq. (PA Bar No. 329359)
Two Commerce Square
2001 Market Street, Ste. 2620
Philadelphia, PA 19103
P: (215) 640-8500
F: (215) 640-8501
E: Jfwilliams@clarkhill.com

*~of counsel~*

Margaret M. DiBianca, Esq. (DE No. 4539)
CLARK HILL PLC
824 N. Market Street, Ste. 710
*Admitted Pro Hac Vice*
Wilmington, DE  19801
P:  (302) 250-4748
F:  (302) 421-9439
mdibianca@clarkhill.com

Dated:     September 9, 2021

*Attorneys for Defendants and Counterclaim*
*Plaintiff Gregg Roman*

8

## CERTIFICATE OF SERVICE

I, Jakob Williams, Esquire, hereby certify that on September 9, 2021, the foregoing

document was served upon the following parties via CMECF Electronic Filing:

Erica A. Shikunov, Esquire
Susan Keesler, Esquire
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
erica@dereksmithlaw.com
susan@dereksmithlawgroup.com

/s/ Jakob Williams
Jakob Williams, Esq.

9