UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARNIE O'BRIEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIDDLE EAST FORUM, | ) |
| DANIEL PIPES (individually), and | ) |
| GREGG ROMAN (individually), | ) C.A. No. 19-06078 JMG |
| | ) |
| Defendants. | ) |
| | ) |
| GREGG ROMAN, | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARNIE O'BRIEN, | ) |
| | ) |
| Counterclaim Defendant, | ) |

**[PROPOSED] ORDER**

AND NOW, this ____ day of _____, 2021, upon consideration of Plaintiff's Bill of Costs and Defendants' Opposition to Plaintiff's Bill of Costs, it is hereby ORDERED that Plaintiff's Bill of Costs be DENIED.

_____
The Honorable John M. Gallagher

264001496.v1

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARNIE O'BRIEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIDDLE EAST FORUM, | ) |
| DANIEL PIPES (individually), and | ) |
| GREGG ROMAN (individually), | ) C.A. No. 19-06078 JMG |
| | ) |
| Defendants. | ) |
| | ) |
| GREGG ROMAN, | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARNIE O'BRIEN, | ) |
| | ) |
| Counterclaim Defendant, | ) |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

Defendants Middle East Forum, Daniel Pipes, and Gregg Roman, by and through their undersigned counsel, respond in opposition to Plaintiff Marnie O'Brien's Bill of Costs as follows:

**I.     INTRODUCTION**

Defendants object in part to Plaintiff's Bill of Costs because Plaintiff did not prevail on her Title VII and PHRA claims. Instead, Plaintiff was successful only in defending the abuse-of-process counterclaim brought by Mr. Roman (the "Counterclaim"). Thus, Plaintiff's costs must have been incurred as part of her defense against the Counterclaim and only taxed against Mr. Roman.

## II.  ARGUMENT

Costs may be awarded to the prevailing party at trial.  Conversely, costs may not be assessed by a party who did not prevail at trial.  Because Defendants successfully defended Plaintiff's Title VII and PHRA claims, Plaintiff is not entitled to recover costs for these claims.  If Plaintiff is entitled to recover costs, it is only to the extent those costs relate to her successful defense of the Counterclaim.  However, Plaintiff apparently believes that despite losing the principle claims in this case, she is entitled to a full taxation of costs. Though Plaintiff has submitted a revised bill of costs, her submission still seeks inappropriate costs.

### A.  Transcript Fees

Plaintiff includes in her Bill of Costs the costs for every single deposition –8 in all—that were taken in this case.  Only three (3) witnesses were ever asked about the subject matter of the Counterclaim—Marnie O'Brien, Mr. Roman, and Matthew Ebert.  None of the other five (5) witnesses, Daniel Pipes, Mark Fink, Delaney Yonchek, Caitriona Brady, or Matthew Bennett were asked any questions relating to the Counterclaim.  These witnesses were only relevant to Plaintiff's Title VII and PHRA claims, upon which Plaintiff did not prevail.  Plaintiff failed to identify the number of transcript pages, number of questions, or length of time those few questions took.

For these reasons, Plaintiff is not permitted to recover any transcript costs for Daniel Pipes, Mark Fink, Delaney Yonchek, or Caitriona Brady, reducing the Bill of Costs by $3,983.48.  Plaintiff also cannot seek costs for depositions of Ms. O'Brien, Mr. Roman, or Mr. Ebert because she did not provide any way that an appropriate percentage of those costs could be allocated to the Counterclaim.  At most, a few minutes were spent deposing Mr. Roman about the Counterclaim.  All costs of these three depositions should be removed from the Bill of Costs

but, at worst, the costs should be reduced to no more than 5% of the full value of the costs in light of the fact that a tiny fraction of this case was spent on the Counterclaim.

### B.     Printing

Plaintiff argued in opposition to Defendants' Bill of Costs that Defendants failed to demonstrate the purpose for which printing was conducted.  This is wholly inaccurate, as Defendants' exhibit for printing provides a narrative for what was printed.  Plaintiff, however, again engages in the very conduct about which she claims to protest.

The exhibit provided by Plaintiff for printing fees is a single FedEx receipt, which provides no indication of what documents were printed.  Nor does Plaintiff, unlike Defendants, distinguish between costs necessary and those incurred for the convenience of counsel. Accordingly, Plaintiff's costs for printing should be denied in their entirety, or in the alternative, the Court should require Plaintiff to furnish an itemization of what printed materials were used for the convenience of counsel.  Plaintiff's Bill of Costs should be reduced by $1,265.25 for printing accordingly.

### C.     Witness Fees

Only a prevailing party may recover witness costs.  Plaintiff only prevailed on the Counterclaim and is therefore not entitled to witness fees unrelated to that claim. Nevertheless, Plaintiff includes Patricia McNulty, Lisa Barbounis, and Caitriona Brady as relevant witnesses. *None* of these witnesses were relevant in defending against the Counterclaim.  None of them were deposed about the Counterclaim and none of them testified at trial about the Counterclaim. For this reason alone, Plaintiff cannot recover for these witness fees.  Plaintiff's Bill of Costs should be reduced for witness fees by $490.40 in this category.

### III.  CONCLUSION

Plaintiff cannot recover costs for claims upon which Defendants prevailed. Plaintiff's Bill of Costs is replete with costs associated with the Title VII and PHRA claims she lost and should be reduced accordingly.

CLARK HILL PLC

*/s/ Jakob Williams*
Jakob Williams, Esq. (PA Bar No. 329359)
Two Commerce Square
2001 Market Street, Ste. 2620
Philadelphia, PA 19103
P: (215) 640-8500
F: (215) 640-8501
E: Jfwilliams@clarkhill.com

*~of counsel~*

Margaret M. DiBianca, Esq. (DE No. 4539)
CLARK HILL PLC
824 N. Market Street, Ste. 710
*Admitted Pro Hac Vice*
Wilmington, DE  19801
P:  (302) 250-4748
F:  (302) 421-9439
mdibianca@clarkhill.com

Dated:   September 9, 2021                *Attorneys for Defendants and Counterclaim Plaintiff Gregg Roman*

4

## CERTIFICATE OF SERVICE

I, Jakob Williams, Esquire, hereby certify that on September 9, 2021, the foregoing document was served upon the following parties via CMECF Electronic Filing:

Erica A. Shikunov, Esquire
Susan Keesler, Esquire
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
erica@dereksmithlaw.com
susan@dereksmithlawgroup.com

*/s/ Jakob Williams*
Jakob Williams, Esq.